Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>      Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC; and JOHN DOES 1-5,<br><br>      Defendants. | **CONSTABLE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:23-cv-00772<br><br>District Judge: Ann Marie McIff Allen<br><br>Magistrate Judge: Daphne A. Oberg |

Defendants Rob Kolkman and Constable Kolkman LLC ("Kolkman") (collectively, "Constable Defendants"), by and through counsel, respectfully submit this Opposition to Plaintiff's Motion for Partial Summary Judgment.[1]

---

[1] Constable Defendants note for the Court that a near-identical Motion is pending in a case in the Utah District Court, Case No. 2:23-cv-00420-TS (*Young v. Rob Kolkman, et al.*), in which counsel for Plaintiff is also representing the plaintiff in that matter. That matter is before Judge Stewart and Magistrate Judge Romero.

4891-5137-8119.v1

## INTRODUCTION

Plaintiff's Motion fails to address the primary question in this case: whether the Constable Defendants are subject to the Fair Debt Collection Practices Act (FDCPA). Without first explaining *how* the FDCPA applies to the Constable Defendants, Plaintiff jumps into *why* she believes they have violated it. Constable Defendants have not because they are exempt as a matter of law. Plaintiff's Motion therefore fails, and Constable Defendants respectfully request that the Court deny it in its entirety.

## RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

In responding to Plaintiff's Undisputed Material Facts, the same shall be referred to herein as, "PSOF:"

1.      Sometime prior to August 31, 2020, Mountain America Credit Union assigned a past due consumer debt to NAR Inc., to collect.

**Response**:  Undisputed, but immaterial.  Constable Defendants are without personal knowledge as to PSOF No. 1.

2.      That past due debt was for a personal credit card issued to someone other than Plaintiff (unknown debtor) for personal, family, or household purposes.

**Response**:  Undisputed, but immaterial.  Constable Defendants are without personal knowledge as to PSOF No. 2.

3.      To collect the past due debt, NAR Inc., hired Olson Shaner who commenced a lawsuit on or around August 31, 2020.

**Response**:  Undisputed, but immaterial.  Constable Defendants are without personal knowledge as to PSOF No. 3.

4.       Shortly thereafter, Olson Shaner obtained a default judgment against the unknown debtor in the amount of $5,969.78.

**Response**:  Undisputed, but immaterial.  Constable Defendants are without personal knowledge as to PSOF No. 4.

5.       After it obtained the judgment, Olson Shaner obtained a Writ of Execution which augmented the amount of the debt to $6,148.81.

**Response**:  Undisputed, but immaterial.  Constable Defendants are without personal knowledge as to PSOF No. 5.

6.       Olson Shaner then provided the Writ of Execution to Rob Kolkman, and Constable Kolkman LLC (constable Defendants or Defendants) to collect from the Plaintiff.

**Response**:  Disputed, but immaterial.  Constable Defendants receive writs of execution which they *execute*, as per the order of the court, and do not "collect," to the extent that term is used to imply that they are debt collectors, which they are not.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

7.       Various debt collection lawyers and debt collectors, such as, Olson Shaner, The Cherrington Firm, Mountain Land Collections, LeBaron and Jensen, and NAR Inc., regularly place debts with the constable Defendants to collect on their behalf.

**Response**:  Disputed, but immaterial.  The purported fact that nonparties purportedly "regularly place" writs of execution with Constable Defendants for individuals other than Plaintiff is irrelevant to this underlying matter and therefore immaterial.  *See Powell v.*

4891-5137-8119.v1

*Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997) ("[T]he Court should consider the debt collector's noncompliance *as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance*) (emphasis added) (citations omitted).  Furthermore, Constable Defendants receive writs of execution which they *execute*, as per the order of the court, and do not "collect," to the extent that term is used to imply that they are debt collectors, which they are not.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants do not execute writs "on behalf" of any purported "debt collection lawyers," but rather, serve exclusively as agents for "the court authorizing or directing" them.  *See* 2024 Utah Laws Ch. 158 (H.B. 300) (Utah Code § 17-25-1 amendment).  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

8.      The principal purpose of the constable Defendants is the collection of debts.

**Response**:  Disputed, but immaterial.  The purported evidence cited by Plaintiff is inadmissible hearsay or otherwise does not support this PSOF No. 8.  Constable Defendants' principal purpose is not the "collection of debts."  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Furthermore, Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA, and therefore, the purported fact of whether or not the "principal purpose" is "collection of debts" (it is not), is immaterial.  (*See* Argument Sections I-II, below.)

