Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| ELIZABETH HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC; and JOHN DOES 1-5,<br><br>Defendants. | **DECLARATION OF ROB KOLKMAN**<br><br>Case No. 2:23-cv-00772<br><br>District Judge: Ann Marie McIff Allen<br><br>Magistrate Judge: Daphne A. Oberg |
|---|---|

I, Rob Kolkman, declare and state as follows:

    1.    I am over the age of 21, have personal knowledge of the facts set forth herein, and am otherwise competent to testify about the matters set forth herein.

    2.    I am the owner of Constable Kolkman LLC.

    3.    The principal purpose of Constable Kolkman LLC and my role as constable of the State of Utah is not the collection of debts.

4. I receive writs of execution upon which I execute, as per the order of the court, and I do not collect any debt, as I am not a debt collector.

5. In executing the underlying Writ of Execution in this case, I did not threaten the Plaintiff or do anything outside of executing the Writ of Execution.

6. As part of the fees in this case, the fees included the permitted fees under Utah Code § 17-22-2.5, including: (1) $50 "for … executing an … order for the delivery of personal property" (*Id.* at (2)(d)); (2) "$2.50 for each mile" up to "100 miles" for service (*Id.* at (5)(a)(i)); (3) $15 for "advertising property for sale on execution" as well as for "postponing" or "canceling a sale of property" (*Id.* at (2)(f) and (k)); and (4) 2% of the first $1,000 of the judgment amount and 1.5% for the remaining balance of the judgment amount (*Id.* at (2)(m)).

7. I did not send any collection letters because I am not a debt collector.

8. I am a sworn constable of the State of Utah.

9. As a sworn constable of the State of Utah, I have relied on and operated under my interpretation of the law in Utah which to my knowledge provides that constables are not debt collectors under the FDCPA.

10. In executing the underlying Writ of Execution per the order of the Court, and to avoid the hardship that would come to Plaintiff through selling non-exempt personal property, I canceled the sale of property to work with Plaintiff so that she could make payments toward the judgment.

11. Unbeknownst to me at the time of our communications with Plaintiff, Plaintiff was purportedly not the correct individual named on the underlying Writ of Execution, which was not our error, but rather, the judgment creditor's.

12. Upon discovery, we immediately ceased execution efforts.

13. At no time did anyone oppose our conduct of seeking to work out a payment plan on the judgment amount.

14. I employ procedures for avoiding violation of the law as a constable, by (but not limited to) reviewing the writs of execution received, and reviewing Utah statutes and rules for execution of writs of execution, so as to ensure compliance to the best of my knowledge as a constable of the State of Utah.

15. Based on my reliance on my interpretation of the law in Utah which provides that constables are not "debt collectors" under the FDCPA, my procedures were adapted to avoid violating law as constables, not a "debt collector."

16. I did not intentionally violate any law, including the FDCPA.

I declare under criminal penalty of the State of Utah that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 12th day of June, 2024, State of Utah.

*/s/ Rob Kolkman*
Rob Kolkman (with permission via email)