UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN, LLC; and JOHN DOES 1–5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL COMPLIANCE WITH SUBPOENAS**<br>**(DOC. NOS. 16 & 21)**<br><br>Case No. 2:23-cv-00772<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Elizabeth Hernandez brought this case against Defendants Rob Kolkman and Constable Kolkman LLC, alleging violations of the Fair Debt Collection Practices Act[1] ("FDCPA") and the Utah Consumer Sales Practices Act,[2] and bringing common law fraud and civil rights claims.[3] Ms. Hernandez's central allegation is that Defendants wrongfully attempted to collect from her a debt owed by a different person with the same name.[4] Defendants dispute Ms. Hernandez's claims on several grounds, including arguing they do not qualify as "debt collectors" under the FDCPA.[5]

---

[1] 15 U.S.C. § 1692 *et seq.*

[2] Utah Code § 13-11-1 *et seq.*

[3] (Compl. ¶ 1, Doc. No. 2.)

[4] (*See id.* ¶¶ 15–88.)

[5] (*See* Answer ¶¶ 12, 90–96, Doc. No. 5.)

Ms. Hernandez has filed two motions to compel compliance with largely identical subpoenas served on nonparties The Cherrington Firm, PLLC, Olson Associates, P.C., and Mountain Land Collections, LLC (collectively, the "Collection Firms").[6] Cherrington and Olson filed a unified opposition to Ms. Hernandez's first motion to compel,[7] and Mountain Land filed an opposition to the second motion to compel.[8] For the reasons explained below, the motions to compel are granted in part and denied in part.[9]

## BACKGROUND

With her subpoenas, Ms. Hernandez seeks documents relating to debt collection efforts undertaken by the Collection Firms with Defendants' participation. Specifically, Ms. Hernandez seeks all writs of execution the Collection Firms provided to Defendants, all records from property sales Defendants held on behalf of the Collection Firms, any agreements and training materials exchanged between Defendants and the Collection Firms, and a spreadsheet of all payments Defendants obtained from judgment debtors on behalf of the Collection Firms (including the debtors' names, case numbers, dates,

---

[6] (See Mot. to Compel ("Mot. to Compel Cherrington/Olson"), Doc. No. 16; Mot. to Compel ("Mot. to Compel Mountain Land"), Doc. No. 21.)

[7] (See Non-Parties The Cherrington Firm, PLLC and Olson Assocs., P.C.'s Mem. Opposing Pl.'s Mot. to Compel Compliance with Subpoena ("Cherrington/Olson Opp'n"), Doc. No. 26.)

[8] (See Non-Party Mountain Land Collections LLC's Opp'n to Pl.'s Mot. to Compel ("Mountain Land Opp'n"), Doc. No. 25.)

[9] Oral argument is unnecessary; the motions are decided based on the parties' written briefing. See DUCivR 7-1(g).

and payment amounts).[10] Ms. Hernandez primarily argues these documents are relevant to whether Defendants are debt collectors under the FDCPA.[11] Ms. Hernandez also contends the documents are relevant to disproving several of Defendants' affirmative defenses, including their bona-fide error defenses, their defenses that they did not use any false, deceptive, or misleading representation or means in connection with the collection of any debt or use any unfair or unconscionable means to collect or attempt to collect any debt, and their governmental immunity defenses.[12]

The Collection Firms assert they should not be required to comply with the subpoenas because (1) the subpoenas seek irrelevant documents and are unduly burdensome; (2) Ms. Hernandez's counsel seeks the documents for use in other cases; (3) the documents are more appropriately sought from the named defendants; (4) the subpoenas violate Rule 45's geographical limitations; (5) the FDCPA bars disclosure of

---

[10] (*See* Ex. 1 to Mot. to Compel Cherrington/Olson, Subpoena Duces Tecum ("Cherrington Subpoena"), Doc. No. 16-1; Ex. 3 to Mot. to Compel Cherrington/Olson, Subpoena Duces Tecum ("Olson Subpoena"), Doc. No. 16-3; Ex. 1 to Mot. to Compel Mountain Land, Subpoena Duces Tecum ("Mountain Land Subpoena"), Doc. No. 21-1 (collectively, "Collection Firm Subpoenas").) Ms. Hernandez also seeks documents exchanged between Defendants and Olson pertaining to the collection case against Elizabeth Hernandez. (*See* Olson Subpoena ¶¶ 6–7, Doc. No. 16-3.)

