IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:23-cv-00772<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

## BACKGROUND

Plaintiff Elizabeth Hernandez brings this matter pursuant to the Fair Debt Collection Practices Act ("FDCPA") and 42 U.S.C. § 1983, asserting Defendants Rob Kolkman and Constable Kolkman LLC ("the LLC") violated the FDCPA and § 1983 while attempting to collect money from her for a debt that she did not owe.[1] Ms. Hernandez also alleges state causes of action for fraud and violations of the Utah Consumer Sales Practices Act.[2] The matter is presently before the Court on Defendants' Motion for Partial Summary Judgment ("Motion").[3] Mr. Kolkman and the LLC argue they are entitled to judgment as a matter of law on Ms. Hernandez's FDCPA claim because they are not "debt collectors" as defined in the FDCPA or, alternatively, that Ms. Hernandez cannot overcome their bona-fide-error defense. For the reasons set forth below, the Court will deny the Motion.

---

[1] *See* Compl. at 4, 13–16, 21–23, ECF No. 2.
[2] *Id.* at 16–21.
[3] ECF No. 46.

**FACTS**

The Court begins with the facts that are undisputed, subject to the clarifications in the footnotes. Mr. Kolkman is a sworn constable serving the City of Ogden, Utah.[4] Over the last three years, Mr. Kolkman and the LLC have "delivered" over 1,300 writs of execution.[5] Nonetheless, Mr. Kolkman and the LLC have not executed[6] on any of those writs by taking money or personal property, nor have they sold any personal property pursuant to execution of a writ.[7] Nor have they publicly posted any notice of an execution sale for personal property in the last three years.[8] Nonetheless, "Defendants have collected over 494 payments from debtors"

---

[4] ECF No. 46 at 2; ECF No. 49 at 2.
[5] ECF No. 49 at 7; ECF No. 53 at 5. Defendants cite *Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997), to suggest their conduct with other individuals is irrelevant. Defendants must take greater care in future arguments before the Court. *Powell* dealt with a provision of the FDCPA requiring courts to consider "the frequency and persistence of noncompliance by the debt collector" when "determining the amount of damages to award." *Id.* *Powell* is thus unhelpful here because Defendants ask the Court to determine whether they acted as debt collectors in the first instance, a circumstance not addressed in *Powell*.
[6] Mr. Kolkman's Declaration refers to "executing the underlying Writ of Execution in this case," but he does not point to any evidence in the record that he took money or property, let alone sold property, as commanded by the Writ. ECF No. 46, Ex. B; *see* ECF No. 53, Ex. F. The word "executing" appears conclusory rather than descriptive. Such conclusions should be avoided in future filings. *See infra* Part I.b.3. To the extent Mr. Kolkman means "serving" the writ, the Motion does not raise the FDCPA exclusion for serving legal process, thus service does not appear to be material here. *See* 15 U.S.C. § 1692a(6)(D) (excluding from the definition of "debt collector . . . any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt").
[7] ECF No. 49 at 3, 7–8; ECF No. 53 at 5–7. While Defendants indicate some of these facts are "disputed" they offer no facts to the contrary. A fact is only "disputed" for purposes of Rule 56 by pointing to contrary evidence in the record. *See* Fed. R. Civ. P. 56(c)(1). Defendants have not pointed to any evidence in the record that they seized any money or property pursuant to any writ of execution. On the other hand, there appears to be a dispute as to whether Defendants served a writ of execution on Ms. Hernandez, though it is unclear whether this is limited to a clarification that her husband was served rather than Ms. Hernandez herself. *See* ECF No. 49 at 7; ECF No. 53 at 3 & Ex. F.
[8] *See* ECF No. 53 at 6–7.

over those same three years.[9] As to Ms. Hernandez, Mr. Kolkman and the LLC "never publicly posted a written notice of a sale of [her] property."[10] Further, it is undisputed that Defendants sent at least three letters to Ms. Hernandez related to a purported debt in excess of $6,000 and an associated writ of execution.[11] There is no dispute that Ms. Hernandez never owed the alleged debt.[12]

