## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>     Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC, et al.,<br><br>     Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:23-cv-00772<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

## **BACKGROUND**

Plaintiff Elizabeth Hernandez brings this matter pursuant to the Fair Debt Collection Practices Act ("FDCPA") and 42 U.S.C. § 1983, asserting Defendants Rob Kolkman and Constable Kolkman LLC ("the LLC") violated the FDCPA and § 1983 while attempting to collect money from Plaintiff for a debt that she did not owe.[1]  Plaintiff also alleges state causes of action for fraud and violations of the Utah Consumer Sales Practices Act.[2]  The matter is presently before the Court on Plaintiff's Motion for Partial Summary Judgment ("Motion").[3]  Ms. Hernandez argues she is entitled to judgment as a matter of law on her FDCPA claim.  For the reasons set forth below, the Court will deny the Motion.

---

[1] *See* Compl. at 4, 13–16, 21–23, ECF No. 2.
[2] *Id.* at 16–21.
[3] ECF No. 42.

## **DISCUSSION**

Ms. Hernandez is not entitled to summary judgment because disputes of material fact

remain as to Mr. Kolkman's status as a "debt collector" and, consequently, his FDCPA liability.

Also, while there is no evidence in the record that provides a basis for Defendants' assertion that

Mr. Kolkman's status as a constable can be extended to the LLC for purposes of the FDCPA

exclusion the LLC invokes, Ms. Hernandez has not set forth sufficient factual material to

establish the LLC's liability for an FDCPA violation.

There are disputes of material fact regarding Mr. Kolkman's assertion of the defense that

he is not a "debt collector" under FDCPA.  These disputes are set forth in greater detail in the

Court's contemporaneous Memorandum Decision & Order denying Defendants' Motion for

Partial Summary Judgment (ECF No. 67).  To briefly summarize, there are disputes of fact

related to whether Mr. Kolkman is a "debt collector" as initially defined under the FDCPA and a

lack of clarity about what Mr. Kolkman did as constable versus what he did as a private citizen.

This ambiguity is exacerbated by the premature termination of Mr. Kolkman's deposition, which

resumed only after briefing on this Motion had been completed.[4]

Turning to the LLC, there is no evidence in the record that provides a basis for

Defendants' assertion that Mr. Kolkman's status as a constable can be extended to the LLC for

purposes of the FDCPA exclusion the LLC invokes, as set forth in greater detail in the Court's

contemporaneous Memorandum Decision & Order denying Defendants' Motion for Partial

Summary Judgment (ECF No. 67).  Nonetheless, the Court declines to enter summary judgment

---

[4] *See id.* at 38:22–46:1; ECF No. 58 (indicating Mr. Kolkman's deposition had been continued to October 30, 2024).

against the LLC even in the absence of that defense because Ms. Hernandez does not adequately

distinguish the LLC's actions from those of Mr. Kolkman in his official capacity as a constable.

Most critically for purposes of this Motion, Ms. Hernandez offers evidence "Defendants" sent

her three letters.[5] Although "Defendants" perhaps refers to the LLC, the letters do not appear to

be sent on behalf of the LLC.[6] Moreover, in response to Ms. Hernandez's requests, Defendants

admitted that "Rob Kolkman mailed or caused to be mailed" all three letters.[7] Also, the Motion

does not describe any contact Ms. Hernandez had with Defendants other than these letters.

Accordingly, the record lacks sufficient evidence to show that the LLC committed any specific

FDCPA violation.

### FUTURE SUBMISSIONS TO THE COURT

Finally, the Court warns Ms. Hernandez, as it did Defendants, to focus on the underlying

facts at issue. The "facts" proffered in the summary-judgment briefing largely deal in terms of

conclusions or characterizations rather than factual propositions. Additionally, the briefing tends

to treat Mr. Kolkman and the LLC together, when the defense they raise applies differently to

each of them. For example, in referring to a letter dated August 16, 2023, Ms. Hernandez asserts

"Defendants mailed Plaintiff a collection letter that threatened to seize and sell Plaintiff's

personal property if she did not pay them for a debt."[8] In addition to failing to specify who took

this action, Ms. Hernandez characterizes the letter as a "collection" letter and indicates the letter

"threatened" seizure and sale of property. These characterizations, predictably, drew objection

---

[5] *See* ECF No. 42 at 3–4 & Ex. 5–7.

[6] The only apparent reference to the LLC is on a stamp placed on a copy of the Writ of Execution mailed to Ms. Hernandez with the August 21, 2023 letter. *See* ECF No. 42, Ex. 6 at 2.

[7] ECF No. 42, Ex. 10 at 4.

[8] ECF No. 42 at 3.

and argument from Defendants.  The factual statement is helpful insofar as it indicates a letter

was sent on a particular day.  The letter is then attached as an exhibit, which speaks for itself.

The facts could be improved with specific identification of a sender, and the capacity in which

the sender acted.  The characterizations, however, are unhelpful.  Likewise, Plaintiff proffers as a

fact that "[t]he principal purpose of the constable Defendants is the collection of debts."[9]  This is

a legal conclusion that merely parrots the language of the FDCPA.  15 U.S.C. § 1692a(6)

(defining "debt collector" as "any person who uses any instrumentality of interstate commerce or

the mails in any business the principal purpose of which is the collection of any debts, or who . .

.") (emphasis added).  As this case progresses, it will be helpful for both parties to focus on the

facts in the record, rather than characterizations of those facts or legal conclusions.

### ORDER

Based on the foregoing, the Court DENIES Plaintiff Elizabeth Hernandez's Motion for

Partial Summary Judgment (ECF No. 42).

DATED this 25th day of March 2025.          BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[9] *Id.*