# Exhibit P-10

Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC; and JOHN DOES 1-5,<br><br>Defendants. | **DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSIONS**<br><br>Case No. 2:23-cv-00772-DOA<br><br>District Judge Jill N. Parrish |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Rob Kolkman and Constable Kolkman LLC (collectively, "Defendants"), by and through counsel, hereby submit their Responses to Plaintiff's ("Plaintiff") Requests for Admission (collectively, "Requests," and each individually, a "Request") as follows:

1.  These responses are made solely for purposes of the above captioned action. Each response is given subject to the specific objections set forth below with all objections reserved and subject to interposition at the time of the final hearing.

2.      Discovery is on-going in this matter. As such, Defendants have not completed their investigation or analysis of the facts relating to this action nor has it completed its preparation for trial. Accordingly, the following objections and responses are given without prejudice to Defendants' right to produce, disclose, or use, at some later date, subsequently discovered evidence. Defendants further reserve the right to amend or supplement these objections and responses at any time.

Defendants will respond to each Interrogatory, if at all, based upon their understanding of what is being requested and/or the facial scope of the Interrogatory. Defendants expressly reserve the right to amend their response to any Interrogatory at any time to the extent Defendants' understanding was mistaken.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in Defendants' objections to the below Requests, the following terms have the definitions respectively set forth as follows:

A.      "Vague" and/or "ambiguous" is/are defined to mean: Defendants object on the basis that the Request is not drafted with sufficient precision to enable Defendants to draft a reasonable response.

B.      "Overbroad" is defined to mean: Defendants object on the basis that the Request calls for an expansive potential breadth of information or documents that is unreasonable in scope, parameter and/or time.

C.      "Irrelevant" is defined to mean: Defendants object on the basis that the Request, as written, calls for information or production of documents irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

D. "Duplicative" is defined to mean: Defendants object on the basis that the Request calls for disclosure of information or production of documents that is cumulative or duplicative of other discovery.

E. "Unduly burdensome" is defined to mean: Defendants object on the basis that the Request is so broad and/or uncertain that it creates an unreasonable and undue burden. "Unduly burdensome" is also defined to mean that Defendants object to the Request because the information or documents sought is/are more readily obtainable through other more convenient, less burdensome, and less expensive sources, including public sources or discovery procedures.

F. "Privileged" is defined to mean: Defendants object on the basis that the Request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

G. The phrase "subject to and without waiving their objections," or words having similar effect, is defined to mean: Notwithstanding the fact that Defendants may produce certain information or documents in response to a Request, information or documents sought by the Request that is/are covered by a specific objection may not be disclosed or produced.

H. The phrase "is compound and/or contains multiple parts and/or subparts" is defined to mean: Defendants object to the Request on the basis that it includes many subparts, each representing an individual request for either documents or information, and may render the

3

Request unclear. Defendants reserve the right to count each distinct subpart against any limitation imposed on the number of Requests Plaintiff may serve.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**. Rob Kolkman mailed or caused to be mailed the document attached as Exhibit P-1 to the Plaintiff on or around September 15, 2023.

**RESPONSE**: To the extent "Exhibit P-1" refers to the PDF entitled "001 Notice of Sale," which Defendants received via email from Plaintiff's counsel on March 12, 2024, Defendants admit this Request.

**REQUEST NO. 2**. Rob Kolkman mailed or caused to be mailed the document attached as Exhibit P-2 to the Plaintiff on or around August 16, 2023.

**RESPONSE**: To the extent "Exhibit P-2" refers to the PDF entitled "002 Collection Letter 2023 08 16," which Defendants received via email from Plaintiff's counsel on March 12, 2024, Defendants admit this Request.

**REQUEST NO. 3**. Rob Kolkman delivered or caused to be delivered the document attached as Exhibit P-3 to the Plaintiff on or around August 21, 2023.

**RESPONSE**: To the extent "Exhibit P-3" refers to the PDF entitled "003 Collection Letter 08 21," which Defendants received via email from Plaintiff's counsel on March 12, 2024, Defendants admit this Request.

**REQUEST NO. 4**. When Plaintiff's husband attempted to hand-deliver paperwork to the Defendants, none of the Defendants would review or accept it.

**RESPONSE**: Deny.

4874-1798-2125.v2

**REQUEST NO. 5**.  All of the Defendants' communications with the Plaintiff were for the purpose of collecting the judgment against her.

**RESPONSE**: Deny.

**REQUEST NO. 6**.  None of the Defendants' communications notified the Plaintiff that the Defendants were attempting to collect a debt and that any information obtained will be used for that purpose.

