# Exhibit P-13

Chad S. Pehrson (12622)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, UT 84101
Telephone: (801) 994-4646
Fax: (801) 758-7436
cpehrson@kba.law

David A. Grassi, Jr. (admitted pro hac vice)
Chad V. Echols (admitted pro hac vice)
**Frost Echols, LLC**
224 Oakland Avenue
Rock Hill, SC 29730
Phone: (803) 329-8970
Email: david.grassi@frostechols.com
    chad.echols@frostechols.com

*Attorneys for Defendant Mountain Land Collections*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN LAND COLLECTIONS, *et al.*,<br><br>Defendants. | **DEFENDANT MOUNTAIN LAND COLLECTIONS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES,**<br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>Judge: Ted Stewart |

TO: ERIC STEPHENSON, COUNSEL FOR PLAINTIFF:

Defendant Mountain Land Collections ("MLC" or "Defendant") responds to Plaintiff's First Set of Interrogatories, and Requests for Production as follows:

**PRELIMIN ARY STATEMENT**

(A)    The following responses are based upon information presently available to MLC

1

that it believes to be correct. Said responses are made without prejudice to MLC's right to utilize subsequently discovered facts.

(B) No incidental or implied admission of fact by MLC is made by the responses below. The only admissions are expressed admissions. The fact that MLC has answered any interrogatory herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that MLC has answered part or all of any interrogatory is not intended to and shall not be construed to be a waiver by MLC of all or part of any objection by MLC to the admissibility of evidence at trial or the relevance of the response.

(C) The responses to Plaintiff's First Set of Interrogatories may be supplemented by MLC's further investigation and acquisition of information which it does not either possess or recall at this time. However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

(D) MLC states that, notwithstanding any of the "definition" or preliminary "instructions" contained within Plaintiff's First Set of Interrogatories, MLC will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

(E) As to any of the "definitions" which precede Plaintiff's Frist Set of Interrogatories and which seek information or documents which include trial preparation and/or privileged materials or communications, MLC objects.

(F) The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

(G) The word usage and sentencing structure may be that of the attorney assisting in

the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H) The objections asserted by MLC below are asserted in good faith, based upon counsel's evaluation of MLC's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, MLC, through counsel, offers and stands ready to confer with Plaintiff in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning MLC's objections.

(I) The above-stated preliminary statement is incorporated in each of the responses set forth below.

### MLC'S GENERAL OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

MLC objects to Plaintiff's Second Set of Interrogatories to the extent they seek information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. MLC objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. MLC construes these First Set of Interrogatories to exclude documents, information and communications exchanged with counsel in this and other litigation.

MLC objects to Plaintiff's Second Set of Interrogatories as many terms utilized are without definition and are capable of numerous interpretations. To the extent these Second Set of Interrogatories would have MLC speculate at its detriment as to the definition of said terms, MLC cannot properly respond.

Subject to, and without waiving the above and foregoing objections, MLC provides the following responses to Plaintiff's Second Set of Interrogatories:

## MLC' RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

21. The total number of Writs of Execution you provided to the constable Defendants during the relevant time period stated above.

**RESPONSE:** Between January 1, 2022 and present, MLC placed 1,316 Writs of Execution with constable Defendants for service.

22. The total number of individual payments the constable Defendants remitted to you during the relevant time period stated above.

**RESPONSE:** Between January 1, 2022 and present, MLC received 494 individual payments from constable Defendants.

23. The total number of times during the relevant time period state above the constable Defendants held a public sale to exercise the Writs of Execution you provided to them.

**RESPONSE:** MLC objects to this request on the grounds to the extent it suggests MLC has the ability to dictate how constable Defendants perform their obligations with respect to serving Writs of Execution and seeking to satisfy Writs of Execution, as such authority is granted to constable Defendants by the State of Utah, its counties, and its courts, as well as the Writs of Execution themselves.

Subject to and without waiving this objection or MLC's general objections, MLC states it does not have the ability to control how constable Defendants perform their obligations with respect to serving Writs of Execution and seeking to satisfy Writs of Execution. MLC does not have any knowledge regarding public sales held by constable Defendants except to the extent such information was provided to MLC by constable Defendants. MLC has not been provided any information stating a public sale was held with respect to any Writ of Execution placed by MLC from January 1, 2022 to present.

4

24. Identify and explain the details of how you acquired the alleged debt. For your answer to be complete, you must include the details of the amounts you paid to the original creditor to obtain the alleged debt.

**RESPONSE: MLC objects to this request on the grounds that it is vague such that MLC cannot reasonably respond. More specifically, Plaintiff's Second Set of Interrogatories does not define the term "alleged debt" and Plaintiff's Second Amended Complaint uses the term "alleged debts" because the amounts owed to MLC via the judgment entered in favor of MLC and against Plaintiff consisted of multiple obligations. It is unclear which underlying obligation this request is referring to. Moreover, if and to the extent Plaintiff contends MLC should respond to this request with respect to each underlying obligation, then this request is impermissible as it exceeds the maximum number of interrogatories a party is permitted to serve. MLC also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and seeks information irrelevant to the issues to be determined in this litigation. More specifically, Plaintiff complains of actions taken to execute a writ of execution regarding a state court judgment, for which MLC is undeniably the judgment creditor. *See, e.g., Adams v. Davies*, 156 P.2d 207, 211 (Utah 1945) ("Under the merger doctrine the cause of action changes in nature when reduced to judgment; ceases to exist as an independent liability, and is transferred into obligations created by the judgment thereon.") (citation omitted).**

**Subject to and without waiving these objections or MLC's general objections, each obligation which was included in the underlying state court action was legally assigned to MLC. In exchange, if MLC agreed to pay a percentage of the amounts collected to the original creditor.**

5

Dated: April 15, 2024.                    Respectfully submitted,

**FROST ECHOLS, LLC**

*/s/ David A. Grassi*
David A. Grassi

*Attorneys for Defendant Mountain Land Collections*

## CERTIFICATE OF SERVICE

The undersigned certifies that **Mountain Land Collections' Responses to Plaintiff's First Set of Interrogatories** were served upon all counsel of record on April 15, 2024, by electronic mail addressed as follows:

Erick Stephenson
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, UT 84790
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

Christopher S. Hill
David P. Gardner
Zachary C. Lindley
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, UT 84111
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Michael W. Erickson,
Rob Kolkman, Utah Process, Inc., and Constable Kolkman LLC*

                                                        */s/ David A. Grassi*
                                                        David A. Grassi