# Exhibit P-14

Chad S. Pehrson (12622)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, UT 84101
Telephone: (801) 994-4646
Fax: (801) 758-7436
cpehrson@kba.law

David A. Grassi, Jr. (admitted pro hac vice)
Chad V. Echols (admitted pro hac vice)
**Frost Echols, LLC**
224 Oakland Avenue
Rock Hill, SC 29730
Phone: (803) 329-8970
Email: david.grassi@frostechols.com
            chad.echols@frostechols.com

*Attorneys for Defendant Mountain Land Collections*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN LAND COLLECTIONS, *et al.*,<br><br>Defendants. | **DEFENDANT MOUNTAIN LAND COLLECTIONS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES,**<br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>Judge: Ted Stewart |

TO: ERIC STEPHENSON, COUNSEL FOR PLAINTIFF:

Defendant Mountain Land Collections ("MLC" or "Defendant") responds to Plaintiff's First Set of Interrogatories, and Requests for Production as follows:

**PRELIMIN ARY STATEMENT**

(A)   The following responses are based upon information presently available to MLC

1

that it believes to be correct. Said responses are made without prejudice to MLC's right to utilize subsequently discovered facts.

  (B) No incidental or implied admission of fact by MLC is made by the responses below. The only admissions are expressed admissions. The fact that MLC has answered any interrogatory herein may not properly be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that MLC has answered part or all of any interrogatory is not intended to and shall not be construed to be a waiver by MLC of all or part of any objection by MLC to the admissibility of evidence at trial or the relevance of the response.

  (C) The responses to Plaintiff's First Set of Interrogatories may be supplemented by MLC's further investigation and acquisition of information which it does not either possess or recall at this time. However, any such further supplementation shall be made only in accordance with the Federal Rules of Civil Procedure.

  (D) MLC states that, notwithstanding any of the "definition" or preliminary "instructions" contained within Plaintiff's First Set of Interrogatories, MLC will provide responses which are required pursuant to the Federal Rules of Civil Procedure.

  (E) As to any of the "definitions" which precede Plaintiff's Frist Set of Interrogatories and which seek information or documents which include trial preparation and/or privileged materials or communications, MLC objects.

  (F) The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party, its agents, its representatives and attorneys, unless privileged.

  (G) The word usage and sentencing structure may be that of the attorney assisting in

2

the preparation of the answers and, thus, do not necessarily purport to be the precise language of the existing parties.

(H) The objections asserted by MLC below are asserted in good faith, based upon counsel's evaluation of MLC's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, MLC, through counsel, offers and stands ready to confer with Plaintiff in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning MLC's objections.

(I) The above-stated preliminary statement is incorporated in each of the responses set forth below.

## MLC'S GENERAL OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

MLC objects to Plaintiff's First Set of Interrogatories to the extent they seek information prepared in anticipation of litigation, protected by the work product doctrine and privilege, attorney-client privilege or which information is beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. MLC objects to the release of any information protected by the attorney-client privilege or the attorney work product doctrine. MLC construes these First Set of Interrogatories to exclude documents, information and communications exchanged with counsel in this and other litigation.

MLC objects to Plaintiff's First Set of Interrogatories as many terms utilized are without definition and are capable of numerous interpretations. To the extent these First Set of Interrogatories would have MLC speculate at its detriment as to the definition of said terms, MLC cannot properly respond.

Subject to, and without waiving the above and foregoing objections, MLC provides the following responses to Plaintiff's First Set of Interrogatories:

3

## MLC' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. John Doe Defendant "Cory."

**RESPONSE:** MLC objects to this interrogatory on the grounds it characterizes a non-party as a defendant when no allegations have been asserted against the non-party. Subject to and without waiving this objection or MLC's general objections, MLC responds as follows:

The only "Cory" of which MLC is aware of related in any way to this matter is Corey Revill, who works for one or more of the constable Defendants (or their companies) and who is the primary representative with whom MLC dealt when placing Writs of Execution for service.

2. All of your banking and payment processing service providers you have used in the last three years.

**RESPONSE:** MLS objects to this interrogatory on the grounds that it seeks information irrelevant to the issues to be decided in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or MLC's general objections, MLC responds as follows:

Zions Bank
1220 S. 800 East
Orem, UT 84097

IntelliPay
12884 S. Frontrunner Blvd., Suite 220
Draper, UT 84020

3. All information needed to identify the individual, company, and phone carrier associated with the phone number of 801-313-0760.

