Mark A. Nickel (14082)
Tyler Martin (13551)
Ryan L. Anderson (18670)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W South Temple, Suite 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9989
mnickel@grsm.com
tymartin@grsm.com
rlanderson@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ELIZABETH HERNANDEZ,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB KOLKMAN, CONSTABLE KOLKMAN LLC, et al,**<br><br>Defendants. | **OBJECTIONS TO EVIDENCE IN PLAINTIFF'S REPLY BRIEF**<br><br>Case No. 2:23-cv-00772<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge: Daphne A. Oberg |

Pursuant DUCivR 56-1(d) and FRCP 37, Defendants Rob Kolkman and Constable Kolkman LLC ("Defendants"), by and through undersigned counsel, hereby objects to the new evidence submitted by Plaintiff Elizabeth Hernandez ("Plaintiff") in her Reply in Support of Plaintiff's Motion for Partial Summary Judgement. Acknowledging the failure to establish that the debt central to this matter is a consumer debt subject to the FDCPA, Plaintiff now attempts to redefine the meaning of and effect of the Mountain America Credit Union Initial Disclosure and Cardholder Agreement as Exhibit P-23 and a previously undisclosed Military Status Affidavit as

Exhibit P-24.  Defendants object to and request the Court either exclude or disregard this additional, previously uncited evidence and any arguments derived from it on the grounds that:

    1) Submitting new evidence for the first time in a reply brief is improper. *State v, Lorenzo*, 358 P.3d 330 ("It is well settled that issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court.") *See Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (refusing to consider new information because it was "improper[ly]" submitted in a reply brief).

    2) Exhibit P-24 consists of documents not disclosed to the Defendants during discovery. Establishing that the debt underlying this dispute is subject to the FDCPA is a material element to the case, and therefore any documents or evidence being utilized towards this purpose must either be disclosed or excluded.

    3) Plaintiff may only cite evidence for the first time in a reply if it is to rebut a claim that a material fact is in dispute. DUCivR 56-1(d).  The key verb in this rule is rebut.  Here, Exhibit P-23 is an eight (8) page, small print booklet from Mountain America Credit Union that establishes the terms of the credit vehicle that resulted in the debt at the center of this case's dispute.  Just once in the numerous legal clauses – where precise language is key – was the word 'consumer' even used, and that was as jargon, used generically to encompass every rate offered that is not Prime and reserved for more exclusive financial products.  The Agreement contains no legal device preventing business transactions in any way and contains no terms or even mild suggestions regarding how the person agreeing to the credit terms should utilize it.  Clause 13 indicates Mountain America Credit Union inclusion of a credit method commonly used for small businesses.  Even lending the strongest possible meaning to the one use of the word 'consumer' in the cardholder agreement, Exhibit P-23 does not contain any evidence establishing the type of

transactions that created the debt, thereby rebutting the Defendant's claim that the Plaintiff has failed to establish that the debt is a consumer debt subject to the FDCPA.  Other than Plaintiff's conjecture that a credit union's Initial Disclosure and Cardholder Agreement somehow creates per se 'consumer transactions universally, Exhibit P-23 is not relevant to any rebuttal of the Defendants' claim, should be excluded and any dependent arguments disregarded.  Furthermore, Exhibit P-24, the Military Status Affidavit, serves as evidence that Plaintiff was not an active-duty military member at the time of the initial court case regarding the debt.  Evidence that the Plaintiff is in fact a person with a birthday, and a social security number, cannot possibly be extrapolated to knowledge or evidence of the debt type.  Failing to serve as a rebuttal to the Defendants' claim, Defendants request that Exhibits P-23 and P-24 be excluded by the Court, and their associated arguments and conclusions disregarded.

**DATED** this 29th day of July, 2025.

**Approved as to form:**

                                                    **GORDON REES SCULLY MANSUKHANI, LLP**

                                                    */s/ Ryan L. Anderson*
                                                    Ryan L. Anderson
                                                    Mark A. Nickel
                                                    Tyler Martin
                                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2025, a true and correct copy of the foregoing **OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFF'S REPLY** was filed with the Clerk of the Court using an approved electronic filing system, Green Filing, and was served upon counsel of record for Plaintiff and other Defendant parties.

*/s/ Serita Gomez*