Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>          Plaintiff,<br>vs.<br>ROB KOLKMAN,<br>CONSTABLE KOLKMAN<br>LLC, and JOHN DOES 1-5,<br><br>          Defendants. | **MEMORANDUM IN OPPOSITION TO OBJECTION TO EVIDENCE**<br><br>Case Number: 2:23-cv-00772<br>Judge: Ann Marie McIff Allen<br>Magistrate Judge: Daphne A. Oberg |

Plaintiff respectfully submits this Memorandum in Opposition to Objection to Evidence pursuant to Rule 56 of the Federal Rules of Civil Procedure and DUCivR 56-1.

ARGUMENT

Defendants' objection misstates the purpose of the challenged exhibits and proper application of the governing rules. Rule 56, for example, plainly allows presentation of evidence in a reply memorandum when rebutting or otherwise addressing matters raised in opposition to a motion for summary judgment.[1] Rule 56 also allows this Court to consider "other materials in the record."[2] Our local rule similarly allows the moving party to cite to new evidence to rebut a claim that a material fact is in dispute.[3] If it were otherwise, the non-moving party could submit arguments and evidence in opposition to summary judgment while precluding the moving party from ever addressing or rebutting those arguments—a categorically absurd result. Indeed,

---

[1] Fed. R. Civ. P. 56(c)(1)(A)
[2] Fed. R. Civ. P. 56(c)(3)
[3] DUCivR 56-1(d); *Rico v. Eveland*, No. 2:18-cv-00644-JCB, 2020 U.S. Dist. LEXIS 238666, ¶ 9 (D. Utah Dec. 17, 2020)

Plaintiff was obligated to produce the evidence at issue to avoid the risk of having the Defendants' factually and legally incorrect claims being deemed undisputed.[4]

Defendants are also incorrect about the significance of the evidence Plaintiff presented. The exhibits objected to—Exhibit P-23 (Mountain America Credit Union Cardholder Agreement) and Exhibit P-24 (Military Service Affidavit)—were submitted for the sole purpose of rebutting Defendants' arguments that the alleged debt did not arise from a financial transaction and was not incurred for personal, family, or household purposes.[5] These documents directly refute those arguments and are offered for no other purpose which is exactly what DUCivR 56-1(d) permits.[6] Indeed, where evidence is "submitted in direct response to proof adduced in opposition to a motion" it is not "new."[7]

Defendants argued that the alleged debt "did not arise from a transaction."[8] The Cardholder Agreement proves that to be false. The alleged debt undisputedly originated from a transaction between a consumer named Elizabeth Hernandez and Mountain America Credit Union.[9] Whether Plaintiff was the correct Elizabeth Hernandez or not makes no difference. The FDCPA protects all consumers—including those who do not owe the alleged debt—against abusive, deceptive, or unfair collection practices.[10] Courts have consistently recognized that even wholly innocent individuals like the Plaintiff who are mistakenly targeted by debt collectors are entitled to the Act's protections.[11] Defendants asserted that Plaintiff was obligated to pay the alleged debt. Under a plain language interpretation of the statue Plaintiff is therefore a person "allegedly obligated to pay" and is protected the same as a person who is "obligated" to pay. To

---

[4] Fed. R. Civ. P. 56(e)
[5] Reply Memorandum in Support of Motion for Partial Summary Judgment at 9-15 (ECF No. 84)
[6] *Rico v. Eveland*, No. 2:18-cv-00644-JCB, 2020 U.S. Dist. LEXIS 238666, ¶ 9 (D. Utah Dec. 17, 2020)
[7] *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007)(*citing Rayon-Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. Apr. 16, 2007))
[8] Memorandum in Opposition to Motion for Partial Summary Judgment at 27-28 (ECF No. 80)
[9] Exhibit P-1 State Court Complaint, ¶ 4; Exhibit P-23 Cardholder Agreement
[10] *See* 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f
[11] *See Reid v. LVNV Funding, LLC*, No. 2:14CV471DAK, 2016 U.S. Dist. LEXIS 7233 (D. Utah Jan. 20, 2016)

hold otherwise would render the phrase "or allegedly obligated" superfluous.[12] This principal is grounded on the remedial purpose of the FDCPA and its requirement to construe it liberally favor of the consumer.[13]

It also bears noting that Defendants are precluded from arguing that the alleged debt "did not arise from a transaction"[14] because Defendants' principals NAR Inc., and Olson Shaner expressly alleged that a transaction formed the basis for their lawsuit.[15] Indeed, but for that transaction, this case would not exist.[16]

The evidence at issue also rebuts Defendants' argument that the alleged debt was not for personal, family, or household purposes.[17] Both the Cardholder Agreement and the Military Service Affidavit prove that argument to be false since both documents only apply to consumer obligations.

