# Exhibit P-7

Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>      Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC; and JOHN DOES 1-5,<br><br>      Defendants. | **DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION**<br><br>Case No. 2:23-cv-00772-DOA<br><br>District Judge Jill N. Parrish |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Rob Kolkman and Constable Kolkman LLC (collectively, "Defendants"), by and through counsel, hereby submit their Responses to Plaintiff's ("Plaintiff") Requests for Production (collectively, "Requests," and each individually, a "Request") as follows:

1.     These responses are made solely for purposes of the above captioned action. Each response is given subject to the specific objections set forth below with all objections reserved and subject to interposition at the time of the final hearing.

2.   Discovery is on-going in this matter. As such, Defendants have not completed their investigation or analysis of the facts relating to this action nor has it completed its preparation for trial. Accordingly, the following objections and responses are given without prejudice to Defendants' right to produce, disclose, or use, at some later date, subsequently discovered evidence. Defendants further reserve the right to amend or supplement these objections and responses at any time.

Defendants will respond to each Request, if at all, based upon their understanding of what is being requested and/or the facial scope of the Request. Defendants expressly reserve the right to amend their response to any Request at any time to the extent Defendants' understanding was mistaken.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in Defendants' objections to the below Requests, the following terms have the definitions respectively set forth as follows:

A.   "Vague" and/or "ambiguous" is/are defined to mean: Defendants object on the basis that the Request is not drafted with sufficient precision to enable Defendants to draft a reasonable response.

B.   "Overbroad" is defined to mean: Defendants object on the basis that the Request calls for an expansive potential breadth of information or documents that is unreasonable in scope, parameter and/or time.

C.   "Irrelevant" is defined to mean: Defendants object on the basis that the Request, as written, calls for information or production of documents irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

4867-1006-2509.v1

D.      "Duplicative" is defined to mean: Defendants object on the basis that the Request calls for disclosure of information or production of documents that is cumulative or duplicative of other discovery.

E.      "Unduly burdensome" is defined to mean: Defendants object on the basis that the Request is so broad and/or uncertain that it creates an unreasonable and undue burden. "Unduly burdensome" is also defined to mean that Defendants object to the Request because the information or documents sought is/are more readily obtainable through other more convenient, less burdensome, and less expensive sources, including public sources or discovery procedures.

F.      "Privileged" is defined to mean: Defendants object on the basis that the Request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

G.      The phrase "subject to and without waiving their objections," or words having similar effect, is defined to mean: Notwithstanding the fact that Defendants may produce certain information or documents in response to a Request, information or documents sought by the Request that is/are covered by a specific objection may not be disclosed or produced.

H.      The phrase "is compound and/or contains multiple parts and/or subparts" is defined to mean: Defendants object to the Request on the basis that it includes many subparts, each representing an individual request for either documents or information, and may render the

4867-1006-2509.v1

Request unclear. Defendants reserve the right to count each distinct subpart against any limitation imposed on the number of Requests Plaintiff may serve.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**. Produce all documents that govern your relationship with and authority to collect debts on behalf of Olson Associates.

**RESPONSE**: Defendants object to the phrase "collect debts," or anything similar, to the extent that such phrase is used to imply that Defendants are debt collectors, which they are not. Defendants object as well to the term, "on behalf of," as the same implies a legal conclusion that an agency relationship exists between "Olson Associates" and Defendants, which Defendants deny.

Further, Defendants object to this Request as seeking information irrelevant to this matter. Plaintiff alleges purported violative conduct by the Defendants against Plaintiff under claims based on the Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Fraud, and the Civil Rights Act. The purported information sought concerning "documents that govern your relationship with and authority to collect debts on behalf of Olson Associates," is not related to Plaintiff, and therefore does not and cannot assist Plaintiff in any way to prove her case-in-chief. Defendants object to this Request on the grounds that it purportedly seeks information concerning individuals other than Plaintiff, and therefore, the information sought is irrelevant to this matter brought by Plaintiff. Further, Defendants object to this Request on the grounds that it seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants.

