Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| ELIZABETH HERNANDEZ, | **OPPOSITION TO MOTION FOR EXTENSION OF TIME** |
|---|---|
| Plaintiff, | |
| vs. | Case Number: 2:23-cv-00772 |
| ROB KOLKMAN, CONSTABLE KOLKMAN LLC, and JOHN DOES 1-5, | Judge: Ann Marie McIff Allen |
| | Magistrate Judge: Daphne A. Oberg |
| Defendants. | |

Plaintiff respectfully objects to Defendants' request for an extension of time pursuant to Rules 7 and 11 of the Utah Rules of Civil Procedure and 28 U.S.C. § 1927.

ARGUMENT

Defendants have already had six full weeks to address the Rule 11 Motion against them. Plaintiff served the Motion on July 22, 2025. Defendants then had the standard 21-day safe harbor period to correct their improper filing. When they did not do so, Plaintiff waited one additional week before filing the motion. Defendants then had this court's standard 14-day period to oppose the motion. Rather than doing so, they waited until the day their opposition was due and requested another full week to respond. That is three times the normal amount of time allotted to responding to most motions. It is therefore objectively unreasonable for Defendants to seek another week. Six weeks should have been more than sufficient.

Defendants have also not shown good cause for the request. They state in conclusory fashion that it does, but they offer no details or sworn declaration to explain their conclusion.

Travel on one holiday weekend should not have disrupted this court's briefing schedule so significantly. That is precisely the kind of scheduling issue attorneys routinely prepare ahead to handle. In this case, these Defendants had more than five weeks prior to that weekend to prepare their opposition. A couple of predictable vacation days over a weekend should not have caused any meaningful disruption in their ability to handle the Motion. This is especially true when Defendants have three attorneys working on this case as they do here.

As for unexpected personal family concerns, while Plaintiff fully appreciates and respects family obligations, simply declaring there were some should not be sufficient to meet the good cause standard. Details should be required. Otherwise, how can anyone evaluate the actual situation to determine whether reasonableness truly exists? Left generically stated, there is simply no way to make any meaningful evaluation. Some family "concerns" are certainly worthy of a lawyer's attention on an extended basis. Most, however, are simply normal life events that should not be used to request unnecessary delays—especially when six weeks has already be given.

Moreover, the same issue as discussed previously also applies. Even if one of the three attorneys working on this case had an unexpected family concern, the other two could have and should have assisted. That is, after all, one reason to have multiple attorneys on a case. But again, because the excuse offered is a generic excuse without explanation for why co-counsel could not assist, there is no way to determine whether good cause actually exists. Defendants have therefore not met their burden.

CONCLUSION

Certainly, some delays are necessary in litigation. Many however are not justified. Either way, requests for time coming on the day of the event at issue should be rubber-stamped, especially those that do not provide any meaningful explanation or discussion about what good cause might exist. This is especially true here given that three-times the normal briefing schedule

– 3 –

has already passed, at least one of the reasons offered was fully predictable and manageable, and multiple attorneys are available to assure this Court's deadlines are respected.

    For these reasons, Defendants did not meet their burden to show good cause exists for delaying this matter. Their request for an extension of time is therefore not reasonable and should be denied.

    DATED 9/2/2025                          Eric Stephenson
                                                     *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 9/2/2025 I served the foregoing OPPOSITION TO MOTION FOR EXTENSION OF TIME to all counsel of record through email.

/s/ Eric Stephenson
*Attorney for Plaintiff*