Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN, CONSTABLE KOLKMAN LLC, and JOHN DOES 1-5, <br><br> Defendants. | **MOTION FOR OVERLENGTH MEMORANDUM** <br><br> Case Number: 2:23-cv-00772 <br><br> Judge: Ann Marie McIff Allen <br> Magistrate Judge: Daphne A. Oberg |

Plaintiff respectfully requests this Court to accept his overlength Motion for Rule 11 Sanctions pursuant to DUCivR 7-1(a)(4)(D).

ARGUMENT

Plaintiff mistakenly filed a 14-and-a-half-page Motion for Rule 11 Sanctions on August 19, 2025 (ECF No. 87). The error occurred because her counsel inadvertently applied the 15-page limitation under the Utah Rules of Civil Procedure rather than this Court's Local Rules. Counsel respectfully apologizes for this oversight which was made in good faith and without intent to prejudice Defendants. Plaintiff was unaware of this error until today. Otherwise, he would have corrected it long before even serving the Motion in the first place.

Plaintiff therefore respectfully requests leave for the Court to consider the motion as filed. The issues and factual representations stated therein are complicated enough to justify the additional pages and it would be judicially inefficient to require a re-drafting and refiling, especially considering the 21-day safe harbor period that would likely need to restart from an

amended filing. Moreover, it would be difficult to shorten the Motion because of the extensive quotations to the record that are needed to acclimate the Court to the facts of the case and explain why sanctions should be imposed. Such a request can be complicated and presentation of that request should not be compromised by the standard 10-page limitation.

Plaintiff also asserts that the additional length does not prejudice the Defendants in any way. Nonetheless, to mitigate any potential for prejudice, Plaintiff is willing to stipulate to allowing Defendants additional pages for their opposition. Plaintiff further affirms that she will comply with this Court's page limitations for her Reply Memorandum regardless of the length of Defendants opposition.

In the alternative, if the Court prefers, Plaintiff requests leave to withdraw and refile a conforming Rule 11 motion not to exceed the 10-page limit set by the Local Rules without having to reset the 21-day safe harbor period.

## CONCLUSION

For these reasons, Plaintiff respectfully asks that the Court grant leave to exceed the page limit for the filed motion, or alternatively grant leave to refile the Motion without resetting the 21-day safe harbor period.

DATED 9/2/2025            Eric Stephenson
                          *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 9/2/2025 I served the foregoing MOTION FOR OVERLENGTH MEMORANDUM to all counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*