Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ, <br><br> Plaintiff, <br> vs. <br> ROB KOLKMAN, <br> CONSTABLE KOLKMAN LLC, and JOHN DOES 1-5, <br><br> Defendants. | **MOTION FOR RULE 11 SANCTIONS** <br><br> Case Number: 2:23-cv-00772 <br><br> Judge: Ann Marie McIff Allen <br> Magistrate Judge: Daphne A. Oberg |

Plaintiff requests an order of sanctions against Rob Kolkman, Constable Kolkman LLC, and their attorneys pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

INTRODUCTION

This motion addresses a pattern of conduct by Defendants and their counsel that strikes at the heart of the integrity of the judicial process. Despite clear, binding authority and a prior ruling from this Court expressly rejecting the same arguments, Defendants knowingly reasserted legal positions and factual contentions that have no merit. They also denied factual contentions that are conclusively established by their own sworn testimony, discovery responses, and documentary evidence. Rule 11 exists to deter exactly this kind of abusive litigation conduct—where lawyers present objectively false assertions to the Court without evidentiary support or legal justification. The conduct here is not the product of oversight or misunderstanding—it is a willful disregard for the facts, the law, and this Court's rulings. Sanctions are therefore necessary to uphold the standards of practice and to prevent further abuse of judicial resources.

STANDARD OF REVIEW

Under Rule 11 of the Federal Rules of Civil Procedure, an attorney certifies to the best of their knowledge, after an "inquiry reasonable under the circumstances," that the "pleading, written motion, or other paper" they present to the Court is not for "any improper purpose."[1] An attorney also certifies that "the claims, defenses, and other legal contentions are warranted."[2] Further, an attorney certifies that their "factual contentions have evidentiary support"[3] and that any "denial[s] of factual contentions are warranted on the evidence" or "reasonably based on belief or lack of information."[4] It also constitutes sanctionable conduct when an attorney continues to relitigate and reargue unfavorable rulings.[5]

Upon determining that Rule 11(b) has been violated, a court may impose appropriate sanctions either on its own motion or after proper motion by a party.[6] The central purpose of court-imposed sanctions is to "deter baseless filings in district court."[7] "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances."[8] "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "[t]he sanction may include nonmonetary directives; an order to pay a penalty into court; or… an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."[9]

---

[1] Fed. R. Civ. P. 11(b)(1)
[2] *Id*. at 11(b)(2)
[3] *Id*. at 11(b)(3)
[4] *Id*. at 11(b)(4)
[5] *See Langermann v. Dubbin*, No. 14-cv-22531, 2014 WL 11429282, at *1 (S.D. Fla. Oct. 16, 2014) (finding that a plaintiff's continuous filing of lawsuits and motions "that require the investment of court time and resources in [an] attempt to relitigate and reargue rulings that have been decided against him" constituted sanctionable conduct under Rule 11)
[6] Fed. R. Civ. P. 11(c)
[7] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)
[8] *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 878 (5th Cir. 1988)
[9] Fed. R. Civ. P. 11(c)(4)

Potential sanctions also include an award against the law firm as well as the lawyers committing the violations. "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."[10] Moreover, "[i]f the attorney failed to make a reasonable inquiry, **then the court must impose sanctions** despite the attorney's good faith belief that the claims were sound."[11]

In addition to Rule 11, this Court also has authority under its own inherent power to deter frivolous and abusive litigation and to promote justice and judicial efficiency by imposing monetary or other sanctions.[12] It also has authority to sanction the Defendants' counsel pursuant to 28 U.S.C. § 1927.

