Mark A. Nickel (14082)
J. Tyler Martin (13551)
Ryan Anderson (18670)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Ste. 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
tymartin@grsm.com
randerson@grms.com
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>    Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. dba OLSON SHANER, NAR INC., ROB KOLKMAN, CONSTABLE KOLKMAN LLC, and JOHN DOES 1-5,<br><br>    Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC's OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AND COUNTER MOTION FOR ATTORNEY'S FEES**<br><br>Case No.: 2:24-cv-00705<br><br>Judge: Howard C. Nielson, Jr.<br>Magistrate Judge: Daphne A. Oberg |

Defendants Rob Kolkman and Constable Kolkman LLC ("Kolkman" or "Defendants"), by and through their counsel of record, file their opposition to Plaintiff's Motion for Rule 11 Sanctions and Counter Motion for Sanctions Under 28 U.S.C. § 1927.

### INTRODUCTION

Defendants strongly contend that their response to the Plaintiff's Motion for Partial Summary Judgment does not violate any Rule 11 provisions. There was no misrepresentation of controlling law and no denial or misrepresentation of conclusively established fact. These will be addressed further in this opposition. However, before addressing these issues this Opposition also notes the Defendants were denied, by strategy of the Plaintiff, the "safe harbor" provision required by Rule 11 to address or remedy

any of the alleged Rule 11 violations. The safe harbor provision is a requirement and protection afforded to all parties through the proper application of Rule 11; the denial of the safe harbor provision requires the denial of the Plaintiff's Rule 11 Motion.

### **PLAINTIFF DENIED DEFENDANTS ACCESS TO THE SAFE HARBOR PROVISION**

Rule 11 provides for what has been termed a "safe harbor". In *Hutchinson v Pfeil,* the court explained that the safe harbor provision is intended 'to give the parties at whom the motion is directed an opportunity to withdraw or ***correct the offending contention'*** *Hutchinson v. Pfeil*, 208 F.3d 1180. Indeed, in 1993 when the Safe Harbor provision was added, the advisory committee explained:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, ***it refuses*** to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

*See* Advisory Committee Notes – 1993 Amendment

The Committee went on to explain: "Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions."

Key to correcting this "questionable contention" is the timing with which the other party determines that the contention violates, or may violate, Rule 11. Rule 11 motions must be served promptly after the inappropriate paper is filed; delaying until the case conclusion, judgment, or completion of briefing prevents the safe harbor provision from operating effectively.

The advisory Committee even noted that if a Motion for Rule 11 Sanctions is not provided to the alleged offending party, when they stated: "In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." And "Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."

Filing a Rule 11 motion for sanctions after briefing is completed violates the safe harbor provision in the 10th Circuit because it prevents the opposing party from having a meaningful opportunity to withdraw or correct the challenged conduct.

Courts in the Tenth Circuit and nationally have ruled that Rule 11 motions filed after briefing completion or after dismissal violate the safe harbor provision because the opposing party is deprived of the opportunity to remedy the challenged conduct. This procedural safeguard ensures motions for sanctions are not used as a manipulative litigation tactic.

In this case, Plaintiff's counsel did provide the Motion for Rule 11 sanctions at least 21 days before they filed it with the court. However, Defendants' counsel emailed Plaintiff's counsel during that cure period, noting that although Defendants do not believe the Response to the Motion for Partial Summary Judgment violated Rule 11 in any way, Defendants would address Plaintiff's allegations of impropriety by filing an Amended Response to the Motion for Partial Summary Judgment but Plaintiff had already filed a Reply. Plaintiff responded as follows:



Defendants attempted to resolve this and preserve their right to the safe harbor provision, and responded:



**Tyler Martin**
To: Eric Stephenson
Cc: Eric Stephenson; Mark Nickel; Ryan Anderson
Tue 8/12/2025 2:14 PM

Eric,

You provided a copy of the motion under the rule with the required 21 days, which allows us to "appropriately correct" the challenged paper. We disagree with your characterization of our Response to your Motion for Partial Summary Judgment, but the rule contemplates a way to correct the issue appropriately. While we do not believe misrepresentations were made, we can amend to address some of your concerns. Still, now you allege there is no way for us to correct it, other than to withdraw, ie, concede to your motion for partial summary judgment? We can, by stipulation, file an amended response.

The rule contemplates a way to correct or clarify a challenged paper or argument appropriately, yet you refuse to acknowledge that it exists here. I do not believe that is what the rule contemplates.

---

*See* Exhibit B.

