Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>    Plaintiff,<br>vs.<br>ROB KOLKMAN,<br>CONSTABLE KOLKMAN<br>LLC, and JOHN DOES 1-5,<br><br>    Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**<br><br>Case Number: 2:23-cv-00772<br>Judge: Ann Marie McIff Allen<br>Magistrate Judge: Daphne A. Oberg |

Plaintiff respectfully submits this Reply Memorandum in Support of Motion for Rule 11 Sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.[1]

INTRODUCTION

Plaintiff demonstrated that Defendants committed multiple violations of Rule 11 and 28 U.S.C. § 1927. Defendants did not rebut any of those violations.[2] Instead, they confirmed they intentionally reasserted (cut and pasted) legal positions that have no merit and were previous rejected by this Court, asserted factual contentions that were false, and denied factual contentions that are conclusively established by their own sworn testimony, discovery responses, and documentary evidence. In other words, even Defendants established not only that sanctions under Rule 11 are warranted, but necessary to deter future similar conduct.

---

[1] Defendants filed their opposition memorandum in this case but the caption of that opposition contains incorrect identification of the Plaintiff, the case number, and the presiding judge.
[2] *See* Opp'n to Motion for Rule 11 Sanctions (ECF No. 97)

Rule 11 exists to deter exactly this kind of abusive litigation conduct—where lawyers present objectively false assertions to the Court without evidentiary support or legal justification. And even Defendants have now confirmed that their conduct is not the product of oversight or misunderstanding—but is a willful disregard for the facts, the law, and this Court's rulings. Sanctions are therefore necessary to uphold the standards of practice and to prevent further abuse of judicial resources.

ARGUMENT

Plaintiff demonstrated multiple Rule 11 violations. Those same violations are also sanctionable under 28 U.S.C. § 1927. Defendants and their attorneys violated Rule 11 by asserting that a mistaken interpretation of the requirements of the FDCPA constitutes a bona fide error; Defendants' denials of certain established facts violated Rule 11; and Defendants' Statement of Additional Material Facts violates Rule 11.[3] Defendant's opposition confirms those violations occurred and establishes why sanctions are necessary to deter future similar conduct.

**Rule 11 Safe Harbor**

Rather than confront or rebut the actual Rule 11 violations at issue, Defendants asserted that Plaintiff "denied Defendants access to the safe harbor provisions" of Rule 11.[4] That argument alone warrants sanctions, as it is both false and vexatious.[5]

Contrary to Defendants' accusation, Plaintiff followed Rule 11's procedures to the letter. She served her Rule 11 Motion on July 22, 2025, and then waited until August 19, 2025, to file it.[6] That was 28 days after service which was well beyond the 21 days required by the Rule. By any measure, the filing was proper and timely. Oddly, even Defendants conceded that "Plaintiff's

---

[3] *See* Motion for Rule 11 Sanctions (ECF No. 87)
[4] Opposition to Rule 11 Motion at 2
[5] Fed. R. Civ. P. 11(b)(1) and (2); 28 U.S.C. § 1927
[6] Motion for Rule 11 Sanctions (ECF No. 87)

counsel did provide the Motion for Rule 11 sanction at least 21 days before they filed it with the court."[7]

The purpose of Rule 11's safe harbor provision is to allow parties the opportunity to withdraw or correct their violative filings.[8] Defendants cannot plausibly claim they were deprived of that opportunity. Plaintiff gave them 28 days—a full week more than the Rule requires—yet Defendants still never withdraw or corrected their filing.

Defendants' further suggestion—that Plaintiff was prohibited from filing a Rule 11 motion merely because briefing was complete—is even more untenable.[9] Rule 11 contains no such prohibition, nor could it, as that would render the Rule meaningless. "Rule 11 by its own terms does not prohibit filing for sanctions after final judgment. And it never has."[10] It is therefore objectively false for Defendants to argue that it "violates [Rule 11's] safe harbor," or that it otherwise deprives the opposing party of "the opportunity to remedy the challenged conduct" to file a Rule 11 motion after briefing is complete or after dismissal of the case.[11] Defendants also misstated the Tenth Circuit's holding in *Roth v. Green*, 466 F.3d 1179, 1192–93 (10th Cir. 2006). *Roth* held that a Rule 11 motion must be served in compliance with the 21-day safe harbor; it did not hold that a motion is barred after briefing. Defendants' reading of *Roth* is contrary to the rule's text and their own cited authority.

