**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **ELIZABETH HERNANDEZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ROB KOLKMAN, CONSTABLE KOLKMAN LLC, and JOHN DOES 1-5,**<br><br>**Defendants.** | **SETTLEMENT CONFERENCE ORDER**<br><br>**Case No. 2:23-cv-00772-AMA-DAO**<br><br>**District Judge Ann Marie McIff Allen**<br><br>**Magistrate Judge Daphne A. Oberg**<br><br>**Magistrate Judge Jared C. Bennett (Settlement)** |

District Judge Ann Marie McIff Allen referred this case to Magistrate Judge Jared C. Bennett to conduct a settlement conference.[1] A pre-conference meeting with the parties' counsel is hereby scheduled for **November 5, 2026, at 2:00 p.m.** via Zoom. Zoom instructions will be sent to all counsel prior to the pre-conference meeting. The settlement conference is hereby scheduled for **November 16, 2026, at 10:00 a.m.** at the Orrin G. Hatch United States Courthouse, 351 South West Temple, Salt Lake City, Utah 84101. Plaintiff is assigned to **Room 6.404**, and Defendants are assigned to **Room 9.321**.

The court HEREBY ORDERS the parties to comply with the requirements for the settlement conference set forth below.

[1] ECF No. 111.

# I. Confidential Settlement Conference Statement

## A. Content

On or before **October 30, 2026**, each party must separately deliver to Judge Bennett a Confidential Settlement Conference Statement, which must concisely summarize the party's:

1. evidence the party expects to present at trial;
2. forthright evaluation of the likelihood of prevailing on the claims and/or defenses;
3. position on settlement, including present demands and offers, history of past settlement discussions, and settlement limitations (e.g., plaintiff's settlement minimum and defendant's settlement maximum);
4. estimate of the cost and time to be expended for further discovery, pretrial, and trial; and
5. certification that counsel engaged in a candid discussion with the party about the risks of trial and the risk of negative outcomes at trial.

## B. Delivery

The Confidential Settlement Conference Statement must be delivered directly to Judge Bennett at either utdecf_bennett@utd.uscourts.gov or Orrin G. Hatch United States Courthouse, 351 South West Temple, Room 10.440, Salt Lake City, Utah 84101. The Confidential Settlement Conference Statement shall be neither filed in the case nor served upon the other parties or counsel.

## II. Pre-Conference Meetings

The settlement judge may hold pre-conference meetings with counsel either jointly or ex parte to determine whether conducting a settlement conference is warranted or to seek resolution of any issues that may facilitate a productive settlement conference.

## III. Attendance at the Settlement Conference

### A. Named Parties and Counsel

Each named party must attend for the entire settlement conference. Party attendance must be in person unless the settlement judge approves attendance through electronic means. If any party is not a natural person, a representative of that party, who has settlement authority and knowledge of the relevant facts, must attend the settlement conference. For represented parties, counsel must also attend the settlement conference.

### B. Governmental Entities

If a governmental entity is participating in the settlement conference and lacks authority to fully and finally settle a matter because settlement approval must be obtained through a governing board or after further review by higher-level officials, a governing board representative's or higher-level official's attendance is not required. However, if a settlement-in-principle is reached during the settlement conference, government counsel agrees to strongly recommend that the governing board or higher-level official approve the settlement-in-principle.

### C. Insurers or Subrogors

Insurers or subrogors of any party must attend the settlement conference. Counsel is responsible for notifying the insurer or subrogor of the settlement conference.

## IV. Authority of the Settlement Judge

### A. Cancel or Continue the Settlement Conference

After considering the Confidential Settlement Conference Statements or conducting any pre-conference meeting, the settlement judge may:

1. cancel the settlement conference after determining that settlement is not feasible at the time due to broadly divergent positions; and
2. request that the assigned judge rescind the referral for a settlement conference; or
3. continue the settlement conference or determine to hold multiple sessions over several days.

### B. Excuse Attendance

The settlement judge may excuse an attorney, party, or party representative from attending the settlement conference.

### C. Restriction on Communicating with Assigned Judge

The settlement judge may not communicate to the assigned judge the confidences of the settlement conference. However, the settlement judge may communicate misconduct to the assigned judge so that the assigned judge may determine whether sanctions are appropriate to address the misconduct.

## V. Conclusion of the Settlement Conference

At the conclusion of the settlement conference, the settlement judge will notify the assigned judge whether the case settled. If the case settled, the settlement judge will designate an attorney to prepare and file the appropriate dismissal or closing papers.

**VI. Confidentiality**

The settlement judge, attorneys, parties, and any other persons attending the settlement conference must treat as confidential all written and oral communications made in connection with or during the settlement conference. A party may not use in any aspect of litigation the Confidential Settlement Conference Statements or communications relating to or occurring at a court-ordered settlement conference, unless otherwise permitted under Fed. R. Evid. 408.

**VII. Requests for Relief**

A request for relief from this Settlement Conference Order must be directed to the settlement judge.

**VIII. Sanctions**

Upon motion or sua sponte, the assigned judge may sanction a party who acts in bad faith or impairs the settlement conference process. Failure to appear for or to participate in good faith in a court-ordered settlement conference may result in sanctions.

IT IS SO ORDERED.

DATED this 20th day of August 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge