**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC, et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**<br><br>Case No. 2:23-cv-00772<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

## BACKGROUND

Plaintiff Elizabeth Hernandez brings this matter pursuant to the Fair Debt Collection Practices Act ("FDCPA") and 42 U.S.C. § 1983, asserting Defendants Rob Kolkman and Constable Kolkman LLC ("the LLC") violated the FDCPA and Ms. Hernandez's civil rights while attempting to collect money from her for a debt that she did not owe.[1] Ms. Hernandez also alleges state causes of action for fraud and violations of the Utah Consumer Sales Practices Act.[2] The matter is presently before the Court on Ms. Hernandez's Motion for Rule 11 Sanctions ("Motion").[3] The Court also issued its own order pursuant to Rule 11(c)(3), instructing Mr. Kolkman and the LLC (collectively "Defendants"[4]) to show cause why they should not be sanctioned for the conduct described in the Motion.[5] The Court held a hearing on July 16, 2026.

---

[1] *See* Compl. at 4, 13–16, 21–23, ECF No. 2.
[2] *Id.* at 16–21.
[3] ECF No. 87.
[4] While other defendants remain in this case, they are not relevant for purposes of this Motion.
[5] *See* ECF No. 109.

At the hearing, Eric Stephenson appeared on behalf of Plaintiff. J. Tyler Martin appeared on behalf of Defendants and Defendants' counsel. For the reasons set forth below, the Court will grant the Motion and impose sanctions.

## DISCUSSION

Counsel, will be sanctioned for: (1) denying facts established by documents Defendants created; (2) reasserting a defense precluded by Supreme Court precedent after the Court pointed out the legal deficiency in that defense; (3) failing to comport with the Court's order requiring Defendants to treat Mr. Kolkman and the LLC as legally distinct entities.

### I. Defendants claimed certain facts were disputed even though Defendants' own documents proved those facts

As Plaintiff correctly points out, Defendants claimed certain facts were disputed in a manner that is entirely unjustified given that Defendants own documents establish those facts and Defendants offer no contrary evidence. Rule 11 provides that any attorney or party presenting any pleading, motion, or other paper, to the Court certifies "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). Defendants violated this provision in their Opposition to Summary Judgment[6] ("Opposition"). By way of specific example, Plaintiff stated the following fact as undisputed:

> 24. The August 16, 2023 letter stated the balance due on the judgment was $6,148.81 and the costs of the Writ of Execution were $259.23 for a total balance due of $6,408.04.[7]

[6] ECF No. 80.
[7] ECF No. 72 at 5.

Defendants claimed this fact was disputed, and affirmatively stated, "[t]he purported evidence cited by Plaintiff does not support this PSOF No. 24."[8] Defendants' statement violates Rule 11 because the exhibit[9] cited by Plaintiff contains the following language:

> The balance due on the Judgment is $6148.81 , PLUS THE COSTS OF THE WRIT OF EXECUTION OF $259.23 , for a total balance due of $6408.04 Please contact this office within 10 days of the date of this letter to make payment arrangements.

The amounts contained in Plaintiff's statement of fact match the amounts stated in Defendants' document perfectly and the words Plaintiff used either quote directly or accurately paraphrase this exhibit (an exhibit Defendants authored). Further, in response to the Rule 11 Motion, Defendants offered no explanation for their incorrect statement. Rather, Defendants failed to even mention this statement of fact, at all. Even during the hearing on the Rule 11 Motion, counsel for Defendants failed to explain how this error occurred or what steps might be taken to prevent such errors from happening in the future. Instead, counsel referred generally to providing a "zealous defense."[10] This provides no justification for Defendants' denial. Rule 11 limits what can be justified when presenting even the most zealous defense.