9.      Defendants regularly collect debts on behalf of others.

**Response**:  Disputed, but immaterial.  The purported evidence cited by Plaintiff is

inadmissible hearsay or otherwise does not support this PSOF No. 9. The purported fact that Constable Defendants allegedly "regularly" execute writs of execution for individuals other than Plaintiff is irrelevant to this underlying matter and therefore immaterial. *See Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997) ("[T]he Court should consider the debt collector's noncompliance *as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance*) (emphasis added) (citations omitted). Constable Defendants receive writs of execution which they *execute*, as per the order of the court, and do not "collect," to the extent that term is used to imply that they are debt collectors, which they are not. (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.) Constable Defendants do not execute writs "on behalf" of anyone but "the court authorizing or directing" them, as its agents. *See* 2024 Utah Laws Ch. 158 (H.B. 300) (Utah Code § 17-25-1 amendment). Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA. (*See* Argument Sections I-II, below.)

10.     On or about August 16, 2023, the constable Defendants mailed Plaintiff a collection letter that threatened to seize and sell Plaintiff's personal property if she did not pay them for the debt.

**Response**: Disputed, but immaterial. Constable Defendants *executed* the underlying Writ of Execution, they did not "threaten" to do anything outside of execution of the underlying Writ of Execution. (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.) Furthermore, no communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not.

(*Id.*)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

11.     On or about August 21, 2023 the constable Defendants mailed Plaintiff another collection letter threatening to seize and sell her personal property if she did not pay them for the debt.

> **Response**:  Disputed, but immaterial.  Constable Defendants *executed* the underlying Writ of Execution, they did not "threaten" to do anything outside of execution of the underlying Writ of Execution.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Furthermore, no communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not. (*Id.*)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

12.     In their August 21, 2023 collection letter, Defendants demanded payment front [*sic*] the Plaintiff in the amount of $6,408.04 even though the judgment amount was only $6,148.81.

> **Response**:  Disputed, but immaterial.  The purported evidence cited by Plaintiff does not support this PSOF No. 12.  Constable Defendants included fees as permitted under Utah law.  Utah Code § 17-22-2.5[2] permits fees including: (1) $50 "for … executing an … order for the delivery of personal property" (*Id.* at (2)(d)); (2) "$2.50 for each mile" up to "100 miles" for service (*Id.* at (5)(a)(i)); (3) $15 for "advertising property for sale on

---

[2] Utah Code § 17-25-2 states that a constable "may for their own use collect as compensation in civil matters the same fees as those specified for sheriffs in Section 17-22-2.5."

4891-5137-8119.v1

execution" as well as for "postponing" or "canceling a sale of property" (*Id.* at (2)(f) and (k)); and (4) 2% of the first $1,000 of the judgment amount and 1.5% for the remaining balance of the judgment amount (*Id.* at (2)(m)).  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Furthermore, no communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not.  (*Id.*)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

13.    In their August 21, 2023 collection letter, the Defendants added a $50.00 service fee, $26.00 mileage fee, an $97.23 commission, a $60.00 notices fee, and an additional mileage to post fee of $26.00 (bogus sale fees) even though none of those additional amounts were authorized by the court, permitted by law, or earned by the Defendants.

**Response**:  Disputed, but immaterial.  The purported evidence cited by Plaintiff does not support this PSOF No. 13.  Further, this PSOF No. 13 contains conclusions of law which are not properly stated as purported "material fact[s]" as required under Rule 56 of the Federal Rules of Civil Procedure.  Constable Defendants included fees as permitted under Utah law.  Utah Code § 17-22-2.5[3] permits fees including: (1) $50 "for … executing an … order for the delivery of personal property" (*Id.* at (2)(d)); (2) "$2.50 for each mile" up to "100 miles" for service (*Id.* at (5)(a)(i)); (3) $15 for "advertising property for sale on execution" as well as for "postponing" or "canceling a sale of property" (*Id.* at (2)(f) and (k)); and (4) 2% of the first $1,000 of the judgment amount and 1.5% for the remaining

---

[3] Utah Code § 17-25-2 states that a constable "may for their own use collect as compensation in civil matters the same fees as those specified for sheriffs in Section 17-22-2.5."

balance of the judgment amount (*Id.* at (2)(m)).  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Furthermore, no communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not.  (*Id.*)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

14.     On or about September 15, 2023, the constable Defendants mailed Plaintiff a "Notice of Sale" collection letter.

> **Response**:  Disputed, but immaterial.  The purported evidence cited by Plaintiff does not support this PSOF No. 14.  No communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

15.     Defendants stated in their "Notice of Sale" collection letter that a sale would be held on October 6, 2023 in Plaintiff's home at 15:50 if Plaintiff did not make a payment or arrangements to cancel the sale.