[11] (*See* Mot. to Compel Cherrington/Olson 4–5, Doc. No. 16; Mot. to Compel Mountain Land 2–4, Doc. No. 21); *see also* 15 U.S.C. § 1692a(6) (providing, among other things, a "debt collector" is any person whose principal business is to collect debt or who regularly collects debt for others).

[12] (Mot. to Compel Cherrington/Olson 5–6, Doc. No. 16; Mot. to Compel Mountain Land 7, Doc. No. 21.)

some of the information; and (6) the subpoenas improperly require the Collection Firms to create documents.[13]

## LEGAL STANDARDS

Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court must enforce this duty.[14] Additionally, subpoenas must fall within the scope of discovery under Rule 26, meaning the information sought must be "relevant to any party's claim or defense and proportional to the needs of the case."[15]

## ANALYSIS

For the most part, the documents Ms. Hernandez seeks are relevant to the claims and defenses asserted in this action and proportional to the needs of this case. However, Ms. Hernandez does not explain why specific, identifying information about other debtors is relevant, and compliance with the subpoenas would improperly require

---

[13] (*See* Cherrington/Olson Opp'n, Doc. No. 26; Mountain Land Opp'n, Doc. No. 25.) While Cherrington and Olson incorporated by reference all of Mountain Land's arguments, Cherrington and Olson raise additional arguments Mountain Land did not raise. This distinction is noted throughout this order, where applicable.

[14] Fed. R. Civ. P. 45(d)(1).

[15] *See* Fed. R. Civ. P. 26(b)(1); *see also Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) ("[W]hile Rule 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." (second and third alterations in original) (internal quotation marks omitted)).

the Collection Firms to create documents.  Accordingly, Ms. Hernandez's motion is granted in part and denied in part, as explained more fully below.

### I. Information relating to Defendants' general debt collection practices is relevant.

As an initial matter, the Collection Firms' relevance arguments often misconstrue the applicable standard.  First, the Collection Firms argue the documents Ms. Hernandez seeks are irrelevant because they "have no relationship with the Plaintiff."[16] But that is not the applicable standard.  Regardless of whether the documents mention or concern Ms. Hernandez, the question is whether these documents are relevant to "any party's claim or defense."[17]  Second, the Collection Firms contend Ms. Hernandez's counsel is using the subpoenas to obtain information for use in other cases.[18]  Setting aside the speculative nature of this argument, whether Ms.

---

[16] (*See* Cherrington/Olson Opp'n 3, Doc. No. 26; *see also* Mountain Land Opp'n 7, Doc. No. 25 (arguing "action taken by Defendants with respect to any other judgment creditor is irrelevant").)

[17] *See* Fed. R. Civ. P. 26(b)(1) (providing "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

[18] (*See* Mountain Land Opp'n 7, Doc. No. 25 (arguing the subpoenas are an "end-around" to obtaining discovery in a different case where Mountain Land is being sued by a plaintiff represented by Ms. Hernandez's counsel); Cherrington/Olson Opp'n 8–9, Doc. No. 26 (arguing the subpoenas are an "end-run around discovery in other cases, and [Ms. Hernandez's] counsel is seeking the information in order to try to line up other clients").)

Hernandez's counsel might use the documents in other lawsuits is irrelevant. The question, again, is whether the subpoenaed documents are relevant to this action.[19]

Moving to the merits of the relevance arguments, the Collection Firms contend information relating to a debt collector's actions regarding other, unrelated debtors is irrelevant to evaluating damages under the FDCPA.[20] The problem with this argument is that even if general debt collection practices are irrelevant to *damages*, they are relevant to the threshold question of whether Defendants are debt collectors under the FDCPA,[21] which is disputed in this case.[22] Accordingly, discovery concerning Defendants' overall debt collection practices is relevant.

However, Ms. Hernandez also seeks the debtors' names, case numbers, dates, and payment amounts for every payment Defendants obtained on behalf of the

---

[19] *See* Fed. R. Civ. P. 26(b)(1) (providing "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

[20] (*See* Cherrington/Olson Opp'n 4 n.8, Doc. No. 26 (citing, *e.g.*, *Salazar v. Green Square Co., LLC*, No. 1:21-cv-00542, 2022 U.S. Dist. LEXIS 69868, at *26 (D.N.M. Mar. 16, 2022) (unpublished)); Mountain Land Opp'n 7, Doc. No. 25 (citing *Powell v. Comput. Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997)).)