Next, the Court turns to facts that are disputed, or at least contrary to other undisputed facts in the record. Mr. Kolkman filed a declaration asserting, in part, that the "principal purpose of . . . [his] role as constable of the State of Utah is not the collection of debts" and, while he executes writs issued by courts, he "do[es] not collect any debt, as [he is] not a debt collector."[13]

Turning next to Mr. Kolkman's deposition, his testimony indicates he and the LLC employ two part-time deputies, and the LLC has a part-time, non-deputy, employee.[14] Mr. Kolkman also testifies the LLC: pays him money, sends letters, accepts payments related to "executions," serves writs of execution.[15] Mr. Kolkman indicates his duties and responsibilities to the LLC include "keep[ing] an eye on the daily activity . . . tak[ing] care of the books [and] payroll . . . research[ing] some of the executions . . . observing any property [the LLC] may be

---

[9] *See id.* at 7–8.
[10] *See id* at 4.
[11] *See id.* at 9. These facts are set forth more clearly in the briefing addressing Ms. Hernandez's Motion for Summary Judgement. *See* ECF No. 42, Ex. 5–7, ECF No. 45 at 5–6, 8.
[12] ECF No. 53 at 9.
[13] ECF No. 46, Ex. B. The conclusion in Mr. Kolkman's declaration appears contrary to the undisputed facts indicating Mr. Kolkman and the LLC send letters regarding outstanding debts and collect payments from debtors. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").
[14] Kolkman Dep. 15:4–17:1 (Apr. 22, 2024).
[15] *Id.* at 18:8–9, 23:18–24:1, 34:2–35:24.

looking at and hav[ing] conversations with the employees on where we're going on different writs."[16] Beyond this, the record appears incomplete as to all the details of Mr. Kolkman and the LLC's activities, perhaps owing to the fact Mr. Kolkman's deposition was terminated prematurely and resumed only after briefing was complete on the Motion.[17]

## ANALYSIS

Mr. Kolkman and the LLC are not entitled to summary judgment because there are disputes of material fact, which are exacerbated by an incomplete record. The Court must grant summary judgment when "the movant shows there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that initial burden has been met the non-moving party must demonstrate the existence of specific material facts in dispute to survive summary judgment. *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013). In resolving a motion for summary judgment, the Court views "the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008) (citation omitted). Despite this deference, the nonmoving party must nevertheless "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v.*

---

[16] *Id.* at 11:9–25.
[17] *See id.* at 38:22–46:1; ECF No. 58 (indicating Mr. Kolkman's deposition had been continued to October 30, 2024).

*Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.1999)). "The mere existence of a scintilla of evidence in support" of the nonmoving party's case is insufficient. *Anderson*, 477 U.S. at 252. With these standards in mind, the Court turns to Mr. Kolkman and the LLC's arguments. They assert: (1) they are excluded from the definition of "debt collector" under the FDCPA; and (2) they are entitled to summary judgment on their bona-fide-error defense. The Court will address these arguments in the order raised.

### I. Mr. Kolkman and the LLC are not entitled to summary judgment on Ms. Hernandez's FDCPA claim

Mr. Kolkman and the LLC assert, first, that they are entitled to judgment as a matter of law because they are excluded from the definition of "debt collector" under § 1692a(6)(C) of the FDCPA. That provision states "[t]he term [debt collector] does not include . . . any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).

#### a. Defendants have not provided a factual or legal basis for their assertion that the LLC should be excluded from the definition of debt collector under § 1692a(6)(C)

As to the LLC, this question is easily resolved. There is no evidence in the record that provides a basis for Defendants' assertion that Mr. Kolkman's status as a constable can be extended to the LLC for purposes of the FDCPA exclusion the LLC invokes.[18] Accordingly, the

---

[18] This observation does not preclude the LLC from providing such legal and factual justification in the future. Rather, the LLC's failure merely precludes the Court from granting its Motion on the basis of the cited exclusion.

Motion is denied insofar as it seeks to exclude the LLC from the definition of "debt collector" under the exclusion found at § 1692a(6)(C).