**RESPONSE**: Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Defendants were required to "notif[y] the Plaintiff that the Defendants were attempting to collect a debt and that any information obtained will be used for that purpose," and whether Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Defendants admit that they did not "notify" Plaintiff that they "were attempting to collect a debt and that any information obtained will be used for that purpose."  Defendants deny they are debt collectors, and deny that any such "notice" was required.  Defendants further deny any implication that they were under any obligation to "notify" Plaintiff of the information contained in this Request.  Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 7**.  None of the Defendants' communications contained the notices stated in 15 U.S.C. § 1692g.

**RESPONSE**: Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Defendants' communications were required to contain "notices stated in 15 U.S.C.

5

4874-1798-2125.v2

§ 1692g," and whether Defendants are "debt collectors." Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants admit that their communications did not contain information contained in 15 U.S.C. § 1692g. Defendants deny they are debt collectors, and deny that any such "notices" were required. Defendants further deny any implication that they were under any obligation to "notify" Plaintiff of the information contained in this Request. Defendants deny the remaining parts of this Request.

**REQUEST NO. 8**. None of the Defendants ever publicly advertised a sale of Plaintiff's personal property.

**RESPONSE**: Defendants object to this Request because it is vague as to "publicly advertised." Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants admit that a sale of Plaintiff's property was not advertised prior to the cessation of writ execution efforts.

**REQUEST NO. 9**. None of the Defendants ever held a sale of Plaintiff's personal property.

**RESPONSE**: Admit.

**REQUEST NO. 10**. Plaintiff never owed the alleged debt.

**RESPONSE**: Defendants admit that they were informed that Plaintiff had been misidentified as the judgment debtor on the underlying Writ of Execution. Defendants lack knowledge concerning the remaining parts of this Request and can neither admit nor deny.

6

**REQUEST NO. 11**. Olson Shaner provided a Writ of Execution to the constable Defendants to collect the alleged debt.

**RESPONSE**: Defendants admit that they were given the underlying Writ of Execution by Olson Shaner, which was issued by the court. Defendants deny any implication of this Request that an agency relationship therefore existed between Defendants and Olson Shaner, as Defendants were authorized through the court to execute the Writ of Execution.

**REQUEST NO. 12**. From January 1, 2020 to the present date, Rob Kolkman mailed or caused to be mailed at least one hundred letters to various judgment debtors.

**RESPONSE**: Defendants object to this Request on the grounds that it purportedly requests that Defendants admit to information that is irrelevant to this matter, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Defendants against Plaintiff under claims based on the Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Fraud, and the Civil Rights Act. The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under those claims. Further, Defendants object to this Request on the grounds that it purportedly requests that Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants admit that they sent letters to Plaintiff.

4874-1798-2125.v2

**REQUEST NO. 13**.  From January 1, 2020 to the present date, Rob Kolkman mailed or caused to be mailed at least 100 letters to various consumers that included a Notice of Sale similar to the one he sent to Plaintiff.

**RESPONSE**: Defendants object to this Request because it is vague as to "consumers." Further, Defendants object to this Request on the grounds that it purportedly requests that Defendants admit to information that is irrelevant to this matter, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Defendants against Plaintiff under claims based on the Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Fraud, and the Civil Rights Act.  The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under those claims.  Further, Defendants object to this Request on the grounds that it purportedly requests that Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants.  Subject to and without waiving the foregoing objections, Defendants respond as follows:

==Defendants admit that they sent a Notice of Sale to Plaintiff.==

**REQUEST NO. 14**.  Defendants regularly mail Notices of Sale similar to the one at issue in this case to other debtors.

**RESPONSE**:  Defendants object to this Request on the grounds that it purportedly requests that Defendants admit to information that is irrelevant to this matter, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff

8

alleges purported violative conduct by the Defendants against Plaintiff under claims based on the Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Fraud, and the Civil Rights Act. The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under those claims. Further, Defendants object to this Request on the grounds that it purportedly requests that Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants admit that they sent a Notice of Sale to Plaintiff.

**REQUEST NO. 15**. Defendants regularly collect or attempt to collect debts on behalf of others.

**RESPONSE**: Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 16**. Defendants regularly accept payments from debtors for debts owed to others.

**RESPONSE**: Defendants object to this Request on the grounds that it purportedly requests that Defendants admit to information that is irrelevant to this matter, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure. Plaintiff

9

4874-1798-2125.v2

alleges purported violative conduct by the Defendants against Plaintiff under claims based on the Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Fraud, and the Civil Rights Act. The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove her case-in-chief under those claims. Further, Defendants object to this Request on the grounds that it purportedly requests that Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants deny that they accepted any payment from Plaintiff. Defendants deny the remaining parts of this Request.

DATED this 3rd day of May, 2024.

> KIRTON McCONKIE
>
> */s/ Zachary C. Lindley*
> Christopher S. Hill
> David P. Gardner
> Zachary C. Lindley
> *Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

4874-1798-2125.v2