**RESPONSE:** MLC does not have information within its possession, custody, or control regarding this phone number.

4

4. The full name and contact information of every person who communicated with the Plaintiff or otherwise participated in collecting the alleged debt.

**RESPONSE:  MLC objects to this request on the grounds that it is unlimited in time and scope.  MLC objects to this request on the grounds that it seeks information irrelevant to the issues to be decided in this lawsuit.  Subject to and without waiving these objections or MLC's general objections, MLC identifies the following individuals, all of whom can be contacted through counsel:**

**Jocelyn Ault (alias Roberts)**

**Audrey Birch (alias Brown)**

**Kerry Adams**

**Matthew Petersen (alias Winchester)**

**Kristofer Christensen (alias Baxter)**

**Kenny Griener (alias Ferguson)**

**Annie Ploeger (alias Edison)**

**Veronica Glaude (alias Marx)**

**Charlotte Hanks (alias Erickson)**

**Eideann Anderson (alias Morgan)**

**Rachael Rees (alias Green)**

**Cathi Menlove**

**Jenna Adam (alias Jones)**

**MLC also believes one or more constable Defendants had conversations with Plaintiff in conjunction with serving and satisfying the Writ of Execution but MLC does not have any information within its possession, custody, or control regarding such conversations.**

5. The details of how the Utah Peace Officers Association was involved in collecting the debt from Plaintiff.

**RESPONSE: MLC is not aware of what involvement, if any, the Utah Peace Officers Association had with respect to Plaintiff or his financial obligation.**

6. The details of all communications between you and the Plaintiff.

**RESPONSE: MLC objects to this interrogatory on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. More specifically, nowhere in Plaintiff's Complaint or Amended Complaint does he refer to any communications between him and MLC, nor does he base any portion of his claim on such communications. Subject to and without waiving these objections or MLC's general objections, MLC directs Plaintiff to the documents being produced in response to Plaintiff's Request for Production of Documents.**

7. The details of all communications between you and the other Defendants that pertain in any way to the Plaintiff or the alleged debt.

**RESPONSE: ==Once the Writ of Execution was obtained, it was provided to the constable's office. MLC regularly provided such Writs to the constable's office for service and attempted satisfaction. Typically, such Writs are provided without any significant discussion between MLC and the constable's office. MLC then received certain amounts toward partial satisfaction of the Writ of Execution and judgment, as shown in the records being produced in response to Plaintiff's Requests for Production.== On March 23, 2023, Jenna Adam emailed and called Corey Revill at the constable's office to instruct the constable's office to recall the Writ of Execution for Plaintiff. The Writ was then returned.**

8. The details of all financial transactions pertaining to the alleged debt.

6

**RESPONSE: MLC does not track any costs and expenses incurred attempting to collect on a financial obligation unless and until a lawsuit is initiated. If a lawsuit is initiated, MLC tracks court costs, expenses, and requested attorney's fees. MLC incurred a $20 expense on or about June 1, 2022, to serve the complaint in the state court action, and a $200 court filing fee on or about June 6, 2022 to file the complaint in the state court action. MLC incurred $50 in court filings fees on or about July 27, 2022, pursuing the Writ of Execution. MLC sought $350 in statutory attorney's fees, as detailed in the state court complaint, and an additional $75 in attorney's fees, as allowed for by Utah R. Civ. P. 73. The constable's office remitted four separate payments for amounts presumably received from Plaintiff towards satisfaction of the judgment. Such payments are detailed in the documents being provided in response to Plaintiff's Requests for Production.**

9. The details of all financial transactions between you and the other Defendants over the last three years.

**RESPONSE: MLC objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. ==MLC regularly places Writs of Execution with the constable's office for service== pursuant to the authority granted constables by the State of Utah, its counties, and its courts. MLC does not and cannot control how constable Defendants perform those duties. The results of such efforts to serve and satisfy other Writs of Execution is wholly irrelevant to the issues to be decided in this lawsuit. To the extent such information is relevant, which MLC denies, the details of each such instance is unduly burdensome when the information could be provided in summary format.**

10. The details of all payments, refunds, redemptions, reimbursements, expenditures,

7

and other transactions involving third party purchases of debtor's personal property at auctions you held or caused to be held in the last three years.