The Cardholder Agreement, for example, characterizes the alleged debt as a consumer obligation.[18] Advances under the Agreement are referred to as "consumer advances"[19] and it similarly refers to the both the Federal Reserve Regulation Z and Utah Consumer Credit Code as governing.[20] It even devotes two pages to discussing a consumer's billing rights as protected by the Fair Credit Billing Act.[21] Since those statutes and regulations only apply to consumer

---

[12] *Loja v. Main St. Acquisition Corp.,* 906 F.3d 680, 683-84 (7th Cir. 2018)(*citing See, e.g., Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009) (describing the canon against superfluity as "one of the most basic interpretive canons"); *Rubin v. Islamic Rep. of Iran*, 830 F.3d 470, 484 (7th Cir. 2016) (*similar*)
[13] *Clark v. Capital Credit & Collection Servs., Inc*., 460 F.3d 1162 , 1171 (9th Cir. 2006); *See also Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)
[14] Memorandum in Opposition to Motion for Partial Summary Judgment at 27-28 (ECF No. 80)
[15] Exhibit P-1 State Court Complaint ¶ 4 (ECF No. 84-1)
[16] *Id*.; Exhibit P-2 Default Judgment (ECF No. 84-2)
[17] Memorandum in Opposition to Motion for Partial Summary Judgment at 28-30 (ECF No. 80)
[18] *See Hepsen v. Resurgent Capital Servs., LP*, 383 F. App'x 877, 884 n.7 (11th Cir. 2010) (affirming district court's ruling that "debt was a 'consumer' debt because it was related to a . . . credit card in [the debtor's] name, connected to his home address, and not used for business")
[19] Exhibit P-23 Cardholder Agreement ¶ 9
[20] *Id*. at ¶ 12 and pages 7-8
[21] *Id*. at ¶ 20 and pages 7-8

transactions, and expressly exempt business transactions, the purpose of the alleged debt could only be for personal, family, or household purposes.[22]

In their objection, Defendants argue that the Cardholder Agreement only uses the word "consumer" once and "contains no legal device preventing business transactions in any way or even mild suggestions regarding how the person agreeing to the credit terms should utilize it."[23] That argument demonstrates a fundamental misunderstanding of how contracts—particularly standard-form consumer credit agreements—operate. A credit card agreement does not transform into a business instrument merely because it lacks an explicit prohibition on business use. "What matters in the context of an FDCPA claim is the asserted basis for the obligation to pay."[24] Key to that obligation is the relationship between the creditor and the debtor. Thus, courts regularly examine the terms of the credit agreement to evaluate the nature of a transaction.[25]

Here, the Cardholder Agreement expressly states that it is governed by multiple consumer credit statutes and regulations. By its plain terms and context, it is a standard consumer credit agreement. It was issued by a consumer-facing credit union to an individual consumer at her home address, in her personal Social Security number, under her personal date of birth, and it was pursued in litigation as a consumer obligation. Everyone, including the issuer of the alleged debt, Defendants' principals NAR Inc., and Olson Shaner, and even Defendants themselves all treated the alleged debt as a consumer obligation in attempting to collect it. The Cardholder Agreement therefore directly rebuts Defendants' arguments.

The Military Service Affidavit also rebuts Defendants' arguments and proves the alleged debt is a consumer debt since parties are only required to file such an affidavit or declaration in

---

[22] 15 U.S. Code § 1603(1); 12 CFR § 1026.3; Utah Code Ann. § 70C-1-201; Utah Code Ann. § 70C-1-202(2)(a)
[23] Objection at 2
[24] *Beauvoir v. Israel*, 794 F.3d 244, 248 (2d Cir. 2015) (*quotation marks omitted*)
[25] *See Hepsen v. Resurgent Capital Servs., LP*, 383 F. App'x 877, 884 n.7 (11th Cir. 2010) (affirming district court's ruling that "debt was a 'consumer' debt because it was related to a . . . credit card in [the debtor's] name, connected to his home address, and not used for business")

consumer cases.[26] Businesses simply cannot be active-duty service members. That is why the Military Service Affidavit includes the consumer's Social Security number and date of birth and never even hints at any business involvement or commercial liability for the alleged debt.[27] As Plaintiff previously noted, just the fact that the Military Service Affidavit was filed confirms this was a consumer debt because these Affidavits are only required when suing a natural person.[28] It is also undisputed that the state lawsuit was never pursued against a business entity. It is therefore proper under Rule 56 and Local Rule DUCivR 56-1 for Plaintiff to produce this evidence in her Reply Memorandum. The Military Service Affidavit directly rebuffs Defendants' arguments.