4

Subject to and without waiving the foregoing objections, Defendants respond as follows: As to Plaintiff, after a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection. Defendants decline to respond to this Request as it pertains to anyone other than Plaintiff.

**REQUEST NO. 2**. Produce all reports, ledgers, spreadsheets, emails, and other documents you provided to Olson Associates during the relevant time period pertaining to your efforts to collect debts on its behalf.

**RESPONSE**: Defendants object to the phrase "collect debts," or anything similar, to the extent that such phrase is used to imply that Defendants are debt collectors, which they are not. Defendants object as well to the term, "on its behalf," as the same implies a legal conclusion that an agency relationship exists between "Olson Associates" and Defendants, which Defendants deny. Defendants object because the term, "relevant time period," inasmuch as it includes the period from "January 1, 2020 to the date of service of these [requests for production]," is substantially overbroad given the limited facts and timeframe of this underlying action.

Further, Defendants object to this Request as seeking information irrelevant to this matter. Defendants object to this Request on the grounds that it purportedly seeks information concerning individuals other than Plaintiff, and therefore, the information sought is irrelevant to this matter brought by Plaintiff. Further, Defendants object to this Request on the grounds that it seeks confidential and proprietary information that should not be available to public disclosure or

5

4867-1006-2509.v1

disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants.

Subject to and without waiving the foregoing objections, Defendants respond as follows: As to Plaintiff, after a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection. Defendants decline to respond to this Request as it pertains to anyone other than Plaintiff.

**REQUEST NO. 3**. Produce all certificates of sale that pertain to sales of debtor's property you held or caused to be held during the relevant time period.

**RESPONSE**: Defendants object to this Request as seeking information irrelevant to this matter. Plaintiff alleges purported violative conduct by the Defendants against Plaintiff under claims based on the Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Fraud, and the Civil Rights Act. "[C]ertificates of sale that pertain to sales of debtor's property" does not and cannot assist Plaintiff in any way to prove her case-in-chief under her claims. Defendants object to this Request on the grounds that it purportedly seeks information concerning individuals other than Plaintiff, and therefore, the information sought is irrelevant to this matter brought by Plaintiff. Defendants object to this Request on the grounds that it seeks confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants. Defendants object because the term, "relevant time period," inasmuch as it includes the period from "January 1, 2020 to the date of service of these [requests for production],"

6

is substantially overbroad given the limited facts and timeframe of this underlying action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

As to Plaintiff, after a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection. Based on the foregoing objections, Defendants decline to respond to this Request as it pertains to anyone other than Plaintiff.

**REQUEST NO. 4**. Produce all instructions, training, testing, and compliance materials Olson Associates provided to you during the relevant time period.

**RESPONSE**: Defendants object because the term, "relevant time period," inasmuch as it includes the period from "January 1, 2020 to the date of service of these [requests for production]," is substantially overbroad given the limited facts and timeframe of this underlying action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 5**. Produce all instructions, training, testing, and compliance materials pertaining to collecting debts that you had in place during the relevant time period.

**RESPONSE**: Defendants object to the phrase "collecting debts," or anything similar, to the extent that such phrase is used to imply that Defendants are debt collectors, which they are not.

7

Defendants object because the term, "relevant time period," inasmuch as it includes the period from "January 1, 2020 to the date of service of these [requests for production]," is substantially overbroad given the limited facts and timeframe of this underlying action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 6**. Produce all written and recorded communications you sent to the Plaintiff.

**RESPONSE**: Defendants have already produced and will produce any unproduced, non-privileged documents responsive to this Request that are in their custody, possession, or control. Plaintiff has produced/disclosed documents that may be responsive to this Request also (*see* Plaintiff's Exhibits 001 – 003 sent concurrently with her Discovery Requests). Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 7**. Produce all written and recorded communications you received from the Plaintiff.

**RESPONSE**: After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 8**.  Produce all documents pertaining to your efforts to collect from the Plaintiff.