ARGUMENT

In their Memorandum in Opposition to Motion for Partial Summary Judgment, Defendants knowingly asserted multiple facts that are objectively false, denied other facts that are conclusively established, and they asserted patently false legal conclusions. And rather than providing evidence to support their factual and legal assertions and denials, they obfuscated the issues and asserted meritless legal arguments. Those efforts to cloud the record and confuse this Court violate Rule 11. Indeed, by merely failing to investigate the evidentiary and legal basis for the facts, issues, and the legal positions they asserted, Defendants violated Rule 11's requirement to conduct a reasonable inquiry under the circumstances.[13] Defendants and their counsel should therefore be sanctioned as appropriate to deter any similar future conduct. "Misrepresentations such as these, when knowingly made in the course of litigation, come with consequences."[14] As stated by the Seventh Circuit, "the judicial system cannot tolerate deception from litigants."[15]

---

[10] Fed. R. Civ. P. 11(c)(1)
[11] *Worldwide Primates v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996) (*Emphasis added*)
[12] *See Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)
[13] Fed. R. Civ. P. 11(b)
[14] *Thomas v. United Airlines Inc*., No. 4:21-cv-01301, 2023 U.S. Dist. LEXIS 164669, ¶ 9 (S.D. Tex. June 16, 2023)
[15] *Neal v LaRiva*, 765 F3d 788, 790 (7th Cir 2014)

### Defendants and their attorneys violated Rule 11(b)(2) by asserting that a mistaken interpretation of the requirements of the FDCPA constitutes a bona fide error

Defendants asserted that their mistaken interpretation of the Fair Debt Collection Practices Act constitutes a bona fide error that absolves them of liability.[16] That argument violates Rule 11 as that legal contention and the assertion of the bona fide error defense itself are not "warranted by existing law."[17] On the contrary, it is well-established that mistaken interpretations of the requirements of the FDCPA do not qualify for the bona fide error defense.[18] "[A] misunderstanding about what the Act requires cannot render the violation 'not intentional,' given the general rule that mistake or ignorance of law is no defense."[19] Under prevailing authority, "the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute."[20]

If they had conducted the required reasonable inquiry into this matter Defendants would have easily found that prevailing authority—especially since this Court previously alerted them to that authority when it rejected the same argument earlier in the case.[21] This Court also rejected the same arguments in a related case involving the same parties and counsel.[22] These rejections occurred because, among other things, the holding in the *Johnson v. Riddle* case Defendants cited in support of their argument was unequivocally overruled by *Jerman v. Carlisle* as previously discussed.[23]

Because this Court previously rejected Defendants' assertion of the bona fide error defense and because the prevailing authority is clear that mistaken interpretations of the FDCPA do not qualify for the defense, Defendants' attempt to re-argue this point fails as a matter of law,

---

[16] Memorandum in Opposition to Motion for Partial Summary Judgment at 34-36 (ECF No. 80)
[17] Fed. R. Civ. P. 11(b)(2)
[18] *Jerman v. Carlisle et al.,* 130 S.Ct. 1605, 1611, 176 L. Ed. 2d 519 (2010)
[19] *Id.*
[20] *Id.*
[21] Memorandum Decision and Order Denying Defendants' Motion for Partial Summary Judgment (ECF No. 67)
[22] *Young v. Erickson*, No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶¶ 9-11 (D. Utah Mar. 25, 2025)
[23] *Hernandez v. Kolkman*, No. 2:23-cv-00772, 2025 U.S. Dist. LEXIS 55599, ¶¶ 10-12 (D. Utah Mar. 25, 2025); *Young v. Erickson*, No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶¶ 9-11 (D. Utah Mar. 25, 2025)

is barred by the law of the case doctrine, and is "legally frivolous."[24] Defendants and their attorneys have therefore violated Rule 11's prohibition on asserting legal contentions and defenses that are not warranted by existing law.[25] They also violated Rule 11's requirement to conduct a reasonable inquiry under the circumstances.[26] These violations are quite profound given this Court's earlier rejection of Defendants' prior assertion of this exact same meritless argument.[27]

**Defendants' denials of certain established facts violate Rule 11**

Under Rule 11, denials of factual contentions must be warranted on the evidence.[28] In other words, a party violates Rule 11 when they deny a fact that is otherwise established to be true. Here, Defendants violated this prohibition by denying multiple facts asserted in Plaintiff's Motion for Partial Summary Judgment that are objectively true.