The 10th Circuit has articulated several policy rationales that support the prohibition on post-briefing Rule 11 motions. In *Roth v. Green*, the court explained that The safe harbor provisions were intended to protect litigants from sanctions whenever possible to mitigate Rule 11's chilling effects, formalize procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourage the withdrawal or correction of papers that violate the rule without involving the district court (*Roth v. Green*, 466 F.3d 1179 (2006). The safe harbor provision is intended to avoid

Again, the Advisory Committee Notes provide: "If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court."

In this instance, the Plaintiff does not take issue with the entirety of the Opposition to his Motion for Summary Judgment, and yet timed his notice that he believed there was a Rule 11 violation until well after briefing on the issue was completed and he believed Defendants had no choice but to "either withdraw [their] response or stand by it and take the risk that [he] file[s] the rule 11 motion." Plaintiff did not even provide the courtesy notice the Advisory Board noted should take place "In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Rather, he sat until he believed Defendants had to either withdraw their opposition in its entirety, allowing his summary judgment motion to proceed unchallenged, or face Rule 11 sanctions.

The Motion for Rule 11 Sanctions was untimely, and the Plaintiff utilizes that untimeliness to deny any use of the safe harbor provisions. It is used as a weapon of litigation, attempting to pressure the complete withdrawal of any opposition to his Motion for Summary Judgment, not to correct perceived violations.

### DEFENDANTS DO NOT MISREPRESENT FACTS TO THE COURT, EITHER THROUGH ITS DENIALS OF PLAINTIFF'S ALLEGATION NOR IN ITS ADDITIONAL FACTS ASSERTED

Again, the Advisory Committee Notes on Rule 11 Sanctions provide excellent guidance and state:

> Denials of factual contentions involve somewhat different considerations. Often, of course, a denial is premised upon the existence of evidence contradicting the alleged fact. At other times a denial is permissible because, after an appropriate investigation, a party has no information concerning the matter or, indeed, has a reasonable basis for doubting the credibility of the only evidence relevant to the matter. A party should not deny an allegation it knows to be true, but it is not required, simply because it lacks contradictory evidence, to admit an allegation that it believes is not true.

In his argument that the Defendants deny specific allegations, Plaintiff enumerates too many facts to address in the limited pages here. However, he alleges disputes with his statement of facts, including paragraphs 14, 15, 16, 17, 18, 19, 21, 20, 33, and 38. The major issue with Plaintiff's allegations is that he alleges several facts in a single paragraph, and the Defendants' responses do not necessarily deny them in their entirety but only in part. Plaintiff then, for purposes of his Rule 11 Motion, explains that they were denied in their entirety. This is not the case, and when each claim is examined, it becomes clear that the facts are contended throughout the depositions and discovery responses.

### DEFENDANTS' REASSERTION OF A LEGAL DEFENSE DOES NOT CONSTITUTE A RULE 11 VIOLATION

The Advisory Board Notes, when discussing legal arguments and theories that:

> "the extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account in determining whether paragraph (2) has been violated. Although arguments for a change of law are not required to be specifically so identified, a contention that is so identified should be viewed with greater tolerance under the rule.

Plaintiff argues that the reassertion of the "mistaken interpretations of the FDCPA" defendants have

violated Rule 11 because it violates the "law of the case doctrine," the court having already rejected the contention in a prior Motion for Summary Judgment ruling. However, the "law of the case doctrine" is not an inexorable command but only a rule of practice that directs court discretion without limiting tribunal power. (*United States v. Trent*, 884 F.3d 985 (2018)). Further, Courts should apply the doctrine with good sense rather than mechanical rigidity, allowing for appropriate departures when justice requires. (*Wessel v. City of Albuquerque*, 463 F.3d 1138 (2006)). Even in the event the Court determines that the asserted defense does not apply anew, under Plaintiff's Motion for Partial Summary Judgment, its reassertion does not violate Rule 11 prohibitions.

## CONCLUSION

Based on the foregoing Defendants' were strategically denied the required safeharbor period required by Rule 11, nor did they violate any Rule 11 prohibition and Plaintiff's Motion should be denied.

DATED this 11th day of September, 2025.

> **GORDON REES SCULLY MANSUKHANI, LLP**
>
> */s/ J. Tyler Martin*
> Mark A. Nickel
> J. Tyler Martin
> *Attorneys for Defendants Rob Kolkman, Constable Kolkman LLC,*

Case 2:23-cv-00772-AMA-DAO Document 97 Filed 09/11/25 PageID.2862 Page 7 of 7