By any measure, Defendants had a full and fair opportunity to withdraw or correct their violative filings. Nothing Plaintiff did stood in their way. To the contrary, Plaintiff afforded them an additional seven days beyond the twenty-one days required by Rule 11. It was Defendants who affirmatively decided to keep their improper filing in place with full knowledge of the Rule,

---

[7] Opp'n at 3
[8] Fed. R. Civ. P. 11(c)(2)
[9] Opp'n at 4–5
[10] *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1346 (11th Cir. 2022)(*citing* Fed. R. Civ. P. 11 (1983) (introducing Rule 11 motions) (amended 2007)
[11] Opp'n to Motion for Sanctions at 3

this Court's prior ruling, the authority Plaintiff cited that disproved their legal arguments, and the potential consequences at issue. By electing to leave their filing in place without withdrawing or correcting the violative contentions, Defendants and their counsel subjected themselves to the sanctions they now seek to avoid.

It is also worth noting that even now Defendants did not seek leave to withdraw or correct their violative filing. Instead, they are standing firm on their false contentions and blaming Plaintiff as though she were responsible for their decision to assert—and continue to maintain—unfounded legal arguments and inaccurate factual positions. It is precisely this kind of baseless maneuvering that Rule 11 and § 1927 are designed to prevent and underscores why sanctions are necessary here. Section 1927 does not even have any safe harbor period. It is therefore impossible for Plaintiff to have deprived Defendants of an opportunity to withdraw the violative filing as this statute has no such allowance.[12] Defendants' counsel's persistence in advocating the legal positions Plaintiff established were unfounded and the factual allegations that are false, amounts to "unreasonable and vexatious multiplication of the proceedings" that warrant sanctions under 28 U.S.C. § 1927.[13]

**Misrepresentations of Material Facts**

Plaintiff addressed numerous material facts that Defendants misrepresented in opposing summary judgment.[14] For example, they cannot claim in good faith that the "Constable Defendants are sworn constables in the State of Utah." Constable Kolkman LLC is not, has never been, and can never be, a sworn constable.[15] Claiming otherwise, and now standing firm on that claim, objectively violates Rule 11. Asserting that Utah law somehow exempts constables from being deemed debt collectors under the FDCPA is equally egregious. Not only is that statement

---

[12] 28 U.S.C. § 1927
[13] *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)
[14] *See* Motion for Sanctions
[15] Exhibit P-11 Certificate of Organization; Exhibit P-10 Annual Report

objectively false, if any state law even attempted to exempt someone from the federal FDCPA requirements, it would be preempted by the FDCPA.[16] Defendants' false claim to have canceled a sale that was never actually scheduled to occur is also an incorrect statement of fact. No sale was ever scheduled. It was therefore not possible for that non-existent sale to be "canceled." These statements therefore violate three sections of Rule 11. They are legal contentions not warranted by existing law, a factual contentions with no evidentiary support, and a denials of factual contentions that are not warranted on the evidence.[17]

Plaintiff established several other similar misrepresentations of material facts that Defendants never opposed and never attempted to correct. And then, in opposing a motion for sanctions, they still did not provide any justification for asserting these false material facts. Standing by those false assertions now without even attempting to address the truth or evidentiary support for those assertions again demonstrates why sanctions are necessary to deter future similar conduct.