Defendants similarly indicate the following statement of fact is disputed: "The August 21, 2023 letter stated that the total amount due was $6,408.04."[11] Again, Defendants state: "The purported evidence cited by Plaintiff does not support this" statement of fact. Yet, the August 21 letter (again, authored by Defendants) indicates the total due is "$6408.04,"[12] just as the August 16 letter did. Again, Defendants offer no explanation for their incorrect statement and failed to

---

[8] ECF No. 80 at 10.
[9] ECF No. 72, Ex. P-6.
[10] *See* Hr'g Mot. Sanctions at 32:16.
[11] ECF No. 80 at 13.
[12] ECF No. 72, Ex. P-7.

even mention this factual statement in their response to the Rule 11 Motion.[13] This conduct violates Rule 11 because the denials of Plaintiff's factual contentions are not "warranted on the evidence" that Defendants themselves provided.

## II. Defendants' assertion of the bona fide error defense was not only unwarranted by existing law, but the Court previously pointed out the Supreme Court case that precludes their argument

Plaintiff contends that Defendants' argument (that the bona fide error defense shields Defendants from FDCPA liability) is not "warranted by existing law" because the Court's prior order expressly rejected Defendants' argument and pointed out that Defendants were relying on authority that had been overruled by the Supreme Court.[14] Plaintiff is correct. Rule 11 provides that any attorney or party presenting any pleading, motion, or other paper, to the Court certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Court's prior order stated:

> Defendants assert [the bona-fide-error defense] applies to "mistakes of law [as] has been affirmed in the Utah District."[] As Ms. Hernandez correctly points out, the cases on which Defendants rely have been overruled to the extent they suggest a mistake of law as to FDCPA requirements can ever constitute a bona fide error. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604–05 (2010) ("We therefore hold that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute.").[15]

---

[13] Defendants repeat this same pattern when addressing Plaintiff's assertions of the amount of fees set forth in the same August 21, 2023 letter (claiming dispute, asserting the exhibit does not support the statement, and offering no explanation for denying that their own letter contains the information Plaintiff sets forth). *See* ECF No. 80 at 14 ¶36; ECF No. 72, Ex. P-7.

[14] Mot. at 4.

[15] ECF No. 67 at 9 (quoting ECF No. 46 at 9).

Notwithstanding the Court's Order, Defendants repeated their rejected argument, word for word, in their Opposition.[16] Defendants' Opposition offers no reason for the Court to reconsider its earlier ruling, nor did they acknowledge that ruling in any way in their Opposition to Summary Judgment. Likewise, Defendants' response to Plaintiff's Rule 11 Motion offered no explanation for Defendants' conduct, nor did Defendants acknowledge this issue in that filing. Instead, Defendants argued that the "law of the case doctrine" is not an inexorable command.[17] This statement might be true in the abstract. Certainly, the Court remains free to revisit its interlocutory decisions prior to judgment. Nonetheless, Defendants did not ask the Court to revisit its ruling. Rather, Defendants simply repeated arguments foreclosed by Supreme Court precedent–verbatim–after the Court warned them that the argument was based on overruled precedent. This conduct violates Rule 11 because Defendants' counsel's[18] legal contention was not "warranted by existing law."

## III. Defendants' statement of facts treats Mr. Kolkman and his LLC identically, despite Defendants' awareness of the Court's prior order pointing out their separate legal status

Plaintiff contends Defendants engaged in sanctionable conduct by asserting Constable Kolkman, LLC, is a sworn constable when there is no evidence the LLC is a constable, and the Court previously ruled to the contrary. Again, Plaintiff is correct. While Plaintiff's Motion focuses primarily on Rule 11, Plaintiff also cites 28 U.S.C. § 1927, which allows the Court to

---

[16] *Compare* ECF No. 80 at 35–36 *with* ECF No. 46 at 8–10.
[17] ECF No. 97 at 6.
[18] The Court is cognizant that Rule 11 prohibits using violations of subsection 11(b)(2) as a basis for monetary sanctions against a represented party. Fed. R. Civ. P. 11(b)(5)(A).

require counsel to satisfy attorney fees incurred as a result of counsel unreasonably and vexatiously multiplying proceedings. That provision provides in full:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 "allows a court to require an attorney to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of vexatiously multiplicative conduct." *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1205 (10th Cir. 2008) (cleaned up). This does not require a showing of subjective bad faith. Rather, "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, warrants the imposition of excess costs, expenses, or attorney's fees personally against the attorney responsible for unreasonably multiplying the proceedings." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (quotation omitted). It is no excuse to claim that one acted "with . . . a pure heart." *Id.* Here, Defendants' counsel violated § 1927 by repeating the argument the Court previously rejected.