> **Response**:  Disputed, but immaterial.  The purported evidence cited by Plaintiff does not support this PSOF No. 15.  No communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

16.     Defendants stated in their "Notice of Sale" collection letter that "Sale fees may have been added to the total judgment" even though no such fees were ever actually added, authorized, or incurred.

> **Response**:  Disputed, but immaterial.  The purported evidence cited by Plaintiff does not support this PSOF No. 16.  No communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not. (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

17.     The constable Defendants never carried out their threat to seize and sell Plaintiff's property.

> **Response**:  Disputed, but immaterial.  Constable Defendants *executed* the underlying Writ of Execution, they did not "threaten" to do anything outside of execution of the underlying Writ of Execution.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

18.     Although they regularly threaten to do so, the constable Defendants never execute writs of execution or hold execution sales when they collect debts on behalf of others.

> **Response**:  Disputed, but immaterial.  The purported fact that Constable Defendants execute writs of execution received for any individual other than Plaintiff is irrelevant to this underlying matter and therefore immaterial.  *See Powel*, 975 F. Supp. at 1039, *supra.* Furthermore, Constable Defendants receive writs of execution which they do *execute*, as

4891-5137-8119.v1

per the order of the court.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants do not "collect debts," to the extent that term is used to imply that they are debt collectors, which they are not.  (*Id.*)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)  Constable Defendants do not execute writs "on behalf" of anyone but "the court authorizing or directing" them, as its agents.  *See* 2024 Utah Laws Ch. 158 (H.B. 300) (Utah Code § 17-25-1 amendment).

19.    Two of the constable Defendants' collection letters are styled to resemble court filings or other legal process.

**Response**:  Disputed, but immaterial.  No communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

20.    None of the Defendants' collection letters are court filings or other legal process.

**Response**:  Disputed, but immaterial.  No communication was a "collection letter," to the extent that term is used to imply that Constable Defendants are debt collectors, which they are not.  (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)  Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA.  (*See* Argument Sections I-II, below.)

21.    None of the Defendants ever notified Plaintiff that the constables were debt collectors and that any information they obtain would be used to collect the alleged debt.

4891-5137-8119.v1

**Response**: Disputed, but immaterial. Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA. (*See* Argument Sections I-II, below.)

22.    None of the constable Defendants' letters to the Plaintiff contained a notice that Plaintiff had 30 days to dispute the debt.

**Response**: Disputed, but immaterial. Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA. (*See* Argument Sections I-II, below.)

23.    Plaintiff never owed the debt Defendants sought to collect.

**Response**: Disputed, but immaterial. Constable Defendants are without personal knowledge as to PSOF No. 23. Constable Defendants are not "debt collectors" and are therefore exempted from the FDCPA. (*See* Argument Sections I-II, below.)

## STATEMENT OF ADDITIONAL MATERIAL FACTS

1.    Constable Defendants are sworn constables in the State of Utah. (*See* Constable Defendants' Oath of Office, attached hereto as **Exhibit B**.)

2.    As sworn constables of the State of Utah, Constable Defendants have relied on and operated under their interpretation of the law in Utah which provides that constables are not "debt collectors" under the FDCPA. (*See* Declaration of Rob Kolkman, attached hereto as **Exhibit A**.)

3.    Constable Defendants, in executing the underlying Writ of Execution per the order of the Court, and to avoid the hardship that would come to Plaintiff through selling non-exempt personal property, canceled the sale of property to work with Plaintiff so that she could make payments toward the judgment. (*Id.*)

4.      Unbeknownst to the Constable Defendants at the time of their communications with Plaintiff, Plaintiff was purportedly not the correct individual named on the underlying Writ of Execution, which was not Constable Defendants' error, but rather, the judgment creditor's.  (*Id.*)

5.      Upon discovery, Defendants *immediately* ceased execution efforts.  (*Id.*)

6.      At no time did anyone oppose Constable Defendants' conduct of seeking to work out a payment plan on the judgment amount.  (*Id.*)