[21] *See, e.g.*, *James v. Wadas*, 724 F.3d 1312, 1318–19 (10th Cir. 2013) (evaluating a defendant's general debt collection practices—including the defendant's participation in collection cases involving other debtors—in determining whether the defendant is a "debt collector" under the FDCPA); (*see also* Mem. Dec and Order Den. Defs.' Mot. for Protective Order and Den. Pl.'s Mot. for Sanctions 6–9, Doc. No. 54 (explaining "regardless of whether general debt collection practices are relevant to damages, they are relevant to the threshold question of whether Defendants are debt collectors under the FDCPA").)

[22] (*See* Answer ¶¶ 12, 90–96, Doc. No. 5 (denying Ms. Hernandez's allegation that Defendants qualify as "debt collectors" under the FDCPA).)

Collection Firms.[23]  Where the dates and number of payments collected may be relevant to Ms. Hernandez's argument that Defendants "regularly" collect debt within the meaning of the FDCPA, the Collection Firms must produce this information.[24]  But Ms. Hernandez does not explain why specific, identifying information about other debtors is relevant.  Accordingly, in responding to request number three, the Collection Firms may redact the debtors' names, case numbers, and payment amounts.[25]

## II.   The Collection Firms have not shown undue burden.

Next, the Collection Firms argue the discovery sought is unduly burdensome and not proportional to the case.[26]  Specifically, the Collection Firms argue that because the

---

[23] (*See* Collection Firm Subpoenas ¶ 3, Doc. Nos. 16-1, 16-3, 21-1 (requesting a spreadsheet containing "every payment [Defendants] obtained from a judgment debtor on your behalf . . . . To be complete, your answer must identify each case name, case number, date of each payment, and amount of each payment.").)

[24] As explained below, the Collection Firms need only produce already-existing spreadsheets in response to request number three—they need not create documents.

[25] These redactions also address the Collection Firms' concern that producing other debtors' information would violate § 1692c(b) of the FDCPA, which prohibits debt collectors from disclosing debt collectors' personal information.  (*See* Mountain Land Opp'n 7–8, Doc. No. 25; Cherrington/Olson Opp'n 9–10, Doc. No. 26); *see also* 15 U.S.C. § 1692c(b) (providing "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer [or other enumerated individuals]").  The remainder of the information Ms. Hernandez seeks regarding individual debtors (i.e., writs of execution and property sale records) is already publicly available.  (*See* Mountain Land Opp'n 7, Doc. No. 25 (acknowledging writs of execution and property sales are public record).)

[26] (Mountain Land Opp'n 4–5, Doc. No. 25; Cherrington/Olson Opp'n 5–8, Doc. No. 26.)

subpoenas seek documents relating to the Collection Firms' interactions with Defendants, Ms. Hernandez should seek the documents directly from Defendants.[27]

First, there is no requirement that a party seek discovery from another party before serving a nonparty subpoena.[28] Second, Ms. Hernandez provides several reasons for seeking this information from the Collection Firms: Defendants have refused to provide the information, it is not clear Defendants even have the information, and Ms. Hernandez seeks to evaluate whether Defendants are improperly withholding information.[29] Notably, the court has already intervened to prevent Defendants from withholding information regarding Defendants' debt collection practices.[30] Given this history, Ms. Hernandez is justified in seeking this information from the Collection Firms.

Moreover, the Collection Firms offer nothing more than speculative assertions regarding the actual cost or burden of production—in fact, Cherrington and Olson note

---

[27] (Mountain Land Opp'n 4–5, Doc. No. 25; Cherrington/Olson Opp'n 5–7, Doc. No. 26.)

[28] *See*, *e.g.*, *Env't Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, No. CV 16-1056, 2019 U.S. Dist. LEXIS 52486, at *9–10 (D.N.M. Mar. 28, 2019) (unpublished) (rejecting argument that party should first seek documents from another party before seeking from a nonparty, noting "there is no absolute rule" prohibiting the practice).