### b. The material facts concerning Mr. Kolkman's status as a debt collector are, at best, disputed based on his declaration

Turning to Mr. Kolkman, it is undisputed that Mr. Kolkman is a constable.[19] And previous decisions from this District have found a constable to be an "officer" for purposes of this exclusion, *see, e.g.*, *Peretto v. Erickson*, No. 1:23-CV-00025, 2024 WL 555140, at *4 (D. Utah Feb. 12, 2024) ("constables are officers of the State under Utah law given that they are appointed, serve a term of office, and exercise public powers"). Yet this does not end the inquiry because the Court must consider to what "extent . . . collecting or attempting to collect any debt is in the performance of [Mr. Kolkman's] official duties." 15 U.S.C. § 1692a(6)(C).

Mr. Kolkman's declaration precludes his request for summary judgment based on the assertion he is not a "debt collector." Mr. Kolkman's declaration states that the "principal purpose of . . . [his] role as constable of the State of Utah is not the collection of debts" and he "do[es] not collect any debt, as [he is] not a debt collector."[20] Mr. Kolkman's assertions create issues under two FDCPA provisions.

---

[19] ECF No. 46 at 2; ECF No. 49 at 2.
[20] ECF No. 46, Ex. B. Additionally, the absence of any evidence that Mr. Kolkman and the LLC have ever seized money or property pursuant to any of the 1,300 writs they have "delivered" further calls into question whether Mr. Kolkman attempts to collect any debt "in the performance of his official duties" <u>as constable</u> in contrast to his duties as owner of the LLC. ECF No. 49 at 3, 7–8; ECF No. 53 at 5–7; *see supra* nn.5–8.

1. *Mr. Kolkman's declaration precludes summary judgment on the basis of the FDCPA's exclusion from the definition of debt collector found in § 1692a(6)(C)*

First, Mr. Kolkman's declaration undermines his assertion that he is excluded from the definition of a "debt collector" pursuant to § 1692a(6)(C). That exclusion applies only "to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). This statutory language was underscored by Judge Parrish in *Sexton*: "An officer of the state is immune from liability under the FDCPA only while collecting a debt in the performance of his or her official duties." *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1316 (D. Utah 2019). Mr. Kolkman's assertions, namely that the primary purpose of his role as constable does not include debt collection and that he "do[es] not collect any debt," if accepted by the Court, would appear to exclude him from the statutory requirements of the exclusion he asserts. His assertions cast doubt about whether his role as constable requires him to collect debts; it is at least not the "primary purpose" of that role. The record is fairly limited in that it fails to identify what Mr. Kolkman did pursuant to his official duties and what he did that might have strayed beyond those duties. Accordingly, the Court denies summary judgment on this point because the facts are–at best for Mr. Kolkman–disputed.

2. *To the extent Mr. Kolkman asserts he is not a debt collector as defined by § 1692a(6), there is a dispute of material fact*

Next, to the extent Mr. Kolkman' relies on his declaration to avoid falling within the FDCPA's definition of debt collector in the first instance, the facts are in dispute. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another." 15 U.S.C. § 1692a(6). Ms. Hernandez disputes the assertion that Mr. Kolkman does not regularly collect debt. Ms. Hernandez offers evidence that Mr. Kolkman regularly attempts to collect debts and attempted to collect debt from her, including by mailing letters.[21] This factual dispute precludes the Court from granting summary judgment on the basis that Mr. Kolkman does not ever act as a "debt collector" as that term is defined by § 1692a(6).

### 3. Any future submissions to the Court must clearly delineate facts from characterizations and legal conclusions

Finally, Mr. Kolkman's declaration highlights a larger problem with Defendants' approach: they do not address the underlying facts at issue. The declaration (and the summary-judgment briefing) largely deals in terms of conclusions or characterizations rather than factual propositions. For example, Mr. Kolkman's Declaration refers to "executing the underlying Writ of Execution in this case" but he does not point to any evidence in the record that he took money or property, let alone sold property, as commanded by the writ.[22] It is somewhat unclear what he means by "executing" but apparently it is something other than complying with the mandate of the writ. Similarly, his declaration indicates he "canceled the sale of property to work with Plaintiff,"[23] but it is undisputed that Mr. Kolkman and the LLC "never publicly posted a written notice of a sale of Plaintiff's property."[24] Defendants do not explain how they cancelled a sale they never advertised. As this case progresses, it will be helpful for both parties to focus first on the facts in the record, rather than characterizations or legal conclusions lacking factual support.