**RESPONSE: None. MLC does not and cannot conduct auctions of debtor's personal property. In instances when MLC obtains a Writ of Execution, it places such Writs with the constable's office for service and attempted satisfaction pursuant to the authority granted constables by the State of Utah, its counties, and its courts. MLC does not and cannot dictate how constable Defendants perform their duties with respect to serving the Writ or seeking to obtain property to satisfy the Writ. ==MLC therefore does not have knowledge of what sales, if any, such individuals conducted to satisfy such Writs.==**

11. The details of all advertising promulgated for each and every constable's sale you have scheduled, held, or otherwise participated in any way in the past three years.

**RESPONSE: None. MLC does not and cannot conduct auctions of debtor's personal property. In instances when MLC obtains a Writ of Execution, it places such Writs with the constable's office for service and attempted satisfaction pursuant to the authority granted constables by the State of Utah, its counties, and its courts. MLC does not and cannot dictate how constable Defendants perform their duties with respect to serving the Writ or seeking to obtain property to satisfy the Writ. ==MLC therefore does not have knowledge of what sales, if any, such individuals conducted to satisfy such Writs.==**

12. A complete list of all cases in which you mailed a letter to the debtor in the last three years that contained a "Notice of Sale" or other language purporting to schedule a sale, remind the debtor that a sale was scheduled, or request a phone call from the debtor. Your answer to this request should identify each and every case by party names, case number, and date of mailing of the "Notice of Sale" or other similar letter.

8

**RESPONSE:** None.

13. A complete list of all cases in which you have conducted a sale, or otherwise had a sale conducted on your behalf, of a debtor's personal property in the last three years. Your answer to this request should identify each and every case by party names, case number, and date each sale was actually held. It should also identify the specific persons who authorized, advertised, and conducted each sale.

**RESPONSE: MLC does not and cannot conduct sales of a debtor's personal property. In instances when MLC obtains a Writ of Execution, it places such Writ with the constable's office for service and attempted satisfaction pursuant to the authority granted constables by the State of Utah, its counties, and its courts. MLC does not and cannot dictate how constable Defendants perform their duties with respect to serving the Writ or seeking to obtain property to satisfy the Writ. MLC therefore does not have knowledge of what sales, if any, such individuals conducted to satisfy such Writs.**

14. The details of all the specific circumstances, legal requirements, and internal criteria you are required to satisfy before you can seize and sell debtors' personal property.

**RESPONSE: MLC does not and cannot seize and sell a debtor's personal property. In instances when MLC obtains a Writ of Execution, it places such Writs with the constable's office for service and attempted satisfaction pursuant to the authority granted constables by the State of Utah, its counties, and its courts. MLC does not and cannot dictate how constable Defendants perform their duties with respect to serving the Writ or seeking to obtain property to satisfy the Writ. MLC therefore does not have knowledge of what criteria such individuals utilize when determining what property of a debtor to seize and sell.**

15. The details of all bona fide errors you contend occurred in this case.

9

**RESPONSE: MLC objects to this interrogatory on the grounds that it is premature. MLC has not yet filed an answer asserting affirmative defenses because it is not yet required to do so. In the even the Court denies MLC's motion to dismiss in whole or in part, MLC will file an answer at that time along with its affirmative defenses. Should MLC elect to assert a bona fide error defense at that time, it will supplement this response to provide the details of such defense.**

16. For each error identified above, identify and describe each and every fact, witness, document, and other evidentiary and legal support for your contention that the identified error was somehow bona fide.

**RESPONSE: MLC objects to this request on the grounds that it is premature. MLC has not yet filed an answer asserting affirmative defenses because it is not yet required to do so. In the even the Court denies MLC's motion to dismiss in whole or in part, MLC will file an answer at that time along with its affirmative defenses. Should MLC elect to assert a bona fide error defense at that time, it will supplement this response to provide the details of such defense. MLC further objects to this interrogatory on the grounds that it prematurely seeks to have MLC marshal all its evidence. MLC further objects to this interrogatory on the grounds that it seeks the mental impressions of counsel which are protected by the attorney-client privilege and/or the work product doctrine.**

17. The details of all policies, procedures, trainings, testing, and compliance programs you have in place to avoid the FDCPA and UCSPA violations alleged in this case.