There is also no discovery violation as Defendants claim. Plaintiff disclosed any state court documents involving these Defendants and their co-conspirators which is sufficient to disclose both documents. A complete copy of the Cardholder Agreement was provided in discovery as part of Plaintiff's Initial Disclosures and both exhibits are drawn from materials already in Defendants' possession and that were placed in the public record when Defendants' principals NAR Inc., and Olson Shaner filed them in the state court lawsuit. Both documents also formed the basis for the judgment that gave rise to the Writ of Execution and subsequent collection efforts at issue here. These Defendants also placed those exhibits in issue by contesting the consumer nature of the account.

This is a non-issue nevertheless as even Defendants never argued there was any harm, prejudice, or unfair surprise by the inclusion of these two exhibits or the use of these exhibits for impeachment or rebuttal purposes.[29] There is therefore no basis for exclusion under Rule 37. If this Court disagrees, then Plaintiff respectfully requests a lessor sanction of staying further

---

[26] 50 U.S.C. § 3931
[27] Exhibit P-2 Default Judgment; Exhibit P-24 Military Service Affidavit
[28] 50 U.S.C. § 3931(b); *See* 50 U.S.C. § 3911 (defining a servicemember as a "member of the uniformed services.")
[29] *See* Objection

proceedings until Plaintiff amends her Initial Disclosures to provide a copy of the Military Service Affidavit as permitted by Rule 37 in lieu of excluding the Affidavit.[30]

Finally, Defendants' objection challenges the weight and interpretation of the evidence which are not proper grounds for exclusion. Rule 56 and DUCivR 56-1(d) permit reply evidence to respond to and rebut issues raised for the first time in opposition.[31] Here, the exhibits were introduced precisely to rebut Defendants' contentions that the alleged debt was not a consumer debt and did not arise from a transaction. Defendants' disagreement with the factual and legal effect of these documents is not a valid basis for excluding them; it only reinforces the notion that these exhibits directly refute the core issues Defendants placed in dispute regarding Plaintiff's identity and the character of the account.

## CONCLUSION

Defendants' objection misinterprets the proper scope of reply evidence and its role in addressing arguments raised in opposition. Contrary to Defendants' assertions, the challenged exhibits respond directly to issues Defendants themselves placed in dispute. Inclusion of Exhibits P-23 and P-24 is therefore appropriate under Rule 56 and DUCivR 56-1(d). Accordingly, the Court should overrule Defendants' objections and consider the exhibits and their undisputed role in rebutting Defendants' arguments. Even Defendants never asserted that the inclusion of these exhibits was prejudicial, harmful, or unfairly surprising.

Furthermore, nothing in Rule 56 or DUCivR 56-1 supports Defendants' claim that Plaintiff was required to anticipate Defendants' arguments with such precision that she is barred from offering rebuttal evidence she had no reason to include in her request for judgment. Defendants' assertions that the alleged debt did not arise from a transaction and was not for personal, family, or household purposes are so disconnected from the governing law and facts

---

[30] Fed. R. Civ. P. 37(b)(2)(A)(iv)
[31] *Rico v. Eveland*, No. 2:18-cv-00644-JCB, 2020 U.S. Dist. LEXIS 238666, ¶ 9 (D. Utah Dec. 17, 2020)

that those arguments could not have been reasonably foreseen as a serious contention. This is especially true given the clarity and factually undisputed nature of the record that demonstrates the alleged debt arose from a consumer transaction incurred for personal, family, or household purposes. These exhibits confirm that conclusion and properly rebut Defendants' misguided arguments. Even Defendants never produced any evidence to rebut the meaning of the exhibits at issue.

Accordingly, Defendants' objection should be overruled and the Court should consider Exhibits P-23 and P-24 for their proper rebuttal purpose in deciding Plaintiff's motion for summary judgment.

DATED 7/31/2025             Eric Stephenson
                            *Attorney for the Plaintiff*

– 8 –

CERTIFICATE OF SERVICE

    I hereby certify that on 7/31/2025 I served the foregoing MEMORANDUM IN OPPOSITION TO OBJECTION TO EVIDENCE to all counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*