**RESPONSE**: Defendants object to the phrase "collect from the Plaintiff," or anything similar, to the extent that such phrase is used to imply that Defendants are debt collectors, which they are not.  Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants have already produced and will produce any unproduced, non-privileged documents responsive to this Request that are in their custody, possession, or control.  Plaintiff has produced/disclosed documents that may be responsive to this Request also (*see* Plaintiff's Exhibits 001 – 003 sent concurrently with her Discovery Requests).  Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 9**.  Produce all documents pertaining to each public sale of a debtor's personal property you held pursuant to a Writ of Execution during the relevant time period.

**RESPONSE**: Defendants object to this Request as seeking information irrelevant to this matter.  Plaintiff alleges purported violative conduct by the Defendants against Plaintiff under claims based on the Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Fraud, and the Civil Rights Act.  "[D]ocuments pertaining to each public sale of a debtor's personal property" do not and cannot assist Plaintiff in any way to prove her case-in-chief under her claims.  Defendants object to this Request on the grounds that it purportedly seeks information concerning individuals other than Plaintiff, and therefore, the information sought is irrelevant to this matter brought by Plaintiff.  Defendants object to this Request on the grounds that it seeks confidential

4867-1006-2509.v1

and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Defendants argue there is none) is greatly outweighed by the prejudice against Defendants. Defendants object because the term, "relevant time period," inasmuch as it includes the period from "January 1, 2020 to the date of service of these [requests for production]," is substantially overbroad given the limited facts and timeframe of this underlying action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

As to Plaintiff, after a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection. Based on the foregoing objections, Defendants decline to respond to this Request as it pertains to anyone other than Plaintiff.

**REQUEST NO. 10**. Produce all documents pertaining to your contention that Plaintiff failed to mitigate her damages.

**RESPONSE**: Defendants have already produced and will produce any unproduced, non-privileged documents responsive to this Request that are in their custody, possession, or control. Plaintiff has produced/disclosed documents that may be responsive to this Request also (*see* Plaintiff's Exhibits 001 – 003 sent concurrently with her Discovery Requests). Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

10

**REQUEST NO. 11**. Produce all documents pertaining to your contention that you should be excused from liability by the bona fide error defense.

**RESPONSE**: Defendants object to this Request on the grounds that it calls for a legal conclusion as to application of law, *i.e.*, whether the Fair Debt Collection Practices Act applies and therefore whether the "bona fide error" defense applies and what may constitute a "bona fide error," to which no response is required. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants have already produced and will produce any unproduced, non-privileged documents responsive to this Request that are in their custody, possession, or control. Plaintiff has produced/disclosed documents that may be responsive to this Request also (*see* Plaintiff's Exhibits 001 – 003 sent concurrently with her Discovery Requests). Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 12**. Produce all notices you provided to the Plaintiff to notify her that you are a debt collector and that any information you obtain will be used for that purpose.

**RESPONSE**: Defendants object to this Request on the grounds that it calls for a legal conclusion as to application of law, including whether any type of "notice" is required, to which no response is required. Defendants object to this Request as it implies that Defendants are "debt collector[s]," which they are not. Subject to and without waiving the foregoing objections, Defendants respond as follows:

After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted

11

to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

**REQUEST NO. 13**. Produce all notices you provided to Plaintiff to notify her of her rights to validate and verify the alleged debt.

**RESPONSE**: Defendants object to this Request on the grounds that it calls for a legal conclusion as to application of law, including whether any type of "notice" is required, to which no response is required. Defendants object to this Request as it implies that Defendants are debt collector, which they are not. Subject to and without waiving the foregoing objections, Defendants respond as follows:

After a good faith and diligent search, there are no responsive documents to this Request in the possession or control of Defendants as pertaining to Plaintiff. Defendants have attempted to fully respond to a reasonable construction of this Request without intending to withhold any non-privileged, non-protected, responsive information on the basis of any objection.

DATED this 3rd day of May, 2024.

            KIRTON McCONKIE

            */s/ Zachary C. Lindley*
            Christopher S. Hill
            David P. Gardner
            Zachary C. Lindley
            *Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*