For example, in paragraph seven, Plaintiff alleged that "Rob Kolkman is the sole owner of Constable Kolkman LLC and was personally involved in the LLC's daily operations, managed the business operations, participated in implementing the collection process, ratified and directly participated in the strategies used to collect, and reaped financial benefits from the collection activity to the tune of collecting more than $3,200,000.00 in a two-year period."[29] Defendants denied this paragraph[30] despite its extensive citations to the record proving Rob Kolkman's ownership, management, and involvement in his LLC's operations.[31] Mr. Kolkman even confirmed in his sworn testimony that he is the sole owner of the LLC and manages its daily

---

[24] *Symbology Innovations, LLC v. Valve Corp.*, No. 2:23-CV-00419-JRG, 2025 U.S. Dist. LEXIS 17426, ¶¶ 22-24 (E.D. Tex. Jan. 31, 2025)(*citing* Fed. R. Civ. P. 11(b)(2))
[25] Fed. R. Civ. P. 11(b)(2)
[26] *See Flaherty v. Gas Rsch. Inst.*, 31 F.3d 451, 459 (7th Cir. 1994) (affirming Rule 11 sanction issued after attorney persisted in reasserting claims despite being apprised those claims were clearly subject to dismissal).
[27] *Hernandez v. Kolkman*, No. 2:23-cv-00772, 2025 U.S. Dist. LEXIS 55599, ¶¶ 10-12 (D. Utah Mar. 25, 2025)
[28] Fed. R. Civ. P. 11(b)(4)
[29] Motion for Partial Summary Judgment at 2
[30] Opp'n to Motion for Summ. J. at 3-4, ¶ 7 (ECF No. 80)
[31] *See* Motion for Partial Summary Judgment at Fn. 7-12

operations.[32] This subsequent denial of those facts therefore violates Rule 11(b)(4) as the facts alleged in that paragraph are objectively true and Defendants had no good faith basis for denying this undisputed fact.

Defendants similarly denied that "Constable Kolkman LLC's principal business purpose is focused mainly on using writs of execution to collect judgments from judgment debtors."[33] Again, that denial violates Rule 11(b)(4) as the fact alleged is objective true. According to Rob Kolkman's prior sworn testimony, the only reason he formed the LLC was to use writs of execution to collect judgments from judgment debtors.[34] In his second deposition, Kolkman again confirmed Constable Kolkman LLC does nothing other than collecting payments from judgment debtors.[35] He also confirmed the LLC "mails letters, makes phone calls, collects money from debtors, and discusses payment arrangements with debtors."[36] Kolkman even admitted in his opposition memorandum that his LLC's letters were mailed to Plaintiff in an attempt to "work out a payment plan."[37] By any objective measure "Constable Kolkman LLC's principal business purpose is focused mainly on using writs of execution to collect judgments from judgment debtors."[38] Defendants denial of that fact therefore violates Rule 11.[39]

Defendants denied that, "Over the last few years, Constable Kolkman LLC and Rob Kolkman received thousands of writs of execution from various debt collection lawyers and debt collectors, including; Olson Shaner, The Cherrington Firm, Mountain Land Collections, and

---

[32] Exhibit P-1 Kolkman Dep. 11:9-19; Exhibit P-2 Kolkman Second Dep. 6:19-21
[33] Opp'n to Motion for Summ. J. at 4-5, ¶ 8 (ECF No. 80)
[34] Exhibit P-1 Kolkman Dep. 10:4-9; *See also Id*. at 10:20-11:1 and 34:2-8 (Confirming Constable Kolkman LLC's business practice is focused on using writs of execution to engage with debtors and it does nothing else); Kolkman Second Deposition 23:21-24 and 24:1-4, 59:21-60:8; Exhibit P-9 Cherrington Dep. 109:14-110:4
[35] Exhibit P-2 Kolkman Second Deposition 23:21-24, 24:1-20, 50:8-13, 59:21-60:8
[36] Exhibit P-2 Kolkman Second Deposition 50:8-13
[37] Opp'n to Motion for Summ. J. at 24, 32; *See also Id*. at 33 (discussing "using a reduced-conflict method of working out a payment plan" rather than executing the Writ of Execution)
[38] Motion for Partial Summary Judgment at ¶ 8 (ECF No. 72)
[39] Fed. R. Civ. P. 11(b)(4)