**Bona Fide Error Defense**

Without changing a single word, Defendants' counsel cut and pasted a legal argument into their opposition to Plaintiff's Motion for Summary Judgment that this Court and numerous other courts have previously rejected.[18] The reason courts have rejected that argument is because it is legally unsound. Mistaken interpretations of the requirements of the FDCPA do not qualify for the bona fide error defense.[19] "[A] misunderstanding about what the Act requires cannot render the violation 'not intentional,' given the general rule that mistake or ignorance of law is no defense."[20] Under prevailing authority, "the bona fide error defense in § 1692k(c) does not

---

[16] 15 U.S.C. § 1692n
[17] Fed. R. Civ. P. 11(b)(2), (3), and (4)
[18] *Compare* Opposition to Motion for Summary Judgment 17-19 (ECF No. 45) *to* Opposition to Motion for Summary Judgment 34-36 (ECF No. 80)
[19] *Jerman v. Carlisle et al.,* 130 S.Ct. 1605, 1611, 176 L. Ed. 2d 519 (2010)
[20] *Id.*

apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute."[21]

Even when confronted by that authority, Defendants not only refused to withdraw their recycled argument, but have now conceded that they knowingly reasserted it despite this Court's prior rejection of that argument.[22] And rather than identifying a good faith reason for re-arguing that previously settled matter, they argued that this Court is somehow not bound by the law of the case doctrine.[23] The doctrine, however, is not a mere "rule of practice" that this Court can disregard. Under the doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[24] If it were otherwise, there would be little to no certainty or credibility in the litigation process.

Defendants' decision to reassert an argument this Court already foreclosed has not been harmless. By recycling an argument this Court already rejected, Defendants forced both Plaintiff and this Court to waste time and resources revisiting a dead issue. That is the very definition of needlessly multiplying the proceedings "unreasonably and vexatiously" under § 1927. Plaintiff should not have been required to expend additional time and resources briefing an issue that should never have resurfaced and this Court should not have revisit that same ground it already covered. That needless repetition delays resolution of the case, multiplies proceedings, and imposes costs on both the opposing party and the judiciary. And Defendants had multiple opportunities to avoid those issues. Rather than doing so, they doubled-down and stood by their unsound legal position without identifying any reasons why it believes that position has merit.[25] This is precisely the type of waste and prejudice Rule 11 and § 1927 are designed to prevent.

---

[21] *Id.*
[22] Memo in Opp'n to Motion for Rule 11 Sanctions at 5-6
[23] *Id.*
[24] *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (internal quotation marks omitted)
[25] Memorandum in Opposition to Motion for Rule 11 Sanctions at 5-6

**Deterrence under Rule 11 and 28 U.S.C. § 1927**

Rule 11 and § 1927 are not optional guidelines. They exist to protect the integrity of the judicial process. Defendants were warned, given more than the required safe harbor, and chose obstinacy over correction. Instead of correcting their filing, they reargued settled issues, denied facts established by the record, and unnecessarily multiplied these proceedings, all at significant cost to Plaintiff and this Court. Such conduct goes beyond zealous advocacy and falls squarely within the sanctionable behavior these provisions were designed to address. Sanctions are therefore warranted to deter repetition and to safeguard the orderly administration of justice.

CONCLUSION

With all due respect, Defendants appear to be mocking Rule 11, 28 U.S.C. § 1927, and this Court's previous rulings. Even when pressed with potential sanctions, they could not provide any good faith basis for cutting and pasting the same legal argument that a mistaken interpretation of the FDCPA can constitute a bona fide error under the FDCPA into their opposition memorandum. That is because courts across the country have uniformly rejected that argument. Even according to their own defense, Defendants have no plausible claim that their position rests on a good-faith basis in law or fact. To persist in advocating it when they cannot provide that require good faith basis justifies the sanctions requested.

Defendants also did not provide any justification for asserting factual contentions and denying other factual contentions that were not supported by the true facts and evidence. In opposing sanctions, Defendants also doubled-down by asserting multiple arguments without any supporting authority and in contradiction to the actual authority that governs these matters.

Since even Defendants cannot provide any rational justification for their conduct, failed to support their factual claims and denials, and misstated legal authority to support its opposition to the imposition of sanctions, it is appropriate to sanction both Defendants and their attorneys for violating Rule 11 and their attorneys for violating 28 U.S.C. § 1927. Plaintiff should also be

awarded her attorney's fees and expenses incurred in having to address these violations. Anything short of meaningful sanctions will not deter similar future violations.

DATED 9/16/2025          Eric Stephenson
                         *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that on 9/16/2025 I served the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS to all counsel of record through this Court's electronic filing system.

                                          /s/ Eric Stephenson
                                          *Attorney for Plaintiff*