Specifically, the Court's earlier order indicated there was "no evidence in the record that provides a basis for Defendants' assertion that Mr. Kolkman's status as a constable can be extended to the LLC for purposes of the FDCPA exclusion the LLC invokes."[19] Although the Court left the door open for the LLC to offer legal or factual justification for asserting Mr. Kolkman's status could somehow be extended to the LLC, Defendants provided no such authority or evidence. Instead, they resubmitted Mr. Kolkman's oath of office and Utah Police

[19] ECF No. 67 at 10.

Officer Standards and Training certifications.[20] Defendants also submitted a new declaration from Mr. Kolkman but that document does not address the LLC's status as a constable.[21] Defendants offer no legal basis for the Court to reconsider its earlier ruling regarding the LLC, nor do they acknowledge that ruling in any way in their Opposition.

Defendants' Rule 11 briefing exacerbates the problem by avoiding the issue entirely. Defendants' response to Plaintiff's Rule 11 Motion offers no explanation for Defendants' conduct, nor do Defendants acknowledge their conflation of Mr. Kolkman and the LLC. Although Defendants might have reasonably conflated Mr. Kolkman and the LLC in their initial round of briefing, this otherwise modest error becomes much more serious because the Court had expressly brought the issue to Defendants' attention.

Finally, during the hearing on this Rule 11 Motion, counsel for Defendants admitted the argument had been repeated despite the Court's order warning them not to do so.[22] Defendants also admit they recognized this problem during the safe-harbor period, before Plaintiff filed the Rule 11 Motion with the Court, but Defendants did not alert the Court to the problem they recognized nor take any other action to rectify the problem.[23] Thus, to date, Defendants have offered no explanation for how this error recurred or why sanctions should not be imposed for the statement that Defendants recognized was problematic. This conduct provides an adequate basis for sanctions under § 1927 because it unreasonably multiplied the proceedings.

---

[20] *See* ECF No. 80, Ex. B.
[21] *See* ECF No. 80, Ex. A.
[22] Hr'g Mot. Sanctions at 27:14–28:1.
[23] *Id.* at 28:1–15.

## IV. Appropriate Sanction

Having found that Defendants and their counsel violated Rule 11 and § 1927, the question becomes one of determining an appropriate sanction. Sanctions under § 1927 are straightforward. The Court may impose "costs, expenses, or attorney's fees personally against the attorney responsible for unreasonably multiplying the proceedings." *Miera*, 143 F.3d at 1342. Sanctions under Rule 11, while mandatory,[24] take many forms. "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Id.* The Court has considerable discretion to impose a sanction, which should be the "the least severe sanction adequate to deter and punish the plaintiff" and ensure the sanction serves Rule 11's primary purpose: "deterring future violations." *Id.* Here, the Court finds several factors suggest a significant sanction is necessary.

First, the problems identified above should have been apparent to Defendants at the time they filed their Opposition. Defendants denied facts that were set forth in their own documents. Defendants also made arguments that were not only contrary to the law and facts generally, but made those arguments in the same manner this Court had previously pointed out to Defendants as problematic. This sort of repetition is precisely the conduct Rule 11 is designed to eliminate.

Second, Defendants failed to rectify any of the problems identified above, even after those problems were brought to Defendants' attention. Defendants had ample opportunities to correct their briefing, but they never availed themselves of any of those opportunities.