7.      Constable Defendants employ procedures for avoiding violation of the law as constables, by (but not limited to) reviewing the writs of execution received, and reviewing Utah statutes and rules for execution of writs of execution, so as to ensure compliance to the best of their knowledge as constables of the State of Utah.  (*Id.*)

8.      Based on Constable Defendants' reliance on their interpretation of the law in Utah which provides that constables are not "debt collectors" under the FDCPA, Constable Defendants' procedures were adapted to avoid violating law as constables, not "debt collectors."  (*Id.*)

9.      Constable Defendants did not intentionally violate any law, including the FDCPA.  (*Id.*)

10.     The underlying Writ of Execution states:

TO THE CONSTABLE/SHERIFF IN THE STATE OF UTAH:
            *       *       *
YOU ARE COMMENDED to collect the judgment, with costs, interest, and fees, and to sell enough of Defendant(s) non-exempt personal property including but not limited to: cash, TV's, stereos, electronic equipment, VCR's, office equipment, cameras, works of art, collections, guns, camping equipment, furniture, livestock, machinery, farm equipment, tools and any and all vehicles to satisfy the same.

This shall be your sufficient warrant for so doing.

(*See* Writ of Execution, attached to Motion as Plaintiff's Exhibit 5.)

4891-5137-8119.v1

## ARGUMENT

Plaintiff is not entitled to judgment as a matter of law in her favor.  Summary judgment is "drastic and should be applied with caution[.]"  *Jones v. Nelson*, 4884 F.2d 1165, 1168 (10th Cir. 1973).  Plaintiff carries the initial burden of showing that "there is an absence of evidence to support the non-moving party's case."  *Beletso v. Sherman*, No. 2:12–cv–419, 2014 WL 583345, at *1 (D. Utah Feb. 13, 2014) (unpublished) (citing *Cellotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  She has failed to do so, and in fact, has failed entirely to establish as a matter of law that Constable Defendants are subject to the FDCPA.  The "ultimate burden of persuasion … always remains on the moving party."  *Lambertsen v. Utah Dept. of Corrections*, 922 F. Supp. 533, 535 (D. Utah 1995) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2727 (2d Ed.1983)).

I.    **The Constable Defendants are Officers Excluded from the Definition of "Debt Collector" Under the FDCPA.**

The Constable Defendants are not subject to the FDCPA because they are excluded from the definition of "debt collector."  The term "debt collector" excludes "any *officer* or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]"  15 U.S.C § 1692a(6)(C) (emphasis added).  More specifically, constables, as a matter of law in the State of Utah, are deemed "officers of the state," *i.e.*, endowed "with the authority to conduct official actions on behalf of a court that other private individuals cannot legally perform," and therefore, are "excluded from the definition of 'debt collector' under the FDCPA."  *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1316 (D. Utah 2019) (emphasis added).

13

The Constable Defendants are "officers" of the State of Utah for purposes of the FDCPA and cannot therefore be held liable for the purported violations claimed by Plaintiff in her Motion unless they were not in the performance of their duties. They were, as explained below, and Plaintiff's Motion should be denied.

## II.    The Constable Defendants Were in Performance of their Official Duties.

Since Constable Defendants are officers of the State of Utah, and therefore exempted from the FDCPA as a matter of law, the only way that Plaintiff may prevail in proving purported violations is by showing that Constable Defendants were not acting "in the performance of [their] official duties" in executing the subject Writ of Execution against Plaintiff. *See* 15 U.S.C § 1692a(6)(C). Plaintiff has failed to do so. Constable Defendants were performing their official duties at all times.

"A constable's official duties are defined by the orders and writs issued by a court or a court clerk authorizing the constable's actions." *Sexton*, 372 F. Supp. 3d at 1316. In Utah, "[a] writ of execution is available to seize property in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property or the payment of money." Utah R. Civ. P. 64E(a). The Writ of Execution in this case identified Constable Defendants' duties, which they performed. Specifically, it stated that the Constable Defendants were "to collect the judgment, with costs, interest, and fees" to satisfy the judgment, which included "cash." (*See* Constable Defendants' SOF 10.) This coincides with Rule 64E providing that a writ is available to "seize" property in the judgment debtor's possession or under their control, which necessarily includes cash. That is what Constable Defendants sought to do prior to being informed that Plaintiff was incorrectly identified on the underlying Writ of

14

Execution—at which point Constable Defendants immediately ceased execution efforts. (*Id.* at 5.) In seeking to work out a payment plan, which involved communications with Plaintiff to maintain a civil and amicable relationship, Constable Defendants were not only abiding by the Writ of Execution which ordered them (broadly) to "collect the judgment," which included "cash," but they were doing so in such a way as to not burden Plaintiff more than she presumably already was given her status as a judgment debtor (again, at the time, Constable Defendants were unaware she was incorrectly identified as the judgment debtor).