[29] (*See* Reply Mem. in Supp. of Mot. to Compel 5–6, Doc. No. 28) (explaining "Plaintiff is, thus far, unable to procure the information from a source other than Mountain Land Collections and other third parties with similar information"); Reply. Mem. in Supp. of Mot. to Compel 8, Doc. No. 35) (noting the non-party subpoenas "may yield different versions of documents, additional material, or perhaps, significant omissions" (quoting *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 504 (D.N.J. 2021))).)

[30] (*See* Mem. Decision and Order Den. Defs.' Mot. for Protective Order and Den. Pl.'s Mot. for Sanctions 10–11, Doc. No. 54 (noting Defendants' counsel's repeated relevance objections to deposition questions about Defendants' debt collection practices "pushed up against the limits of reasonableness").)

the costs associated with any production are "currently unknown."[31]  Where the Collection Firms have not presented any nonconclusory facts to support an undue burden determination, and Ms. Hernandez is justified in seeking the documents from nonparties, the Collection Firms' undue burden and proportionality arguments fail.[32]

###    III.    Rule 45's geographical limitation and the FDCPA's statute of limitations are both inapplicable.

Despite the fact that the subpoenas at issue request production via email, Cherrington and Olson argue the subpoenas violate Rule 45's geographical limitation.[33] Citing district court cases from other circuits, Cherrington and Olson argue the subpoenas violate the 100-mile limitation even though the Collection Firms need not physically travel to produce the documents.[34]  But district courts within the Tenth Circuit have consistently concluded the 100-mile limitation is inapplicable if the subpoena does

---

[31] (*See* Cherrington/Olson Opp'n 7 n.14, Doc. No. 26.)  The only time any of the Collection Firms provide a specific explanation of the anticipated burden is Olson's speculation that it "would conceivably cost Olson more than $13,000" and take over 660 hours to "obtain and produce" the "more than 8000 writs of execution" it has obtained in since January 2021.  (*See id.* at 6–7.)  But Olson offers no facts to support why it would cost so much or take so much time to produce these documents.  Relatedly, Olson does not explain how it can count the number of writs yet cannot obtain them relatively easily.

[32] *See Black v. Boomsourcing, LLC*, No. 2:22-mc-696, 2023 U.S. Dist. LEXIS 13108, at *7 (D. Utah Jan. 24, 2023) (unpublished) (rejecting subpoenaed nonparty's undue burden argument where the nonparty offered "no support for its contention").

[33] (*See* Cherrington/Olson Opp'n 10 n.19, Doc. No. 26); *see also* Fed. R. Civ. P. 45(c)(2)(A) (providing a subpoena may command production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person").

[34] (Cherrington/Olson Opp'n 10 n.19, Doc. No. 26 (citing *Highground Holdings, LLC v. MMR Constructors, Inc.*, No. 22-148, 2022 U.S. Dist. LEXIS 176897, at *10 (M.D. La. Sep. 29, 2022) (unpublished); *Wane v. Diallo*, No. 8:20-cv-171, 2020 U.S. Dist. LEXIS 264263, at *7 (M.D. Fla. Dec. 14, 2020) (unpublished)).)

not require physical attendance.[35] Cherrington and Olson provide no reason why the court should deviate from the well-established norm within this circuit. Rule 45's 100-mile limitation is inapplicable where the subpoenas only request production by email.

The Collection Firms also contend the FDCPA's one-year statute of limitations renders actions taken more than one year before Ms. Hernandez's complaint irrelevant to the determination of whether Defendants are debt collectors.[36] This is incorrect. Although plaintiffs must file FDCPA claims within a year of the alleged violation,[37] courts regularly evaluate a defendant's conduct over a longer period when determining whether a defendant is a "debt collector."[38] The Collection Firms also fail to acknowledge Ms. Hernandez's assertion that the information may be relevant to her