---

[21] *See, e.g.*, ECF No. 49 at 2, 7; Kolkman Dep. 34:20–35:17 (Apr. 22, 2024), ECF No. 32.
[22] ECF No. 46, Ex. B; *see* ECF No. 53, Ex. F.
[23] ECF No. 46, Ex. B.
[24] *See* ECF No. 53 at 4.

II. **Mr. Kolkman and the LLC have not shown they are entitled to judgement on their bona-fide-error defense**

The Court denies Mr. Kolkman and the LLC's Motion insofar as it seeks judgment as a matter of law on the basis of the bona-fide-error defense because a mistake of law does not constitute a bona fide error under FDCPA. The FDCPA sets forth the so-called bona-fide-error defense: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Defendants assert this applies to "mistakes of law [as] has been affirmed in the Utah District."[25] As Ms. Hernandez correctly points out, the cases on which Defendants rely have been overruled to the extent they suggest a mistake of law as to FDCPA requirements can ever constitute a bona fide error. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604–05 (2010) ("We therefore hold that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute.").

Mr. Kolkman and the LLC's arguments all appear to rely on the view that they are constables and, also, that a constable is categorically excluded from the definition of "debt collector" under the FDCPA.[26] As should be evident from: (1) the Court's discussion above, (2) the FDCPA, and (3) prior orders from other judges in this District; this view is incorrect both

---

[25] ECF No. 46 at 9 (citing *Johnson v. Riddle*, 305 F.3d 1107, 1111 (10th Cir. 2002); *and Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006).

[26] *See* ECF No. 46 at 10 ("Such procedures were based on the good faith belief and understanding that [Mr. Kolkman and the LLC] are 'officers' of the State of Utah for purposes of the definition of 'debt collector' under the FDCPA[] and are therefore exempt from the requirements of the FDCPA.").

factually and legally. First, there is no evidence in the record that provides a basis for Defendants' assertion that Mr. Kolkman's status as a constable can be extended to the LLC. Second, Mr. Kolkman is not excluded from the definition of "debt collector" under the FDCPA solely by virtue of his status as constable. Rather, as previously mentioned, a constable who is found to be a state officer can be excluded from the definition of "debt collector" under the FDCPA only "to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C); *see, e.g.*, *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1316–18 (D. Utah 2019) (finding "because there is evidence that the constable defendants exceeded their authority under the order of restitution and the writ of execution, they are not entitled to summary judgment under the officer of the state exemption to liability under 15 U.S.C. § 1692a(6)(C)"). In light of this reliance on an incorrect interpretation of what constitutes a debt collector under FDCPA,[27] the Court denies summary judgment.

---

[27] Additionally, the bona-fide-error defense is available only to a "debt collector." *See* 15 U.S.C. § 1692k(c) ("A <u>debt collector</u> may not be held liable in any action brought under this subchapter if the <u>debt collector</u> shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.") (emphasis added). Mr. Kolkman and the LLC appear to deny they are debt collectors, though that factual issue is somewhat murky, as discussed above. *See supra* Part I. Further, Defendants' argument exposes the somewhat contradictory nature of attempting to apply the bona-fide-error defense to excuse a misunderstanding of the FDCPA's definition of debt collector. The bona-fide-error defense is afforded to those debt collectors who mistakenly violate operative provisions of the FDCPA, notwithstanding their adoption of procedures designed to avoid those violations. Mr. Kolkman and the LLC attempt to rely on that provision to allow them to adopt procedures so as not to be defined as, or treated as, debt collectors. This suggestion appears somewhat contradictory and lacks express support in the cited case law.

## ORDER

Based on the foregoing, the Court DENIES Defendants Rob Kolkman and Constable Kolkman LLC's Motion for Partial Summary Judgment (ECF No. 46).

DATED this 25th day of March 2025.   BY THE COURT:

Ann Marie McIff Allen
United States District Judge