**RESPONSE: In instances when MLC obtains a Writ of Execution, it places such Writs with the constable's office for service and attempted satisfaction pursuant to the authority granted constables by the State of Utah, its counties, and its courts. MLC does not and**

10

**cannot dictate how constable Defendants perform their duties with respect to serving the Writ or seeking to obtain property to satisfy the Writ. MLC therefore does not have policies, procedures, trainings, testing, or compliance programs in place with respect to the serving or seeking satisfaction of Writs of Execution.**

18. The details of all policies and practices you have with respect to collecting debts, seizing and selling personal property, and communicating with debtors.

**RESPONSE: MLC does not and cannot seize and sell personal property. In instances when MLC obtains a Writ of Execution, it places such Writs with the constable's office for service and attempted satisfaction pursuant to the authority granted constables by the State of Utah, its counties, and its courts. MLC does not and cannot dictate how constable Defendants perform their duties with respect to serving the Writ or seeking to obtain property to satisfy the Writ. MLC therefore does not maintain policies and procedures with respect to seizing or selling personal property. MLC otherwise directs Plaintiff to the documents being produced in response to Plaintiff's Requests for Production.**

19. Identify and describe each and every fact, witness, document, and other evidentiary and legal support for your denials of the Plaintiff's Requests for Admission propounded in this case.

**RESPONSE: MLC objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks to impose obligations on MLC beyond those imposed by the Federal Rules of Civil Procedure. MLC further objects to this interrogatory as an abuse of the discovery process. *See, e.g., Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 1992 WL 394425 (E.D. Pa. Dec. 28, 1992). There, the court said:**

> **Revlon's final argument is that the interrogatory is overburdensome. This Court is inclined to agree. In fact, the interrogatory constitutes an abuse of**

11

>   the discovery process. Republic asserts that it is entitled to information concerning every source Revlon relied on or even referenced in answering the requests for information. The veracity of the admission requests is not a discoverable issue. Republic's arguments concerning a "remedy" for false answers aside, nothing in Rule 36 indicates that a party has an obligation to defend its answers to requests for admissions. Indeed, to do so would interminably clog up the discovery process and moot the purpose of requests for admissions, which is to narrow the issues and decrease the number of matters for which proof is required. Rule 36 specifically states that a party must qualify any answer which denies only part of an RFA, and must make reasonable inquiry before alleging a failure to admit or deny. However, a party has no obligation under Rule 36 to qualify a denial in any way.

*Id.* at *9 (citations omitted).

20.    The details of all facts, witnesses, documents, and other evidentiary and legal materials that support, relate to, or refer in any way to your affirmative defenses.

**RESPONSE:** MLC objects to this interrogatory on the grounds that it is premature. MLC has not yet filed an answer asserting affirmative defenses because it is not yet required to do so. In the even the Court denies MLC's motion to dismiss in whole or in part, MLC will file an answer at that time along with its affirmative defenses. MLC further objects to this interrogatory on the ground that it prematurely seeks to have MLC marshal all its evidence. MLC further objects to this interrogatory on the grounds that it seeks the mental impressions of counsel and/or otherwise seeks information protected by the work product doctrine.

Dated: November 27, 2023.                                Respectfully submitted,

                                                            **FROST ECHOLS, LLC**

                                                            */s/ David A. Grassi*
                                                            David A. Grassi

                                                            *Attorneys for Defendant Mountain Land Collections*

## CERTIFICATE OF SERVICE

The undersigned certifies that **Mountain Land Collections' Responses to Plaintiff's First Set of Interrogatories** were served upon all counsel of record on November 27, 2023, by electronic mail addressed as follows:

Erick Stephenson
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, UT 84790
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

Christopher S. Hill
David P. Gardner
Zachary C. Lindley
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, UT 84111
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Michael W. Erickson,
Rob Kolkman, Utah Process, Inc., and Constable Kolkman LLC*

/s/ David A. Grassi
David A. Grassi