others."[40] Given that the LLC and Mr. Kolkman irrefutably received thousands of writs of execution from Olson Shaner, at least 600 writs of execution from The Cherrington Firm, and another 1,316 writs of execution from Mountain Land Collections over the last few years and it should be obvious that this denial violates Rule 11.[41] All of the evidence proves this fact to be objectively true. Defendants even admitted to some of these details in their response to paragraphs 10 and 11 of the undisputed facts.[42]

Defendants also denied that "Constable Kolkman LLC and Rob Kolkman received approximately 1300 writs of execution from Mountain Land Collections in 2023 and 2024"[43] despite having testimony from both Mountain Land Collections and Mr. Kolkman himself confirming this fact is true.[44]

Defendants also violated Rule 11(b)(4) by denying that, "[i]nstead of executing the writs of execution the law firms provided, Constable Kolkman LLC and Rob Kolkman mailed letters requesting payments, communicated with debtors by telephone, solicited payments, and discussed payment arrangements."[45] This is an especially egregious denial given that it was referring directly to Kolkman's prior sworn deposition testimony that "Constable Kolkman LLC mails letters, makes phone calls, collects money from debtors, and discusses payment arrangements with debtors."[46] That denial is even more improper under Rule 11 given that in the same Memorandum, Kolkman himself argues repeatedly that the Constable Defendants were

---

[40] Opp'n to Motion for Summ. J. at 5, ¶ 9
[41] Exhibit P-1 Kolkman Dep. 28:14-23, 30:5-15; Kolkman Second Deposition 56:17-57:14, 59:21-24; Exhibit P-8 Mountain Land Interrogatories No. 21
[42] Opp'n to Motion for Summ. J. at 5-6, ¶¶ 10-11
[43] Opp'n to Motion for Summ. J. at 6, ¶ 12
[44] Kolkman Second Deposition 57:8-11; Exhibit P-8 Mountain Land Collections Interrog. No. 21
[45] Opp'n to Motion for Summ. J. at 6-7, ¶ 13
[46] Exhibit P-2 Kolkman Second Dep. 50:8-13

"seeking to work out a payment plan on the judgment amount" and "using a reduced-conflict method of working out a payment plan" instead of seizing or selling Plaintiff's property.[47]

Defendants violated Rule 11(b)(4) again by denying numerous other undisputed facts that are demonstrably true under the evidence presented. Those paragraphs include paragraphs 14, 15, 16, 17, 18, 19, 21, 30, 33, and 38.[48] The only factual basis they offer for most of those disputes is Mr. Kolkman's sham affidavit which is objectionable as it contradicts the affiant's prior testimony and sets forth arguments instead of admissible facts.[49] For others, such as paragraphs 18, 19, 21, 30, 33, 38 Defendants didn't even provide any citations to admissible evidence or any portion of the record in clear violation of Rule 56.[50] For that reason alone it would be appropriate to strike those paragraphs or Defendants' Memorandum in its entirety.[51]

Defendants also improperly denied specific quotations and dollar figures taken directly from their own letters.[52] For example, Defendants disputed that "[t]he August 16, 2023 letter stated the balance due on the judgment was $6,148.81 and the costs of the Writ of Execution were $259.23 for a total balance due of $6,408.04"[53] even though that is precisely what that letter says.[54] Defendants similarly denied paragraph 25's quotation stating "[t]he August 16, 2023 letter requested Plaintiff to 'contact this office within 10 days of the date of this letter to make payment arrangements'"[55] even though that quotation was taken directly from the letter at