---

[24] If the Court finds a party has violated Rule 11(b), "it must impose some form of sanction." *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1136 (10th Cir. 1991).

Defendants' first opportunity came when Plaintiff sent them a draft motion during the safe-harbor period. Defendants take issue with Plaintiff's refusal to stipulate to allow them to file a substitute brief during this period. While the Court always prefers for counsel to make reasonable stipulations (including allowing the filing of a corrected brief when potential Rule 11 violations are identified), this does not excuse Defendants' failure to notify the Court of the errors in their brief. Nothing prevented Defendants from seeking leave of Court to file a substitute brief. At the very least, Defendants should have filed an errata admitting the problems and asking the Court to disregard the problematic portions of the brief.

Defendants had a second opportunity when Plaintiff filed the Motion. In evaluating what is necessary to deter future misconduct, Defendant's Rule 11 Opposition[25] to the Motion might be the single item that creates most concern in the Court's mind because, when faced with the motion seeking sanctions, Defendant submitted a wholly inadequate response. First, the caption is incorrect, referring to a plaintiff named "Julie Berry," using the wrong case number, indicating the wrong assigned judge, and claiming the filing contains a "counter motion for attorney's fees" when no such motion is contained in the body of the document. In the Rule 11 Opposition, Defendants expend three pages discussing Plaintiff's refusal to stipulate to allow them to amend their problematic filing during the safe-harbor period.[26] Then Defendants devote a total of approximately one single page to addressing the merits of the Rule 11 Motion. Defendants'

---

[25] ECF No. 97.

[26] This argument suffers from a failure to cite legal propositions. For example, Defendants assert that "[c]ourts in the Tenth Circuit and nationally have ruled that Rule 11 motions filed after briefing completion or after dismissal violate the safe harbor provision . . . ." *Id.* at 3. Defendants cite no authority for this proposition. Another portion of the argument contains an incomplete sentence asserting, "[t]he safe[-]harbor provision is intended to avoid" without punctuation and without any description of what is being avoided. *Id.* at 4.

discussion of the merits includes two large block quotes reciting the Advisory Committee Notes to Rule 11. Unsurprisingly, Defendants do not meaningfully address any of the serious issues above in the remaining portion of their one-page argument.

Defendants had a third opportunity to address the problems in their briefing when the Court issued its Order to Show Cause, which set a hearing date for the Motion and informed Defendants that "[n]otwithstanding the parties' disagreements about the proper function of the safe harbor found in Rule 11(c)(2), the Court intends to address the merits of the issues raised in Plaintiff's Motion."[27] Defendants did not file anything with the Court. When the date for the show-cause hearing arrived, only one of the three attorneys on the signature block of the Opposition attended the hearing. Messrs. Mark A. Nickel and Ryan Anderson did not attend. This is particularly surprising for Mr. Anderson, who prepared and signed the challenged brief. Mr. Martin, who argued on behalf of all defense counsel,[28] focused his argument during the hearing on more minor problems with the brief. It was only when confronted by the Court that he discussed the three serious issues described above. Even then, counsel offered little explanation[29] for how the violations occurred or what was being done to prevent them from happening again.

---

[27] ECF No. 109.

[28] Hr'g Mot. Sanctions at 4:13–19, 24:17–25:4.

[29] Counsel referred to a significant personal circumstance that the Court does not seek to diminish. *See* Hr'g Mot. Sanctions at 29:2–14. Yet even understanding, on a human level, the significant challenge Mr. Martin faced in his personal life at the time the Opposition was filed, attorneys remain bound by their duties as advocates. Moreover, even if those circumstances could somehow justify Mr. Martin's actions at the time the Opposition was filed, they do not explain why the other two attorneys on the case, particularly the attorney who signed the brief, were not able to file a brief that complied with counsel's duties under Rule 11. Nor do these circumstances explain counsel's decision to avoid the serious issues in the brief until confronted by the Court during the hearing.