Importantly, the terms "collect the judgment" and "seize" are undefined in the Writ of Execution, Rule 64E, and in the pertinent statutes and rules pertaining to constables in Utah. In construing undefined statutory language, the object is to effectuate the Congressional or legislative intent. *See State of Colo. v. Idarado Min. Co.*, 916 F.2d 1486, 1494 (10th Cir.1990); *see also Marc Development v. Federal Deposit Ins. Corp.*, 771 F. Supp. 1163, 1165 (D. Utah 1991) (vacated on other grounds). A court, however, is not bound by the plain meaning of the statute if such would thwart the obvious purpose of the statute. (*Id.*) A court must not only look to the language of the statute but the "design of the statute as a whole and its object and policy." *Crandon v. United States*, 494 U.S. 152, 110 S. Ct. 997, 108 L.Ed.2d 132 (1990).

The overall intent of Rule 64E is to obtain the judgment amount from the judgment debtor. *See generally* Utah R. Civ. P. 64E. Whether the property subject to the Writ of Execution, *i.e.*, "cash," was obtained involuntarily through force or voluntarily by Plaintiff willingly making periodic payments, the undisputed fact is that had Plaintiff been the correctly identified judgment debtor, money would have been obtained for satisfaction of the judgment amount—again, Constable Defendants immediately ceased execution efforts upon discovery that Plaintiff was not

4891-5137-8119.v1

the correct judgment debtor, which was the judgment creditor's mistake (Constable Defendants' SOF 4.)  *See*, *e.g.*, *Hill v. Whitlock Oil Services, Inc.*, 450 F.2d 170, 174 (10th Cir. 1971) (ruling that while neither "levy" nor "seize" were defined in the subject statute, the "fact that [judgment creditor] did not go on the land and take actual possession is not pertinent").  There is nothing in Utah law that expressly prohibits a constable from "seizing" personal property, *i.e.*, "cash," or "collecting a judgment," by using a reduced-conflict method of working out a payment plan— which makes sense because it is intended to benefit the judgment debtor and relieve further stress of having personal property sold.

In fact, while not expressly addressing a "payment plan," Rule 69A of the Utah Rules of Civil Procedure provides as the first-listed method of "seizure of property," the "Debtor's Preference."  *See* Utah R. Civ. P. 69A(a).  More specifically, "[w]hen there is more property than necessary to satisfy the amount due, the officer must seize such part of the property *as the defendant may indicate*."  (*Id.*) (emphasis added).  A payment plan rather than having personal property sold is certainly the preferred outcome for a judgment debtor when subjected to a writ of execution.

Further, and even assuming, *arguendo*, the FDCPA applied to Constable Defendants, its underlying purpose is to thwart "abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  Constable Defendants not only followed the Writ of Execution and Utah law, but they did so in a civil manner that falls well short of anything close to "abusive"—trying to help another person when they are already down by working out a payment plan cannot be considered abusive. Even more, Constable Defendants were unaware of the fact that Plaintiff was incorrectly identified as the judgment debtor, which was the judgment creditor's mistake.  (Constable Defendants' SOF

4.)  Upon discovery, Constable Defendants *immediately* ceased collection efforts.  (*Id.* at 5.)  This is a far cry from any purported abusive behavior.

Accordingly, Constable Defendants were performing their official duties at all times, and judgment in Plaintiff's favor is improper as a matter of law.

### III.    The Bona Fide Error Defense Precludes Ruling for Plaintiff as a Matter of Law.

Notwithstanding that Constable Defendants are exempt under the FDCPA, as they are state officials performing their official duties, and in the unlikely event the Court is inclined to rule for Plaintiff to the contrary, Plaintiff's Motion still fails based on Constable Defendants' bona fide error defense.  "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error" (*i.e.*, the bona fide error defense).  15 U.S.C. § 1692k(c).  "[A]n FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite 'the maintenance of procedures reasonably adapted to avoid' the violation."  *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006).  The first prong of the defense is a subjective test of the defendant's intent in violating the FDCPA—*i.e.*, the issue of intent becomes principally a credibility question as to the defendants' subjective intent to violate the FDCPA.  (*Id.* at 728.)  The second and third prongs of the defense involve objective tests.  (*Id.* at 729.)

Importantly, nothing in 15 U.S.C. § 1692k(c) limits the reach of the bona fide error defense to clerical errors and other mistakes not involving the exercise of legal judgment.  In other words, the bona fide error defense applies to mistakes of law, which has been affirmed in the Utah District.

17

*See Johnson v. Riddle*, 305 F.3d 1107, 1124 (10th Cir. 2002) (noting that the bona fide error defense applies to mistakes of law, stating, "the plain language of the FDCPA suggests no intent to limit the bona fide error defense to clerical errors") (citing S. Rep. No. 95–382, at 5.)

For the first prong, Constable Defendants need only show that the purported FDCPA violation was unintentional, not that their actions were unintentional. *See Johnson*, 443 F.3d at 728. It is undisputable that the Constable Defendants did not intend to violate the FDCPA. (*See* Constable Defendants' SOF 9.)

For the second and third prongs, where a case involves a mistake of law, "whether the debt collector's mistake was bona fide will often turn on the debt collector's due diligence practices. As a result, the bona fide prong and the procedures prong will often merge[,]" and therefore, the analysis is "whether [the debt collector's] procedures were reasonable based on the facts of [the] case." *See Johnson*, 443 F.3d at 729. This analysis involves a two-step inquiry: first, whether the debt collector "maintained"—*i.e.*, actually employed or implemented—procedures to avoid errors; and, second, whether the procedures were "reasonably adapted" to avoid the specific error at issue. (*Id.*) (citing 15 U.S.C. § 1692k(c)). Whether the error was bona fide, the error must have been made in good faith; a genuine mistake, as opposed to a contrived mistake. *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 538 (7th Cir. 2005) (citing Black's Law Dictionary 168 (7th ed. 1999)) (defining "bona fide" as "1. Made in good faith; without fraud" and "2. Sincere; genuine").

Constable Defendants, in good faith, employed procedures for ensuring that they did not violate the law as constables. (*See* Constable Defendants' SOF 7.) These procedures included (but are not limited to) reviewing writs of execution received, and reviewing Utah statutes and

rules for execution of writs of execution, so as to ensure compliance to the best of their knowledge as constables of the State of Utah. (*Id.*) Such procedures were based on the good faith belief and understanding that Constable Defendants are "officers" of the State of Utah for purposes of the definition of "debt collector" under the FDCPA,[4] and are therefore exempt from the requirements of the FDCPA. In other words, because Constable Defendants believed (and courts in the District of Utah confirmed)[5] they were not "debt collectors," the procedures they employed were to avoid violations of law as constables, *i.e.*, officers of the State of Utah. They were also based on the good faith interpretation of writs of execution received, as well as Utah law, which neither define "seize" nor "collect the judgment," nor do they expressly prohibit working out payment plans— such payment plans are unopposed by both judgment debtors and judgment creditors. In fact, based on Rule 69A, Constable Defendants are permitted to abide by "debtor preference" to an extent, and payment plans rather than selling personal property is certainly preferred.

Accordingly, while Constable Defendants are not "debt collectors" and were performing their "official duties" as officers for the State of Utah, they are nevertheless shielded in this case by the bona fide error defense which is reasonably based on their mistake of law.

---

[4] *See* Constable Defendants SOF 1, citing oaths of office as state officials.

[5] The *Sexton* case came out prior to Constable Defendants' interactions with Plaintiff in this case (2019), further supporting the understanding that they are not "debt collectors" under the FDCPA.

4891-5137-8119.v1

## CONCLUSION

Based on the foregoing, Constable Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety.

DATED this 12th day of June, 2024.

**KIRTON McCONKIE**

*/s/ David P. Gardner*
Christopher S. Hill
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

4891-5137-8119.v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of June, 2024, a true and correct copy of the

forgoing **CONSTABLE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR**

**PARTIAL SUMMARY JUDGMENT** was served on the following by the method indicated

below:

Eric Stephenson (9779)                 (  ) U.S. Mail, Postage Prepaid
STEPHENSON LAW FIRM                (X) E-filing
250 North Red Cliffs Drive, 4B #254   (  ) Overnight Mail
St. George, UT 84790                    (  ) Facsimile
ericstephenson@utahjustice.com


*/s/ Mary Adamson*_____

4891-5137-8119.v1