---

[35] *See, e.g.*, *Black*, 2023 U.S. Dist. LEXIS 13108, at *6–7 (noting electronic production "negat[es] the concerns behind the 100-mile limitation in Rule 45, and mak[es] the prohibition against production inapplicable"); *Curtis v. Progressive N. Ins. Co.*, No. CIV-17-1076, 2018 U.S. Dist. LEXIS 100047, at *5–6 (W.D. Okla. June 13, 2018) (unpublished) (finding no violation of the 100-mile limitation where the subpoena requested electronic production); *Frick v. Henry Indus., Inc.*, No. 13-2490, 2016 U.S. Dist. LEXIS 164562, at *9 (D. Kan. Nov. 29, 2016) (unpublished) ("[C]ourts in this district have repeatedly acknowledged that where a subpoena does not require attendance of any witnesses, but only production of documents, there is no violation of the 100-mile limitation of Rule 45."); *Premier Election Sols., Inc. v. Systest Labs Inc.*, No. 09-cv-1822, 2009 U.S. Dist. LEXIS 94193, at *8–9 (D. Colo. Sept. 22, 2009) (unpublished) (collecting cases in support of holding that Rule 45's 100-mile limitation is inapplicable where the subpoena does not require physical attendance).

[36] (*See* Mountain Lands Opp'n 6, Doc. No. 25; *see also* Collection Firm Subpoenas, Doc. Nos. 16-1, 16-3, 21-1 (requesting documents spanning a five-year timeline).)

[37] *See* 15 U.S.C. § 1692k(d).

[38] *See, e.g.*, *James*, 724 F.3d at 1318–19 (evaluating a defendant's conduct "over the span of one decade" in determining whether the defendant is a "debt collector" under the FDCPA).

non-FDCPA claims, which are not subject to the FDCPA's one-year statute of limitations.[39]

### IV. Ms. Hernandez cannot require the Collection Firms to create documents.

The Collection Firms also object specifically to request number three, which seeks a "complete searchable and sortable spreadsheet containing each and every payment constable Kolkman obtained from a judgment debtor on your behalf."[40] The Collection Firms contend this inappropriately requires them to "create" documents.[41] Ms. Hernandez admits this request is "likely more burdensome than the others," but contends the Collection Firms can easily obtain the information by "searching and filtering" documents they already have.[42] But a subpoena request cannot require a responding nonparty to create spreadsheets that do not already exist.[43] Accordingly,

---

[39] (*See* Mot. to Compel Mountain Land 1–4, Doc. No. 21 (explaining how the information sought is relevant to other claims and defenses); Reply Mem. in Supp. of Mot. to Compel 7, Doc. No. 28 ("The same information is also relevant to Plaintiff's [Utah Consumer Sales Practices Act], fraud, and civil rights violation claim[s]. Each of those claims have longer statute[s] of limitation[] than the time frame requested and the defenses to those claims are refuted by the information sought.").)

[40] (*See* Collection Firm Subpoenas ¶ 3, Doc. Nos. 16-1, 16-3, 21-1.)

[41] (Mountain Land Opp'n 5–6, Doc. No. 25; Cherrington/Olson Opp'n 7–8, Doc. No. 26.)

[42] (Reply Mem. in Supp. of Mot. to Compel 5, Doc. No. 35.)

[43] *See, e.g.*, *In re Lerblance*, No. CIV-23-47, 2024 U.S. Dist. LEXIS 116407, at *9–10 (E.D. Okla. July 2, 2024) (unpublished) (denying motion to compel information "in searchable electronic spreadsheet form," because it is "well-settled" that a discovery request cannot require a party to create a nonexistent document, even if "it might be possible for [the responding party] to run queries to compile and extract the requested information [] in one or a few reports"); *see also Insituform Techs. v. Cat Contracting*, 168 F.R.D. 630, 643 (N.D. Ill. 1996) (noting Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist").

the Collection Firms do not need to create any spreadsheets in responding to request number three. To be clear, if the Collection Firms do have any responsive spreadsheets in their possession or control, they must produce them—but they need not create spreadsheets that do not already exist.[44]

## CONCLUSION

Because most of the discovery Ms. Hernandez seeks is relevant and proper, Ms. Hernandez's motions to compel[45] are both granted in part and denied in part. The Collection Firms are ordered to produce the documents requested in the subpoenas, but (1) the Collection Firms may redact the debtors' names, case numbers, and payment amounts when responding to request number three, and (2) the Collection Firms need not create documents (including spreadsheets) that do not already exist.

DATED this 7th day of October, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[44] As explained above, the Collection Firms may redact the debtors' names, case numbers, and payment amounts from responsive spreadsheets.

[45] (Doc. Nos. 16, 21.)