---

[47] Opposition to Motion for Partial Summary Judgment at 24, ¶¶ 6, 32, and 33; *See also* Kolkman Second Dep. 59:21-60:8 (confirming Defendants never seize or sell personal property under the writs of execution they receive from various law firms but they do collect payment from 70-80% of the debtors he contacts.)
[48] *See* Opp'n to Motion for Summ. J.
[49] *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)(collecting cases holding that "courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue."); Fed. R. Civ. P. 56(c)(2) and (4)
[50] Opp'n to Motion for Summ. J. at ¶¶ 18, 19, 21, 30, 33, 38
[51] Fed. R. Civ. P. 56(c)
[52] Opp'n to Motion for Summ. J. at 10-11, 13-19 ¶¶ 24-25, 34-37, 39-40, 45-50
[53] Opp'n to Motion for Partial Summ. J. at 10, ¶ 24
[54] Exhibit P-3 August 16, 2023 Letter; Kolkman Second Dep. 61:24-62:16
[55] Exhibit P-3 August 16, 2023 Letter (*emphasis added*); Kolkman Second Dep. 65:4-10

issue.[56] Other examples where Defendants denied the veracity of language quoted from their own letters are found in their responses to paragraphs 34-37, 39-40, and 45-50, despite offering no evidence to the contrary.[57] Each of those denials violates Rule 11.[58]

Defendants disputed other allegations they previously admitted regarding the warnings required under the FDCPA even though it is undisputed they never provided any of those required warnings.[59] If denying facts that are; (1) contained in the plain language of the documents at issue,[60] (2) were previously admitted in written discovery,[61] and (3) admitted to in deposition testimony,[62] does not violate Rule 11, nothing does. Indeed, under Rule 36 alone, those facts they admitted in their responses to requests for admission are "conclusively established" as a matter of law.[63]

Defendants also violated Rule 11(b)(4) by arguing in contradiction to their prior testimony.[64] Among other things, these disputes include, testimony recognizing that mailing debtors the Notice of Sale letter will cause debtors "fear, urgency, concern."[65] It also includes disputing prior testimony acknowledging that it would be "devastating" to the debtor to seize and sell their personal property[66] and prior testimony that the reason 80% of debtors respond to the Notice of Sale and 95% of those who respond pay, is "[b]ecause they want to keep their stuff."[67]

Defendants further "disputed" the inescapable facts that they never advertise property sales, did not arrange for movers or storage to accommodate a seizure of Plaintiff's property, and

---

[56] Opp'n to Motion for Partial Summ. J. at 10-11, ¶ 25; Exhibit P-3 August 16, 2023 Letter
[57] Opp'n to Motion for Summ. J. at 10-11, 13-19 ¶¶ 24-25, 34-37, 39-40, 45-50
[58] Fed. R. Civ. P. 11(b)
[59] Opp'n to Motion for Summ. J. at 11, 16, 19-20, ¶¶ 26, 27, 41-44, 54-58
[60] Exhibit P-3 August 16, 2023 Letter; Exhibit P-4 August 21, 2023 Letter
[61] Exhibit P-6 Request for Admis. Nos. 1-3, 6-7, and 12-14; Exhibit P-7 Requests for Prod. Nos. 12 and 13
[62] Kolkman Second Dep. 70:16-23
[63] Fed. R. Civ. P. 36(b)
[64] Opp'n to Motion for Summ. J. at 20-22, ¶¶ 60-63, 65-66
[65] Kolkman Second Dep. 99:16-24
[66] Kolkman Second Dep. 97:13-98:5
[67] Exhibit P-2 Kolkman Second Dep. 97:13-22

did not contact local law enforcement before notifying Plaintiff about the Writ of Execution or mailing the Notice of Sale.[68] All of those facts are conclusively established as a matter of law by Kolkman's prior testimony and admissions.[69] Each of these denials therefore violates Rule 11 as they are not warranted by the evidence.[70]

Finally, Defendants disputed that Plaintiff never owed the alleged debt despite later formulating multiple arguments relying on that undisputed fact as true.[71] Like the other so-called "disputes" Defendants assert, this violates the plain language of Rule 11. There are no grounds whatsoever on which Defendants can reject the undeniable fact that Plaintiff never owed the alleged debt.[72] This is especially true given Defendants' own extensive arguments based on the truth of that same fact they disputed.[73]

**Defendants' Statement of Additional Material Facts violates Rule 11**

Many of the statements Defendants asserted in their Statement of Additional Material Facts also violate Rule 11. For example, in paragraph one, the Defendants declare that "Constable Defendants are sworn constables in the State of Utah."[74] In paragraph two, Defendants double-down on their assertion that both Defendants are "sworn constables of the State of Utah."[75] They then continue holding out the LLC as if it was a properly sworn constable when it is not.[76] Those statements squarely violate Rule 11 as they are objectively false.

---

[68] Opp'n to Motion for Summ. J. at 22-23, ¶¶ 68, 69, 71
[69] Kolkman Second Dep. 93:9-14, 117:16-19, 121:25-122:2, 126:25-127:9; Exhibit P-6 Admis. No. 8; *See also* Kolkman Second Dep. 118:15-17, 119:9-120:1, and 123:10-15 (confirming neither Constable Kolkman LLC nor Rob Kolkman do not make these required contacts)
[70] Fed. R. Civ. P. 11(b)(4)
[71] *Compare* Memorandum in Opposition to Motion for Partial Summary Judgment at 23, ¶ 73 *to Id.* at 28-30
[72] Exhibit P-5 Order Quashing Writ of Execution; Exhibit P-6 Requests for Admis. Nos. 8-10
[73] Memorandum in Opposition to Motion for Partial Summary Judgment at 28-30
[74] Mem. in Opp'n to Motion for Partial Summ. J. at 24, ¶ 1
[75] Mem. in Opp'n to Motion for Partial Summ. J. at 24, ¶ 2
[76] Mem. in Opp'n to Motion for Partial Summ. J. at 24, ¶¶ 3-9

Constable Kolkman LLC is not, has never been, and can never be, a sworn constable.[77] Under Utah law, the designation of "constable" has a specific and exclusive legal meaning that only applies to an individual "special function peace officer"[78] who has been appointed as a constable by a county or city government.[79] Under that definition, the LLC is not, and cannot be, a "constable" or perform governmental processes as the LLC stated. Only constables or sheriffs (i.e. natural persons) are authorized to execute writs of execution.[80] That is why this Court previously recognized that "there is no evidence in the record that provides a basis for Defendants' assertion that Mr. Kolkman's status as a constable can be extended to the LLC."[81] These statements therefore violate three sections of Rule 11. It is a legal contention not warranted by existing law, a factual contention with no evidentiary support, and a denial of factual contentions that are not warranted on the evidence.[82]

For paragraph two, Defendants' personal self-serving interpretation of the law is also objectively incorrect and improper.[83] Utah law does not and cannot exempt constables from being deemed debt collectors under the federal Fair Debt Collection Practices Act. If any state law ever attempted to do so, it would be preempted by the FDCPA.[84]

In paragraph three, Defendants falsely claim to have "canceled the sale of property to work with Plaintiff so that she could make payments toward the judgment."[85] Setting aside that is a concession that both Defendants engaged in standard debt collection activity in the same manner as any other run-of-the-mill debt collector; that statement is also patently false. No sale was ever scheduled. It was therefore not possible for that non-existent sale to be "canceled."

---

[77] Exhibit P-11 Certificate of Organization; Exhibit P-10 Annual Report
[78] Utah Code Ann. § 17-25a-2(1)
[79] Utah Code Ann. § 17-25a-1(1)(a)
[80] Utah R. Civ. P. 64(a)(7); *See also* Utah R. Civ. P. 64(d), 69A, and 69B
[81] Memorandum Decision Denying Defendants' Motion for Summary Judgment at 10 (ECF No. 67)
[82] Fed. R. Civ. P. 11(b)(2), (3), and (4)
[83] Fed. R. Civ. P. 56(c)
[84] 15 U.S.C. § 1692n
[85] Mem. in Opp'n to Motion for Partial Summ. J. at 24, ¶ 3

To truly schedule a sale would have consisted of the legal steps required by law. That includes serving the writ and taking possession of Plaintiff's property—which never happened.[86] Scheduling a sale would have also required publicly advertising the sale, publicly posting the sale, notifying local law enforcement of the sale, arranging for movers, moving trucks, and storage of the seized property.[87] Again, none of that ever happened.[88] Accordingly, Defendants never "canceled" any sale as claimed since it is impossible to cancel an event that was never actually scheduled to occur.[89]

And even Defendants have confirmed the reason they mail the Notice of Sale letter is not to schedule a sale but is instead intended to "trigger a phone call"[90] from the debtor by creating a sense of "fear, concern, urgency."[91] That is why after mailing many thousands of Notice of Sale letters over the years, Defendants have "never actually seized or sold [any] property."[92] Since none of the legal steps required to schedule a sale ever occurred, it is factually and legally false to claim the sale was scheduled or canceled. Those statements therefore violated Rule 11.[93]

Defendants also violated Rule 11 by stating that "[a]t no time did anyone oppose Constable Defendants' conduct of seeking to work out a payment plan on the judgment amount."[94] That is patently false. Plaintiff and her husband both opposed the Defendants'

---

[86] Utah R. Civ. P. 69A and 64(d)(3)(C)
[87] Utah R. Civ. P. 64E(a), 64A(f), 64(d)(3)(C), 69A, 69B(b); Utah Code Ann. § 17-22-14, 17-22-21, and 17-25a-3(2)(a)
[88] Exhibit P-6 Requests for Admis. Nos. 8-9; Exhibit P-7 Requests for Prod. Nos. 3 and 8-9; Kolkman Second Dep. 85:22-86:7, 92:3-8, and 93:9-16
[89] Exhibit P-2 Kolkman Second Dep. 85:22-86:7, 89:9-13, and 93:6-8; Exhibit P-6 Req. for Admis. Nos. 3, and 8-9; Exhibit P-7 Req. for Prod. Nos. 8-9; Kolkman Second Dep. 92:3-8
[90] Exhibit P-2 Kolkman Second Dep. 92:3-8 and 97:13-22
[91] Exhibit P-2 Kolkman Second Dep. 98:1-22, 99:16-24, and 100:13-21; Mem. in Opp'n to Motion for Partial Summ. J. at 32 (ECF No. 80) (acknowledging Defendants attempted to "work out a payment plan" with Plaintiff rather than executing the Writ.); *See also* Kolkman Second Dep. 88:22-24 (Confirming that he has never carried out any property sales in the last two years.); Kolkman Second Dep. 86:1-7(Confirming the sale was not going to take place whether Plaintiff paid or not.)
[92] Exhibit P-2 Kolkman Second Dep. 88:22-24 and 92:3-8
[93] Fed. R. Civ. P. 11(b)(3) and (4)
[94] Mem. in Opp'n to Motion for Partial Summ. J. at 24, ¶ 6

attempts to collect the alleged debt.[95] Plaintiff filed paperwork in court to quash the Writ of Execution.[96] Plaintiff's husband also called the constable Defendants and personally visited their office.[97] Defendants even confirmed that opposition is why Defendants eventually stopped their efforts to collect from the Plaintiff.[98] In their own words, "Mr. Hernandez got us information that it was the wrong one. It was the wrong Elizabeth Hernandez. And as he sat in the office, we canceled the sale."[99] This statement therefore violates Rule 11's prohibition on asserting factual contentions without evidentiary support.[100] Contrary to Defendants' statement, Plaintiff and her husband absolutely opposed the "Defendant's conduct of seeking to work out a payment plan on the judgment amount."[101]

**Defendants' attorneys should also be sanctioned under 28 U.S.C. § 1927**

Attorneys may be sanctioned when their conduct violates 28 U.S.C. § 1927 by unreasonably and vexatiously multiplying the proceedings. To that end, section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[102]

In other words, "Section 1927 permits courts to levy sanctions against an attorney—not a party—if the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice or where a claim is without a plausible

---

[95] Defendants' Exhibit C (ECF No. 80-3); Exhibit P-2 Kolkman Second Dep. 153:18-19 and 157:17-22; Exhibit P-5 Older Quashing Writ of Execution
[96] Exhibit P-5 Order Quashing Writ of Execution
[97] Exhibit P-2 Kolkman Second Dep. 82:12-17, 83:7-10, 153:18-23
[98] *Id.*; Mem. in Opp'n to Motion for Partial Summ. J. at 24, ¶¶ 4-5
[99] *Id.* at 83:7-10
[100] Fed. R. Civ. P. 11(b)(3)
[101] Mem. in Opp'n to Motion for Partial Summ. J. at 24, ¶ 6
[102] 28 U.S.C. § 1927

legal or factual basis and lacking in justification."[103] Sanctions imposed under § 1927 are a matter for the court's discretion[104] and they are justified for either subjective or objective bad faith.[105] "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."[106]

For the same reasons discussed above, Defendants attorneys should therefore be sanctioned under section 1927 as they multiplied the proceedings unreasonably and vexatiously by asserting legal arguments without merit and factual contentions that were patently untrue.

## CONCLUSION

Under the established facts and the law of the case doctrine, Defendants' Memorandum in Opposition to Motion for Partial Summary Judgment violates Rule 11 in multiple ways. In their Memorandum Defendants violated Rule 11 by asserting that a mistaken interpretation of the requirements of the Fair Debt Collection Practices Act constitutes a bona fide error. Under the prevailing authority, and under this Court's previous rejection of that same argument, that legal contention is objectively false.

Defendants also violated Rule 11 by denying multiple facts in direct opposition to the established facts of this case, the plain language of their letters, and their own testimony.

Finally, Defendants asserted multiple additional facts in violation of Rule 11 as those facts are contradicted by the evidence rather than having factual support as required.

For these reasons, it is appropriate to sanction both Defendants and their attorneys for violating Rule 11 and their attorneys for violating 28 U.S.C. § 1927. This Court is well-equipped to determine the appropriate level of sanctions under these circumstances, but Plaintiff suggests

---

[103] *Mullen v. Butler*, 91 F.4th 1243, 1254 (7th Cir. 2024) (*quoting Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (*internal quotation marks omitted*))
[104] *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1081 (7th Cir. 2018)
[105] *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir.), opinion modified on reh'g, 832 F.3d 699 (7th Cir. 2016)
[106] *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)

that striking the Defendants' Memorandum in Opposition to Motion for Summary Judgment, precluding Defendants from arguing in opposition to the facts, and entering judgment that the bona fide error defense does not shield Defendants' violations, are among the appropriate sanctions available. Whatever this Court decides, sanctions should be sufficiently punitive to deter repetition of the conduct or comparable conduct by others similarly situated, including these same Defendants and attorneys as they are also appearing in several other cases pending in this Court on these same issues. Plaintiff should also be awarded her attorney's fees and expenses incurred in having to bring this motion and alert this Court to these violations.

DATED 7/22/2025                     Eric Stephenson
                                    *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 7/22/2025 I served the foregoing MOTION FOR RULE 11 SANCTIONS to all counsel of record through email.

/s/ Eric Stephenson
*Attorney for Plaintiff*