Finally, the Court notes that Messrs. Martin and Nickel have already been referred to the attorney misconduct committee in the United States District Court for the District of Utah in a separate but related case in front of Judge Stewart.[30] In that case, counsel represented these very same Defendants. Judge Stewart determined that Messrs. Martin and Nickel had misrepresented the law (namely the case *Sexton v. Poulsen & Skousen, P.C.*, 372 F. Supp. 3d 1307 (D. Utah 2019)), made frivolous arguments about recent legislation, and engaged in bad faith by filing the offending motion one day before trial when the events discussed in the motion had occurred months earlier. In his order, Judge Stewart noted that Defendants' counsel (Mr. Nickel in that matter) exhibited a "lack of acknowledgment or [and offered no] decent explanation at the show cause hearing."[31] The conduct at issue in that case occurred after the conduct at issue here. This raises serious concerns that Defendants are not correcting their behavior. Additionally, like Judge Stewart, the undersigned is troubled by counsel's lack of acknowledgment and failure to offer any decent explanation at the show-cause hearing for the misconduct at issue here.

**a. Nonmonetary sanction**

Based on the foregoing, the Court will impose nonmonetary sanctions in the form of an additional referral of Messrs. Nickel and Martin to the attorney misconduct committee in the United States District Court for the District of Utah. At the very least, that body should be made aware of this additional related conduct. Further, the Court will refer Mr. Anderson to the attorney misconduct committee because he drafted, signed, and filed the Opposition.

[30] Order Imposing Sanctions, *Young v. Erickson, et al.*, Civ. No. 2:23-cv-420 (D. Utah, May 22, 2026)

[31] *Id.* at 6.

**b. Monetary sanction**

Additionally, the Court will impose a monetary sanction against Messrs. Nickel, Martin, and Anderson, as well as their firm. Yet as to the § 1927 violation identified above, the Court declines to award attorney fees. Although the violation should have been obvious to counsel, the error – treating the LLC and Mr. Kolkman as interchangeable entities despite a prior Court order forbidding such treatment – did little to multiply the proceedings.[32] This error required no more effort from Plaintiff than simply noting it and indicating the LLC was not entitled to take any advantage of Mr. Kolkman's status as constable, which the Court had already indicated in its prior order. Accordingly, the Court declines to award fees under § 1927 and turns to Rule 11.

When imposing a monetary sanction under Rule 11, the Court must consider:

> (1) reasonableness of fees, if sanctions based on opposing party's attorney fees and costs, (2) minimum needed to deter the offensive behavior, (3) the ability to pay, and (4) other factors such as "offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, [and] the risk of chilling the type of litigation involved."

*Eisenberg*, 936 F.2d at 1136. "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). Here, the Court finds that Messrs. Nickel, Martin, and Anderson, and their firm, should be sanctioned in the form of a penalty paid to the Court in the amount of $15,000 as the minimum necessary to deter this behavior. Counsel is experienced. Three attorneys were assigned to the case. The firm's website indicates the firm has approximately twenty attorneys in

[32] Moreover, although counsel for Plaintiff did not violate the letter of Rule 11's safe harbor provision, counsel was, at least, uncooperative with any effort to ameliorate the multiplication of proceedings here.

Salt Lake, as well as other attorneys in locations elsewhere in the United States, who presumably could have provided additional help if counsel needed it. The Court also finds the amount justified based on the overall lack of effort even after the behavior was brought to counsel's attention. Nonetheless, the Court will hold this penalty in abeyance. So long as counsel commits no further Rule 11 violations in this case, the $15,000 need not be paid. If counsel commits any future Rule 11 violations, counsel, jointly with their firm, must pay the $15,000 in addition to any sanction imposed for the future violation. The Court finds this adequately balances the interest of deterrence and moderation set forth in Rule 11.

**ORDER**

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Rule 11 Sanctions (ECF No. 87).

DATED this 22nd day of September 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge